UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____

PETER A. CRAWFORD,

       Plaintiff,

v.

WOLVERINE, PROCTOR & SCHWARTZ, INC.;
STEVEN F. CHILINSKI, and
DEEPAK S. KULKARNI,

       Defendants.
_____

Civil Action No.
05-cv-10078 (DPW)

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant Wolverine, Proctor & Schwartz, Inc. ("Wolverine"), by and through its attorneys, Morgan, Brown & Joy, LLP, hereby answers the Complaint as follows:

### JURISDICTION

1. Admitted.

2. Admitted.

3. Denied.

4. Denied.

5. The Complaint speaks for itself.

6. Paragraph 6 contains a legal conclusion to which no responsive answer is required.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. Defendant repeats and realleges its answers to paragraphs 1-6 herein.

8. Admitted.

-2-

9. Admitted.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Admitted. Answering further, plaintiff had no entitlement to a Bonus for his 2001 employment with Wolverine.

19. Denied.

20. Admitted.

21. Wolverine denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21, and therefore denies the same.

22. Denied.

23. Wolverine denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23, and therefore denies the same.

**AS AND FOR A FIRST CAUSE OF ACTION**

24. Defendant repeats and realleges its answers to paragraphs 1 through 23 herein.

25. Paragraph 25 contains a legal conclusion to which no responsive answer is required.

-3-

26. Admitted, except to the extent that defendant specifically denies that plaintiff is due any bonus for his 2001 employment with defendant.

27. With respect to allegations in paragraph 27 relating to a December 2, 2004 letter, the letter speaks for itself. Denied as to the remaining allegations contained in paragraph 27.

28. The letter to which plaintiff refers in paragraph 28 speaks for itself.

29. Denied.

30. Denied.

### AS AND FOR A SECOND CAUSE OF ACTION

31. Pending motion to dismiss.

32. Pending motion to dismiss.

33. Pending motion to dismiss.

34. Pending motion to dismiss.

35. Pending motion to dismiss.

36. Pending motion to dismiss.

### AS AND FOR A THIRD CAUSE OF ACTION

37. Defendant repeats and realleges its answers to paragraphs 1 through 36 herein.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

### AS AND FOR A FOURTH CAUSE OF ACTION

43. Pending motion to dismiss.

44. Pending motion to dismiss.

45. Pending motion to dismiss.

## AS AND FOR A FIFTH CAUSE OF ACTION

46. Pending motion to dismiss.

47. Pending motion to dismiss.

48. Pending motion to dismiss.

49. Pending motion to dismiss.

50. Pending motion to dismiss.

51. Pending motion to dismiss.

52. Pending motion to dismiss.

53. Pending motion to dismiss.

## AS AND FOR A SIXTH CAUSE OF ACTION

54. Pending motion to dismiss.

55. Pending motion to dismiss.

56. Pending motion to dismiss.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part as a result of documentary evidence.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because he failed to mitigate his damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the equitable doctrines of unclean hands, estoppel, waiver, acquiescence and/or unjust enrichment.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred and/or estopped from seeking any relief based on the allegations of the Complaint by his own acts, omissions and course of conduct and/or the acts, omissions and course of conduct of other non-parties.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of frauds.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because he has sustained no actual damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Wolverine has complied with all applicable contractual conditions and plaintiff has failed to do so.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because he has failed to allege facts which would entitle him to multiple damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant specifically reserves the right to assert whatever further affirmative defenses as may become through the discovery process.

**AS AND FOR DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFF**

1. Wolverine is a corporation headquartered in Merrimac, Massachusetts. Wolverine is incorporated in the State of Delaware.

2. Upon information and belief, plaintiff Peter A. Crawford ("Crawford") is a citizen of the State of New Hampshire.

3. This Court has jurisdiction to hear Wolverine's counterclaims pursuant to 28 U.S.C. § 1367.

4. Crawford became employed by Wolverine as its Chief Operating Officer ("COO") on December 30, 1999. On January 4, 2000, Crawford and Deepak Kulkarni ("Kulkarni"), on behalf of Wolverine and in his capacity as the company's President and Chief Executive Officer, executed a written employment contract (the "Employment Contract"). Crawford's Employment Contract provided, *inter alia*, a formula by which Crawford was potentially eligible for an annual bonus (the "Bonus"). Through the Bonus formula contained in Crawford's Employment Contract, Crawford's entitlement to an annual Bonus was linked to Wolverine's annual financial performance as reflected in the company's annual auditors' report.

5. On December 28, 2001, Crawford entered into a Transition Agreement with Wolverine (the "Transition Agreement"). Under the Transition Agreement, Crawford was to be paid for his services at a rate identical to his prorated salary for the previous year. Kulkarni executed the Transition Agreement in his capacity as Wolverine's Chairman of the Board.

6.  Under Section 2 of Crawford's Transition Agreement, Crawford's future employment with Wolverine was limited to a maximum of three months – *i.e.* until March 31, 2002 at the latest.  The Transition Agreement also contained a provision whereby Crawford's future employment with Wolverine could be terminated prior to March 31, 2002, "for any reason or no reason" provided that Wolverine's CEO furnished Crawford with written notice of his termination.

7.  On January 14, 2002, sixteen days following the execution of the Transition Agreement by Crawford and Kulkarni, Crawford was informed that the Wolverine Board of Directors had elected to terminate his employment.

8.  On January 18, 2002, Crawford received formal written notice and confirmation of the board's action terminating his employment with Wolverine.

## COUNT I

### (Declaratory Judgment)

9.  Wolverine realleges and incorporates by reference herein its allegations in paragraphs 1 to 7 above.

10.  A dispute has arisen between the parties to Crawford's Employment Contract concerning Crawford's entitlement to Bonus compensation as a result of his 2001 employment with Wolverine.

11.  Wolverine is entitled to a decree from this Court declaring that it is not in breach of the Employment Contract and Crawford is not entitled to Bonus compensation as a result of his 2001 employment with Wolverine.

12.  Declaratory relief is necessary and appropriate so that Wolverine may determine its rights under the Employment Contract.

## COUNT II

### (Declaratory Judgment)

13. Wolverine realleges and incorporates by reference herein its allegations in paragraphs 1 to 12 above.

14. A dispute has arisen between the parties to Crawford's Transition Agreement concerning Crawford's entitlement to certain unpaid wages Crawford claims are due under the Transition Agreement for the months of February and March 2002.

15. Wolverine is entitled to a decree from this Court declaring that it is not in breach of the Transition Agreement and Wolverine owes Crawford no unpaid wages for the period of February and March 2002.

16. Declaratory relief is necessary and appropriate so that Wolverine may determine its rights under the Transition Agreement.

**WHEREFORE**, defendant Wolverine respectfully prays for judgment dismissing the Complaint and awarding it costs and disbursements in this action.

Dated: April 8, 2005

        Respectfully submitted,

        WOLVERINE, PROCTOR & SCHWARTZ, INC.,
        STEVEN F. CHILINSKI, and
        DEEPAK S. KULKARNI

        By their attorneys,

        /s/ Mark M. Whitney
        Mark Whitney (BBO #637054)
        Jeffrey D. Kuhn
        MORGAN, BROWN & JOY, LLP
        200 State Street
        Boston, Massachusetts  02109
        (617) 523-6666

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on April 8, 2005, I filed the foregoing document with the Clerk of the Court by using the ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing to the pro se plaintiff, Peter A. Crawford, 23 Newcastle Drive, #11, Nashua, NH 03060, by U.S. mail, on April 8, 2005.

                                                                  /s/ Mark M. Whitney
                                                                  Mark M. Whitney, Esq.