FILED
IN CLERKS OFFICE
2005 APR 22 P 1:40
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
District of Massachusetts

Civil Action
No. 05-10078-DPW

PETER A. CRAWFORD, Plaintiff

v

WOLVERINE, PROCTOR & SCHWARTZ, INC.,
Steven F. Chilinski, Deepak S. Kulkarni,

Defendants

PLAINTIFF'S ANSWER TO DEFENDANT WOLVERINES'S COUNTERCLAIM

Plaintiff Peter A. Crawford hereby answers the Counterclaim included in the Answer, Affirmative Defenses and Counterclaim of Defendant Wolverine, filed on April 8, 2005, as follows:

Plaintiff states that none of the text, through and including the words "As and for Defendant's Counterclaims Against Plaintiff" requires a responsive pleading, and therefore denies any averments contained therein. With respect to the averments commencing thereafter, plaintiff responds as follows:

1. Admitted.

2. Admitted.

3. Plaintiff states that this averment constitutes a conclusion of law to which no responsive pleading is required, and therefore denies it.

4. Plaintiff states that the document speaks for itself and denies the allegations of this averment, except that he admits the first two sentences thereof.

5 Plaintiff states that the documents speak for themselves. Plaintiff admits the first sentence of this averment, but otherwise denies the allegations of this averment.

6 Plaintiff states that the documents speak for themselves and therefore denies this averment.

7. Admitted.

8. Plaintiff admits that he received a letter dated January 18, 2002 but otherwise denies the allegations of this averment.

9. Plaintiff incorporates by reference his responses to the allegations in paragraphs 1 to 7 (sic) above.

10. Plaintiff denies that any parties to this action ever validly disputed his entitlement to Bonus compensation. Plaintiff otherwise admits the allegations of this averment.

11. Plaintiff states that this averment constitutes a conclusion of law to which no responsive pleading is required, and therefore denies it.

12. Plaintiff states that this averment constitutes a conclusion of law to which no responsive pleading is required, and therefore denies it.

13. Plaintiff incorporates by reference his responses to the allegations in paragraphs 1 to 12 above.

14. Plaintiff denies that any parties to this action ever validly disputed his entitlement to unpaid wages under the Transition Agreement, but otherwise admits the allegations of this averment.

15. Plaintiff states that this averment constitutes a conclusion of law to which no responsive pleading is required, and therefore denies it.

16. Plaintiff states that this averment constitutes a conclusion of law to which no responsive pleading is required, and therefore denies it.

FIRST AFFIRMATIVE DEFENSE

Defendant's counterclaims are barred in whole or in part because the Counterclaims fail to state claims upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Defendant's counterclaims are barred in whole or in part because it is not entitled to equitable relief when the identical issues are the subject of claims for legal relief in this same action and the denial of such claims would have the same effect as the equitable relief which defendant seeks.

THIRD AFFIRMATIVE DEFENSE

Defendant's counterclaims are barred in whole or in part because plaintiff is entitled to damages on each and every cause of action in his Complaint.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff specifically reserves the right to assert whatever further affirmative defenses may come to light during the discovery process.

WHEREFORE, plaintiff respectfully prays for judgment dismissing defendant's Counterclaims and awarding him costs and disbursements in this action.

Respectfully submitted,

Peter A. Crawford, pro se
23 Newcastle Dr. #11
Nashua, NH 03060
(603)888-4574

Date: April 22, 2005

Affidavit of Service

FILED IN CLERKS OFFICE 2005 APR 22 U.S. DISTRICT COURT DISTRICT OF MASS.

I, Peter A. Crawford, plaintiff, hereby say and depose, under pains and penalties of perjury, that I this day served the Plaintiff's Opposition to Defendants' Motion for Partial Dismissal, Plaintiff's Answer to Defendant Wolverine's Counterclaim, and Plaintiff's Motion for Leave to File an Opposition Exceeding 20 pages, upon defendants' attorney, by causing copies thereof to be mailed, first class postage prepaid, to Mark Whitney, Morgan Brown & Joy, 200 State St., Boston, MA 02109.

Peter A. Crawford

Date: April 22, 2005