UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER A. CRAWFORD,<br><br>    Plaintiff,<br><br>v.<br><br>WOLVERINE, PROCTOR &<br>SCHWARTZ, INC., et al.,<br><br>    Defendants. | Civil Action No. 05-10078 (DPW)<br><br>Date:     June 14, 2005<br>Time:    2:30 p.m.<br>Location: Courtroom 1, 3rd Floor<br>Judge:   The Hon. Douglas P. Woodlock |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Pursuant to Local Rule 16.1 of the United States District Court for the District of Massachusetts and in compliance with the Court's Order of May 10, 2005, Peter A. Crawford (hereinafter "Crawford"), Wolverine, Proctor & Schwartz, Inc. ("Wolverine"), Steven F. Chilinski ("Chilinski") and Deepak S. Kulkarni ("Kulkarni") (collectively "the Defendants"), hereby submit their Joint Rule 16.1 Statement in the above-captioned action.

### I. Introduction

On January 12, 2005, Crawford filed his Complaint in this matter. Crawford's Complaint, which seeks $1,792,710 in damages, asserts seven causes of action sounding in breach of contract, violations of the Massachusetts Payment of Wages Act and tortious interference with a contractual relationship.

Crawford, the former Chief Operating Officer ("COO") of Wolverine, alleges that he is owed a bonus and certain unpaid wages arising out of his employment with Wolverine from December 1999 through January 2002.

On April 8, 2005, the Defendants filed a partial motion to dismiss Crawford's second, fourth, fifth, sixth and seventh causes of action with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Defendant Wolverine filed an Answer to Crawford's remaining claims on April 8, 2005 and two counterclaims for declaratory judgment. Defendants Kulkarni and Chilinski did not answer the remaining claims because those claims are alleged against Wolverine only.

On April 22, 2005, Crawford filed his opposition to Defendants' Rule 12(b)(6) motion and a Reply to the counterclaims present in Wolverine's Answer.

On May 6, 2005, defendants filed a Reply Memorandum of Law in response to arguments raised by Crawford in his opposition to Defendants' motion to dismiss.

On May 10, 2005, the Honorable United States District Court Judge Douglas P. Woodlock issued a Notice of Scheduling Conference, Order for Joint Statement and Certifications, and Order For Electronic Filing setting this case for a June 14, 2005 Scheduling Conference.

## II.    Joint Discovery Plan

A. <u>INITIAL DISCLOSURES</u>:

    1.    Both Parties will make initial disclosures on or before July 8, 2005.

B. <u>PROPOSED PHASE 1 – LIMITED EXPEDITED DISCOVERY INTO THE FORMATION OF THE EMPLOYMENT CONTRACT AND EARLY SUMMARY JUDGMEN</u> -- Defendants' Position:

Defendant Wolverine intends to make an early motion for summary judgment on Counts I and III of the Complaint. Wolverine therefore suggests that the most prudent, logical and economical way to schedule discovery in this matter is to conduct a two-phased process.

Counts I and III are both based on the validity and interpretation of the Employment Contract. Wolverine suggests that the Parties conduct limited discovery targeted solely at the formation of the Employment Contract. After completion of this limited discovery period, Wolverine then intends to make an early summary judgment motion seeking dismissal of Counts I and III.[1]

1.  Phase 1 written discovery to be concluded by August 8, 2005.

2.  Phase 1 depositions to be concluded by August 31, 2005. Deposition time limit of 2 hours per witness.

3.  Summary judgment motion on Counts I and III to be filed by September 23, 2005.

*Plaintiff's position*

*Following discussions with counsel for defendants, it appears that defendants do not dispute the formation of the written Employment Contract or its validity. Rather, the intent of the phased discovery appears to be oriented towards the discovery of parol evidence bearing on the interpretation, not the formation, of the contract. Plaintiff proposes that the depositions of the persons involved in the drafting or negotiation of the January 4, 2000 Employment Contract, with interrogatories and requests for production of documents relating to earlier drafts and discovery of the identify of persons involved in the drafting process be permitted early in the discovery process, which would permit any party, including the plaintiff, to file an early dispositive motion as to some or all of the Counts. However, plaintiff does not agree to suspension of discovery pending a ruling on early dispositive motions except by further order of the Court. Any persons deposed*

---

[1] Defendants have already filed a Motion for Partial Dismissal of all other counts in the Complaint. This motion, in combination with the forthcoming summary judgment motion, could eliminate the entire case.

*early in the discovery process, as provided above, may be deposed again later in the discovery process.*

    C.  PROPOSED PHASE 2 -- TRIAL PREPARATION:

In the event that Defendants' Motion for Dismissal and forthcoming Motion for Summary Judgment are denied in whole or in part, the Parties propose that the following schedule apply to Phase 2 of the pretrial proceedings in this matter:

    1.  Defendants propose that Phase 2 Trial Preparation commence immediately after entry of Court's ruling on both dispositive motions filed by Defendants (the "Entry Date"). If the Court issues orders separately, then the Entry Date shall be the date of the last order entered. Plaintiff disagrees with phased discovery.

    2.  Defendants propose that all fact discovery will be completed 120 days from the Entry Date. Plaintiff states that one year of total discovery should be permitted, plus the duration of any periods during which discovery is suspended pending rulings on dispositive motions.

    3.  Pursuant to Local Rule 26.1(c), the Parties agree to a limit of ten (10) depositions for each side, not including expert depositions or third-party record custodian depositions.

    4.  The Parties agree to comply with the discovery event limitations set forth in Local Rule 26.1(C), except that document requests are limited to five.

    6.  The Parties agree that each party shall disclose any primary expert witnesses 90 days prior to the close of discovery. The opposing party(s) shall have until 45 days prior to the close of discovery to disclose any rebuttal expert witnesses.

### III. Proposed Motion Filing Schedule

A. Any potential subsequent dispositive motions based on evidence obtained during discovery to be filed 30 days from close of discovery.

C. All expert discovery motions will be filed within 30 days from close of discovery.

D. All non-dispositive and non-expert discovery motions will be filed within 30 days from close of discovery.

### IV. Certification of Conference

Executed certifications affirming that each party and party's counsel have conferred regarding the costs of litigation and alternatives to litigation and have conferred regarding alternative dispute resolution have been filed by each respective party under separate cover.

### V. Settlement Demand

Pursuant to Local Rule 16(c), the Parties state that they have engaged in preliminary settlement discussions.

Dated: June 9, 2005

    Respectfully submitted,

    WOLVERINE, PROCTOR &
    SCHWARTZ, INC.,
    STEVEN F. CHILINSKI, and
    DEEPAK S. KULKARNI,

    By their attorneys,

    /s/ Mark M. Whitney
    Mark M. Whitney (BBO #637054)
    Jeffrey D. Kuhn
    MORGAN, BROWN & JOY LLP
    200 State Street
    Boston, Massachusetts  02109
    (617) 523-6666

    PETER A. CRAWFORD,

    /s/ Peter A. Crawford (*by Mark M. Whitney with his express permission*)
    Plaintiff *Pro Se*
    23 Newcastle Drive, #11
    Nashua, New Hampshire  03060
    (603) 888-4574