UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
PETER A. CRAWFORD,                          )
                                            )
        Plaintiff,                          )
                                            )  Civil Action No.
v.                                          )  05-cv-10078 (DPW)
                                            )
WOLVERINE, PROCTOR & SCHWARTZ, INC.,        )
STEVEN F. CHILINSKI, and                    )
DEEPAK S. KULKARNI,                         )
                                            )
        Defendants.                         )
_____)


**FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

In light of the Court's denial of the motion to dismiss filed by defendants Wolverine, Proctor & Schwartz, Inc. ("Wolverine") Steven F. Chilinski and Deepak S. Kulkarni, the defendants, by and though their attorneys, Morgan, Brown & Joy, LLP, hereby amend their answer the Complaint to address those counts of the Complaint that were the subject of the motion to dismiss as follows:

**JURISDICTION**

1. Admitted.

2. Admitted.

3. Denied.

4. Denied.

5. The Complaint speaks for itself.

6. Paragraph 6 contains a legal conclusion to which no responsive answer is required.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. Defendants repeat and re-allege their answers to paragraphs 1-6 herein.

8. Admitted.

9. Admitted.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Admitted. Answering further, plaintiff had no entitlement to a Bonus for his 2001 employment with Wolverine.

19. Denied.

20. Admitted.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21, and therefore deny the same.

22. Denied.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 23, and therefore deny the same.

## AS AND FOR A FIRST CAUSE OF ACTION

24. Defendants repeat and re-allege their answers to paragraphs 1 through 23 herein.

25. Paragraph 25 contains a legal conclusion to which no responsive answer is required.

26. Admitted, except to the extent that defendants specifically deny that plaintiff is due any bonus for his 2001 employment with Wolverine.

27. With respect to allegation in paragraph 27 relating to a December 2, 2004 letter, the letter speaks for itself. Denied as to the remaining allegations contained in paragraph 27.

28. The letter to which plaintiff refers in paragraph 28 speaks for itself.

29. Denied.

30. Denied.

## AS AND FOR A SECOND CAUSE OF ACTION

31. Defendants repeat and re-allege their answers to paragraphs 1 through 30 herein.

32. Paragraph 32 is a legal conclusion to which no answer is required.

33. Denied.

34. Paragraph 34 is a legal conclusion to which no answer is required.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35, and therefore deny the same.

36. Denied.

## AS AND FOR A THIRD CAUSE OF ACTION

37. Defendants repeat and re-allege their answers to paragraphs 1 through 36 herein.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

### AS AND FOR A FOURTH CAUSE OF ACTION

43. Defendants repeat and re-allege their answers to paragraphs 1 through 42 herein.

44. Denied. Answering further, plaintiff had no entitlement to a Bonus for his 2001 employment with Wolverine.

45. Denied.

### AS AND FOR A FIFTH CAUSE OF ACTION

46. Defendants repeat and re-allege their answers to paragraphs 1 through 45 herein.

47. With respect to allegation in paragraph 47 relating to plaintiff's employment under the terms of the Transition Agreement, the terms of the Transition Agreement speak for themselves.

48. Admitted.

49. Denied. Answering further, plaintiff received written notification of his termination as a result of directions given by Wolverine's CEO.

50. Denied.

51. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51, and therefore deny the same.

52. Denied.

53. Denied.

### AS AND FOR A SIXTH CAUSE OF ACTION

54. Defendants repeat and re-allege their answers to paragraphs 1 through 53 herein.

55. Denied.

56. Denied.

## AS AND FOR A SEVENTH CAUSE OF ACTION

57. Defendants repeat and re-allege their answers to paragraphs 1 through 56 herein.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Admitted.

65. Denied.

66. Denied.

67. Denied.

68. Admitted. Answering further, it was the Wolverine Board of Directors, and not Kulkarni acting alone, which decided to terminate plaintiff's employment.

69. Denied.

70. Paragraph 70 contains a legal conclusion to which no responsive answer is required.

71. Denied.

72. Denied.

73. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part as a result of documentary evidence.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because he failed to mitigate his damages, if any.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the equitable doctrines of unclean hands, estoppel, waiver, acquiescence and/or unjust enrichment.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is barred and/or estopped from seeking any relief based on the allegations of the Complaint by his own acts, omissions and course of conduct and/or the acts, omissions and course of conduct of other non-parties.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the statute of frauds.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because he has sustained no actual damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because Wolverine has complied with all applicable contractual conditions and plaintiff has failed to do so.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because he has failed to allege facts which would entitle him to multiple damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant specifically reserves the right to assert whatever further affirmative defenses as may become through the discovery process.

**AS AND FOR DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFF**

1.  Wolverine is a corporation headquartered in Merrimac, Massachusetts. Wolverine is incorporated in the State of Delaware.

2.  Upon information and belief, plaintiff Peter A. Crawford ("Crawford") is a citizen of the State of New Hampshire.

3.  This Court has jurisdiction to hear Wolverine's counterclaims pursuant to 29 U.S.C. § 1367.

4.  Crawford became employed by Wolverine as its Chief Operating Officer ("COO") on December 30, 1999. On January 4, 2000, Crawford and Deepak Kulkarni ("Kulkarni"), on behalf of Wolverine and in his capacity as the company's President and Chief Executive Officer, executed a written employment contract (the "Employment Contract"). Crawford's Employment Contract provided, *inter alia,* a formula by which Crawford was potentially eligible for an annual bonus (the "Bonus"). Through the Bonus formula contained in Crawford's Employment Contract, Crawford's entitlement to an annual Bonus was linked to Wolverine's annual financial performance as reflected in the company's annual auditors' report.

5.  On December 28, 2001, Crawford entered into a Transition Agreement with

Wolverine (the "Transition Agreement").  Under the Transition Agreement, Crawford was to be paid for his services at a rate identical to his prorated salary for the previous year. Kulkarni executed the Transition Agreement in his capacity as Wolverine's Chairman of the Board.

6.   Under Section 2 of Crawford's Transition Agreement, Crawford's future employment with Wolverine was limited to a maximum of three months - *i.e.* until March 31, 2002 at the latest.  The Transition Agreement also contained a provision whereby Crawford's future employment with Wolverine could be terminated prior to March 31, 2002, "for any reason or no reason" provided that Wolverine's CEO furnished Crawford with written notice of his termination.

7.   On January 14, 2002, sixteen days following the execution of the Transition Agreement by Crawford and Kulkarni, Crawford was informed that the Wolverine Board of Directors had elected to terminate his employment.

8.   On January 18, 2002, Crawford received formal written notice and confirmation of the Board's action terminating his employment with Wolverine.

## COUNT I

**(Declaratory Judgment)**

9.   Wolverine realleges and incorporates by reference herein its allegations in paragraphs 1 to 7 above.

10.  A dispute has arisen between the parties to Crawford's Employment Contract concerning Crawford's entitlement to Bonus compensation as a result of his 2001 employment with Wolverine.

11.  Wolverine is entitled to a decree from this Court declaring that it is not in breach of the Employment Contract and Crawford is not entitled to Bonus compensation as a result of

8

his 2001 employment with Wolverine.

12.  Declaratory relief is necessary and appropriate so that Wolverine may determine its rights under the Employment Contract.

## COUNT II

### (Declaratory Judgment)

13.  Wolverine realleges and incorporates by reference herein its allegations in paragraphs 1 to 12 above.

14.  A dispute has arisen between the parties to Crawford's Transition Agreement concerning Crawford's entitlement to certain unpaid wages Crawford claims are due under the Transition Agreement for the months of February and March 2002.

15.  Wolverine is entitled to a decree from this Court declaring that it is not in breach of the Transition Agreement and Wolverine owes Crawford no unpaid wages for the period of February and March 2002.

16.  Declaratory relief is necessary and appropriate so that Wolverine may determine its rights under the Transition Agreement.

WHEREFORE, defendant Wolverine respectfully prays for judgment dismissing the Complaint and awarding it costs and disbursements in this action.

Dated: November 16, 2005       Respectfully submitted,

WOLVERINE, PROCTOR & SCHWARTZ, INC., STEVEN F. CHILINSKI, and
DEEPAK S. KULKARNI,

By their attorneys,

/s/ Mark M. Whitney
Mark M. Whitney (BBO #637054)
Jeffrey D. Kuhn (BBO #662326)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 16, 2005, 1 filed the foregoing document with the Clerk of the Court by using the ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing to the pro se plaintiff, Peter A. Crawford, 23 Newcastle Dive, #11, Nashua, NH 03060, by U.S. mail, on November 16, 2005.

/s/ Mark M. Whitney
Mark M. Whitney, Esq.