UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____

PETER A. CRAWFORD,

       Plaintiff,

v.

WOLVERINE, PROCTOR & SCHWARTZ, INC.,
STEVEN F. CHILINSKI, and
DEEPAK S. KULKARNI,

       Defendants.
_____

Civil Action No.
05-cv-10078 (DPW)

**EMERGENCY MOTION**
**Oral Argument Requested**

**DEFENDANTS' EMERGENCY MOTION
TO CONTINUE DEPOSITION OF NONPARTY WITNESS
UNTIL PENDING DISCOVERY MOTIONS ARE RESOLVED**

Pursuant to F.R.C.P. 26(c), defendants Wolverine, Proctor & Schwartz, Inc. "WPS"), Steven F. Chilinski and Deepak S. Kulkarni (collectively, the "defendants") hereby move that this Honorable Court issue a protective order continuing the deposition of Richard Cummings, a nonparty witness, until after this Court is able to resolve critical discovery issues raised in pending motions:

    1.    **Coordination of hearing requested:**  A hearing is currently scheduled before Magistrate Judge Collings on **Monday, November 28, 2005 at 10:30 a.m.** to address the plaintiff's motion to compel [Docket Item #21] and defendants' cross-motion for a protective order [Docket Item # 24].  This emergency motion relates to a nonparty deposition that is presently scheduled for the following day, November 29, 2005. Because this motion is related to unresolved discovery issues, some of which will be heard on November 28th and some afterwards, the defendants respectfully request that

this Court devote a few minutes at the November 28th hearing to address the discrete issue raised by this motion.

2.  Plaintiff has subpoenaed a nonparty witness named Richard Cummings to testify in this matter on November 29, 2005.  [*See* Exhibit A, copy of subpoena duces tecum.][1]  Mr. Cummings has served as the outside auditor for defendant Wolverine, Proctor & Schwartz, Inc. throughout the period relevant to this case.  Although this deposition date was selected with cooperation of the parties, important discovery issues have arisen subsequently.  Those discovery issues are the subject of pending motions and a forthcoming motion that will be filed prior to the November 28th hearing.

3.  The defendants anticipate that the plaintiff will seek to inquire at the Cummings deposition into subject areas that the defendants contend are not properly discoverable because they are irrelevant, highly objectionable, inappropriate, harassing and intrusive, well beyond the reasonable scope of this action, and which are subject to pending motions for protective orders.

4.  Ms. Cummings is a nonparty witness and, therefore, is beyond the control of defense counsel.  Mr. Cummings will be represented at the deposition by his own attorney, Mr. Robert Berluti of Berluti & McLaughlin, LLC.  Because Cummings is a nonparty, defense counsel is concerned that he will not have the ability, power or authority to halt the deposition and move, if necessary, for a protective order as to information that is the subject of pending motions.

---

[1] Although the subpoena states that the deposition was to occur on November 10, 2005, it was later moved by agreement.

2

5. By this emergency motion, defendants do not seek to quash the Cummings subpoena. Defendants merely seek to continue the deposition until such time after the Court is able to resolve the open discovery issues.

6. The defendants are willing to agree to a reasonable extension of the discovery cutoff if this Court and/or the plaintiff believes it would be helpful or necessary - no such request has been made thus far in this case.

7. The plaintiff does not stand to suffer any prejudice if this motion were granted. In fact, all parties will benefit from being able to conduct the Cummings deposition and other depositions in this case with the benefit of the Court's rulings on pending discovery motions.

8. Defendants respectfully submit that this motion addresses ministerial and scheduling concerns and, as such, no memorandum of law is necessary in support of it.

### REQUEST FOR ORAL ARGUMENT

Defendants hereby request, pursuant to Local Rule 7.1(d), that oral argument be permitted on this motion. As noted above in Paragraph 1, defendants respectfully request that this emergency motion be joined with the motion hearing already scheduled for Monday, November 28, 2005 before Magistrate Judge Collings.

### CERTIFICATE OF CONFERRAL

Counsel for the defendants hereby certifies that he conferred with the plaintiff in an effort to avoid making this motion. Defense counsel spoke via telephone with plaintiff on November 23, 2005, and discussed various options for limiting or possibly continuing the deposition of Cummings. Defense counsel also suggested jointly moving to enlarge

the discovery cutoff to accommodate the continuance.  Despite good faith efforts, the parties were not able to reach a workable solution.

**WHEREFORE** the defendants respectfully request that this Court issue a protective order continuing the nonparty deposition of Richard Cummings until after the Court is able to resolve the discovery motions filed by both parties in this case.


Dated:  November 23, 2005

>	Respectfully submitted,
>
>	WOLVERINE, PROCTOR &
>	SCHWARTZ, INC.,
>	STEVEN F. CHILINSKI, and
>	DEEPAK S. KULKARNI,
>
>	By their attorneys,
>
>	/s/ Mark M. Whitney
>	Mark M. Whitney (BBO #637054)
>	Jeffrey D. Kuhn (BBO #662326)
>	MORGAN, BROWN & JOY, LLP
>	200 State Street
>	Boston, Massachusetts  02109
>	(617) 523-6666


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 23, 2005, I filed the foregoing document with the Clerk of the Court by using the ECF system.  I further certify that I e-mailed the foregoing document and the notice of electronic filing to plaintiff *pro se* Peter A. Crawford and to Robert Berluti, Esq., counsel for Richard Cummings, on November 23, 2005.

>	/s/ Mark M. Whitney

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF  Massachusetts

Crawford
V.
Wolverine, Proctor
& Schwartz, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  05-cv-10078 (PPW)

TO: Richard Cummings
Vitale Caturano & Company, Ltd.
80 City Sq., Boston, MA 02129

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Morgan Brown & Joy, LLP  200 State St., Boston, MA 02109 | DATE AND TIME November 10, 10:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached

| PLACE Morgan Brown & Joy, LLP  200 State St., Boston, MA 02109 | DATE AND TIME November 10, 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Deputy Clerk | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

U.S.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

<u>Attachment to Subpoena to Richard Cummings dated October 28, 2005</u>

      YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

<u>Place</u>

Offices of Morgan, Brown & Joy, LLP, 200 State St., Boston, MA 02109

<u>Date and time</u>

November, 10, 2005. 10:00 a.m. EST

<u>Documemts to be produced</u>

With respect to the attached page PAC0030, entitled Wolverine Proctor LLC, Consolidated Statement of Operations and Comprehensive Income for the Year Ended December 31, 2001, prepared by Arthur Andersen, LLP, provide:

    a. Any documents, whether written, electronic, or otherwise, that relate to whether or not the extraordinary gain of $10,169,839 listed thereon is includable in "earnings before any interest, taxes or deductions for depreciation or amortization," as such phrase is construed in accordance with generally accepted accounting principles." Without limiting the generality of the foregoing, this request includes, but is not limited to, letters, internal memoranda, electronic mail messages, notes, or FASB Statements, FASB Concept Statements, FASB Interpretations, FASB Technical Bulletins, APB Opinions, or similar pronouncements.
    b. Any documents, whether written, electronic, or otherwise, that discuss, refer to, or relate directly to the bonus of Peter Crawford, former Chief Operating Officer of Wolverine, Proctor & Schwartz, Inc. based upon the financial performance of Wolverine, Proctor & Schwartz, Inc. for the year ended December 31, 2001. Without limiting the generality of the foregoing, this request includes, but is not limited to, letters, internal memoranda, electronic mail messages or notes.

<u>Contact</u>

      This subpoena was issued at the request of by Peter Crawford, plaintiff, 23 Newcastle Dr. #11, Nashua, NH 03060, (603)888-4574. Please contact Mr. Crawford if you have any questions.

**WOLVERINE PROCTOR LLC**

Consolidated Statement of Operations and Comprehensive Income
for the Year Ended December 31, 2001

|  | 2001 |
|---|---|
| Sales | $ 34,357,906 |
| Cost of Sales | (23,030,351) |
| Gross profit, excluding depreciation expense | 11,327,555 |
| Selling, General and Administrative Expenses | (11,895,187) |
| Interest and Other Income | 81,516 |
| Loss before interest expense, taxes, depreciation and amortization and extraordinary gain | (486,116) |
| Other Expenses: | |
| Interest expense | (2,152,470) |
| Depreciation | (1,267,769) |
| Amortization | (1,461,939) |
| Minority interest expense | (61,814) |
| Loss before provision for income taxes and extraordinary gain | (5,430,108) |
| Provision for Income Taxes | (43,894) |
| Loss before extraordinary gain | (5,474,002) |
| Extraordinary Gain | 10,169,839 |
| Net income | 4,695,837 |
| Other Comprehensive Income, net of tax: | |
| Minimum pension liability expense | (1,150,406) |
| Foreign currency translation adjustments | 21,593 |
| Comprehensive income | $ 3,567,024 |

*The accompanying notes are an integral part of these consolidated financial statements.*

PAC 0030



**Suffolk County Sheriff's Department** • 45 Bromfield Street • Boston, MA 02108 • (617) 989-6999

*Suffolk, ss.*

November 17, 2005

I hereby certify and return that on 11/3/2005 at 8:45AM I served a true and attested copy of the Witness Subpoena Deposition in this action in the following manner: To wit, by delivering in hand to Richard Cummings at Vitale Caturano & Co. Ltd., 80 City Square, Boston, MA 02129. Witness Fee ($42.00), Basic Service Fee (IH) ($30.00), Travel ($1.00), Postage and Handling ($1.00), Attest/Copies ($5.00) Total Charges $79.00

_____
Deputy Sheriff

Deputy Sheriff George Slyva

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                SIGNATURE OF SERVER

                                                _____
                                                ADDRESS OF SERVER

                                                _____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.