UNITED STATES DISTRICT COURT
District of Massachusetts

FILED
2005 NOV 25 P 12:49

U.S. DISTRICT COURT
DISTRICT OF MASS.

Civil Action
No. 05-10078-DPW

PETER A. CRAWFORD, Plaintiff )
)
)
v. )
)
)
WOLVERINE, PROCTOR & SCHWARTZ, INC., )
Steven F. Chilinski, Deepak S. Kulkarni, )
)
Defendants )

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO CONTINUE DEPOSITION OF NONPARTY WITNESS UNTIL PENDING DISCOVERY MOTIONS ARE RESOLVED

Defendants' request to continue the deposition of Richard Cummings, formerly of Arthur Andersen & Co., LLP is without merit. The bulk of the damages sought in this case relate to the payment of a bonus to the plaintiff. That bonus is based upon the audited financial results of defendant Wolverine, Proctor & Schwartz, Inc. ("Wolverine") for 2001, an audit performed while Mr. Cummings was the partner in charge of the Wolverine account. His deposition is central to this case. Defendants do not deny, nor could they, that Mr. Cummings does not offer discoverable evidence.

### I. PROCEDURAL HISTORY

The parties agreed on or before October 29, 2005 that November 10, 2005 would be a convenient date for the deposition of Mr. Cummings and on October 29, 2005 a Notice of Deposition was sent to defendants' counsel. A subpoena was issued by this

1

Court and served on Mr. Cummings on November 3, 2005. See Exhibit A to defendants' motion. Mr. Cummings' counsel then contacted the plaintiff to reschedule, and it was agreed between Mr. Cummings counsel, defendants' counsel and the plaintiff that the deposition would occur on November 29, 2005. A revised Notice of Deposition was sent to defendants' counsel on November 10, 2005 (counsel was notified by e-mail of the delay on November 8, 2005). Mr. Cummings' counsel indicated that November 29, 2005 was the earliest date on which both he and Mr. Cummings would be available.

Discovery in this case closes on December 16, 2005. Defendant Kulkarni failed to appear for his deposition on November 21, 2005, and plaintiff has filed his Motion to Compel the Deposition of Defendant Kulkarni and for Sanctions and Expenses relating to that issue. Messrs. Kulkarni and Cummings are the two most important witnesses in this case, and each has a great deal of undeniably relevant and discoverable information. Yet, only slightly more than two weeks from the close of discovery neither has been deposed due to defendants delaying tactics.

II. THE PAYMENTS TO DEFENDANT KULKARNI

The issue of payments to Mr. Kulkarni first came up during the deposition of Mark Brown, current president of successor Wolverine, Proctor & Schwartz, LLC, on November 3, 2005. Prior to that, defendants had produced 149 pages of documents relating to payments to Mr. Kulkarni. On November 15, 2005, Marian Lord, staff accountant with Wolverine, testified extensively regarding these payments, although defendants objected to questions relating to years other than 2001 and 2002. At the Marian Lord deposition, or prior to it, defendants' counsel indicated that they intended to

2

file a motion for a protective order relating to this issue, however, as of 10:00 a.m. on November 25, 2005, according to this Court's Pacer web site, none had been filed.

The reason for the lack of such filing is obvious. Defendants simply have no basis for refusing to provide this information. Mr. Kulkarni transferred from Wolverine's bank account to his own bank account $159,298.52 on December 17, 2001 and an additional $188,178.85 on December 27, 2001. See Plaintiff's Affidavit in Support of his Motion to Compel the Deposition of Defendant Kulkarni and for Sanctions and Expenses (hereinafter "Plaintiff's Affidavit"), Exhibit D. The last of these payments occurred only a single day before Wolverine was recapitalized and Parthenon Capital and related investors infused money into the company. Parthenon had been provided balance sheets as of November 30, 2001. Clearly, these last minute transfers were hidden from Parthenon and were intended to enrich defendant Kulkarni at the expense of these new investors.

Count Seven of the Complaint in this matter alleges that defendant Kulkarni sought to transfer an additional $135,000 from Wolverine to his own account on January 14, 2002, just after Parthenon had invested additional money in Wolverine. The Complaint alleges that the plaintiff sought to obtain approval from Parthenon beforehand and that defendant Kulkarni reacted by, later that day, inducing the Wolverine board of directors to terminate the plaintiff's employment, thereby tortiously interfering with plaintiff's contract of employment. See Complaint ¶¶22-23, 57-73.

III. THERE IS NO BASIS FOR DEFENDANTS' EMERGENCY MOTION

Incredibly, defendants' position has become inflexible since the Marian Lord deposition. They now are maintaining that any inquiry into payments to Mr. Kulkarni,

3

other than the one specifically alleged in the Complaint, is out of bounds. On November 18, 2005 defendants' counsel sent the plaintiff an e-mail in which they stated that "...the motion we will file today will seek to limit discovery of any compensation information beyond the $135k payment that you attempted to halt on 1/14/02." See Plaintiff's Affidavit, Exhibit B. No such motion was filed on that day, or indeed, according to this Court's Pacer web site, as of 10:00 a.m. on November 25, 2005.

Furthermore, these other payments, particularly the two totaling approximately $345,000 less than a month before, are clearly admissible to demonstrate plan and motive, and a clear pattern, practice and habit of defendant Kulkarni using questionable transfers from Wolverine to support his lavish lifestyle. See Fed. R. Evid. 404(b), Huddleston v. United States, 485 U.S. 681, 685 (1988), Plaintiff's Opposition to Defendants' Cross Motion for a Protective Order at 15-18.

It is apparently inquiry into these payments that defendants are now terming "irrelevant, highly objectionable, inappropriate, harassing and intrusive [and] well beyond the reasonable scope of this action..." See Defendants Emergency Motion to Continue Deposition of Nonparty Witness until Pending Discovery Motions are Resolved ¶3. Defendants in that motion also refer to the pending cross motions (to compel and for a protective order), relating to Wolverine's recapitalization in early 2005, and the 2005 financial statements of its successor. These issues (of the 2005 matters) have been fully briefed and will be heard on November 28, 2005, yet the Cummings deposition will not begin until 10:00 a.m. on November 29, 2005. This Court thus has sufficient time to make an appropriate ruling on those issues prior to the Cummings deposition. Whichever

4

way that ruling goes, the Cummings deposition can proceed, as there is a great deal of testimony that Mr. Cummings can provide that is unrelated to the 2005 matters.

The only possible reason for delaying the Cummings deposition is therefore the possibility that plaintiff might seek information from Mr. Cummings regarding payments to defendant Kulkarni. But, there is nothing in the rules indicating that such a delay should be granted in these circumstances. The only possible rule that might apply, Fed. R. Civ. P. Rule 26(c) provides that

> "...the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had; (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place..."

Nothing in the text of this rule indicates that a scheduled deposition may be continued until after a motion for a protective order has been ruled on. To be sure, it permits the time and place of the deposition to be specified, but this would appear to relate to the clause protecting a party or person from "undue burden or expense." In this case, Mr. Cummings works less than five miles from the place of the deposition, and has planned to attend, without objection based on undue burden or expense, for nearly three weeks. The rule permits a court only to make an order that "protect[s] a party or person." An order continuing a deposition until the court could rule on a yet-to-be-filed motion for a protective order would not be one to protect a party or person; in fact it would further inconvenience Mr. Cummings by forcing him to alter his schedule to return on a different day to provide the testimony that is undeniably relevant to this case.

The case law is crystal clear that suppression of a deposition is rarely permitted.

5

"Protective orders prospectively suppressing depositions are rarely granted; deponents are expected instead to assert their objections during the deposition…" Kaiser v. Mutual Life Ins. Co. of New York, 161 F.R.D. 378, 380 (S.D. Ind. 1994). See also West Peninsular Title Co. v. Palm Beach County, 132 F.R.D. 301, 302 (S.D. Fla. 1990) (protective orders totally prohibiting deposition are rarely granted). Even where the deposition of counsel is sought, some courts have ruled that the deposition should proceed, with objections made at the deposition. "The circumstances are rare which justify an order that a deposition not be taken at all, and the existence of privilege is not one of those circumstances." Scovill Manufacturing Co. v. Sunbeam Corp., 61 F.R.D. 598, 603 (D. Del. 1973). But see N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83, 84, 87 (M.D.N.C. 1987) (prohibiting deposition of attorney but noting that orders totally preventing a deposition should rarely be granted).

In this case, Fed. R. Civ. P. Rule 30(d)(4) provides the defendants with the proper course of action:

> "At any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c).

Thus, if, during the Cummings deposition, defendants' counsel feels that the questions are annoying, embarrassing or oppressing to Mr. Cummings or any party, they are free to apply to this Court for an order suspending or limiting the deposition. This is the proper course of action envisioned by the rules, not continuance of a deposition based upon the possibility that certain questions _might_ be asked. The entire intent of the Federal Rules

6

relating to discovery is to require responses to discovery requests that are not objectionable when such responses are due. See Fed. R. Civ. P. 33(b)(1) (must answer interrogatories to the extent not objectionable); Fed. R. Civ. P. 34(b) (if objection only to part, must permit inspection of remaining parts); Fed. R. Civ. P. 37(a)(2)(B) (proponent of deposition question may complete the deposition or adjourn it following a failure to answer a deposition question).

Furthermore, the rules permit protective orders and suspension of depositions only on the grounds of annoyance, embarrassment, oppression or undue burden or expense. Here, defendants' objection is largely one of relevance. They assert no privilege and allege no undue burden or expense. If plaintiff obtains information that is later to be determined to be irrelevant, it will not be admitted at trial and defendants would in no way thereby be prejudiced. It is abundantly apparent that defendants' vehement attempts to suppress this information is due to their fear that it constitutes, or will lead to the discovery of, highly damaging admissible evidence.

## IV. CONCLUSION

The rules simply do not contemplate the non-discovery of evidence solely on the grounds of lack of relevance. Inquiry into the evidence must also be annoying, embarrassing or oppressive. Delaying the Cummings deposition at this late date, based on vague assertions of defendants is inappropriate, not justified by the rules and the case law, and would likely prevent completion of discovery by the deadline established by this Court.

Respectfully submitted,

7

_Peter A. Crawford_

Peter A. Crawford, pro se
23 Newcastle Dr. #11
Nashua, NH 03060
(603)888-4574

Date: 25 Nov. 2005

### Affidavit of Service

I, Peter A. Crawford, plaintiff, hereby say and depose, under pains and penalties of perjury, that I this day served the within papers upon defendants' attorney, by causing copies thereof to be mailed, first class postage prepaid, to Mark Whitney, Morgan Brown & Joy, 200 State St., Boston, MA 02109.

*Peter A. Crawford*

Date: 25 Nov 2005

FILED IN CLERKS OFFICE
2005 NOV 25 P 12: 49
U.S. DISTRICT COURT
DISTRICT OF MASS.