**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

───────────────────────────────────────────────

PETER A. CRAWFORD,

      Plaintiff,

v.

WOLVERINE, PROCTOR & SCHWARTZ, INC.,
STEVEN F. CHILINSKI, and
DEEPAK S. KULKARNI,

      Defendants.

Civil Action No.
05-cv-10078 (DPW)

───────────────────────────────────────────────

**OPPOSITION TO DOCKET ITEM #34:**
**PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF DEEPAK**
**KULKARNI AND FOR SANCTIONS AND EXPENSES**

**INITIAL STATEMENT – CRAWFORD HAS AGREED TO LIMIT HIS MOTION**

In his pending Motion to Compel the Deposition of Defendant Kulkarni and for Sanctions and Expenses [Docket Item #34] ("Motion to Compel Kulkarni"), the plaintiff *pro se*, Peter A. Crawford ("Crawford"), has moved this Court to award the following specific relief:

(1) to compel Deepak Kulkarni ("Kulkarni") to appear at a deposition within three days from the Court's order;

(2) to award expenses in the amount of $220.97;

(3) default judgment; and

(4) other unspecified sanctions.

Through subsequent discussion between the parties, Kulkarni agreed to appear for a deposition prior to the Court's decision on defendants' pending motions for protective orders [Docket Item #s 24 and 31] and Crawford agreed to withdraw requests for relief

numbers (1) and (2), above. *Crawford's agreement to withdraw his request for expenses and to compel Kulkarni is contained in an email exchange between Crawford and defense counsel, a copy of which is attached as* Exhibit A *to the Affidavit of Mark Whitney, dated December 7, 2005, submitted in support of this Opposition ("12/7/05 Whitney Aff.").*

Based on the agreement between Crawford and defense counsel, this Opposition will only address Crawford's 3rd and 4th requests for relief in his Motion to Compel Kulkarni – for default judgment against and for additional unspecified sanctions.

### BACKGROUND OF DISCOVERY DISPUTE

It has become increasingly clear as discovery has progressed that Crawford intends to discover a wide variety of information that is wholly irrelevant to this case. As described in detail in two pending motions for protective order, Crawford seeks to discover information about a recapitalization transaction affecting defendant WPS[1] that occurred in 2005 and WPS's 2005 financial statements.[2] In addition, Crawford has made it increasingly clear that he seeks to explore a vast range of private compensation and benefit payments from WPS to Kulkarni from approximately 1999 to 2005.[3] Crawford seeks this broad range of information despite these undisputed facts: the Complaint relies on an alleged dispute about just one payment request that occurred on January 14, 2002;

---

[1] As Crawford indicates in paragraph 16 of his Complaint, in late 2001 the stock of defendant Wolverine, Proctor & Schwartz Inc. ("WPS Inc.") was transferred to a new entity, Wolverine, Proctor & Schwartz, LLC ("WPS LLC"). Both Crawford's Employment Contract and his Transition Agreement were entered into with WPS Inc. To avoid unnecessary confusion, both WPS Inc. and WPS LLC will be referred to here simply as WPS.

[2] Defendants' pending motion for protective order – Docket Item # 24 – filed November 4, 2005, seeks to limit the disclosure of WPS's 2005 financial statements and information concerning its 2005 recapitalization.

[3] Defendants' pending motion for protective order – Docket Item # 31 – filed November 27, 2005, seeks to limit the disclosure of all compensation and fringe benefit payments to Kulkarni from WPS, except for the specific payment alleged in Count VII of the Complaint (tortious interference with contract).

1

Crawford was terminated on January 14, 2002; and the contract at issue existed for just two-weeks at the beginning of 2002. *See 12/7/05 Whitney Aff. at ¶ 6.*

As the scope of Crawford's inquiry became increasingly clear, defense counsel initially began to object to questions at depositions in early and mid-November. As discovery progressed, defense counsel engaged in numerous conversations with Crawford about the discoverability of the 2005 financial and recapitalization information and payments to Kulkarni. Those discussions ultimately culminated in defense counsel advising Crawford that the defendants intended to seek protective orders limiting the scope of discovery as to those issues. Defendants initially filed Docket Item #24 on November 4, 2005. Defendants subsequently filed Docket Item #31 on November 27, 2005. *See 12/7/05 Whitney Aff. at ¶ 7.*

Despite the existence of these discovery issues, the parties worked together in cooperative fashion and held depositions of certain witnesses with the understanding that the 2005 financial/recapitalization data and payments to Kulkarni were issues in dispute and required resolution with the assistance of the Court. Nevertheless, the parties agreed that three of the depositions would go forward with the understanding that defense counsel would potentially instruct the witness not to answer questions that touched on the disputed issues and that were the subject of pending or forthcoming motions for protective orders. This process was in effect for the depositions of fact witness Mark Brown (current President of WPS), defendant Steven Chilinski, and fact witness Marian Lord. The parties *and witnesses* agreed that they would be available to return for a second day of testimony (without waiving the 7-hour limit) if the Court permitted inquiry

on questions that went unanswered at depositions after considering the motions for protective orders. *See 12/7/05 Whitney Aff. at ¶ 8.*

Defendant Kulkarni's deposition was scheduled by agreement of the parties to be held on November 21, 2005. His deposition was scheduled to occur shortly after the depositions of Steven Chilinski and Marian Lord (November 14-15, 2005). By that time, Crawford had been steadily pushing the limit of relevance in his deposition inquiry and the defendants fully appreciated the scope of the fishing expedition that Crawford had embarked upon. After the Chilinski and Lord depositions, it was beyond doubt that Crawford would continue to ask numerous questions of Kulkarni and others that would be disputed by defendants for the reasons well known by the parties. *See 12/7/05 Whitney Aff. at ¶ 9.*

As such, defense counsel notified Crawford on November 18, 2005, that the gravity of the unresolved discovery issues warranted postponing Kulkarni's deposition until those issues could be resolved. Defendants did so in part based on the then-pending motion for protective order [Docket Item #24]. Defendants indicated that the postponement was also based on the existence of other issues that had been clearly raised and that would ultimately form the basis for defendants' second motion for protective order [Docket Item #31]. *See Copies of email exchanges between Mark Whitney and Crawford on November 18, 2005, attached as <u>Exhibits B, C and D</u> to the 12/7/05 Whitney Aff.* There was no doubt that without the benefit of the Court's guidance on open discovery issues, Kulkarni was potentially subjecting himself to two days of depositions if he attended on November 21, 2005. Defense counsel notified Crawford of defendants' position sufficiently in advance of the November 21, 2005 deposition so that Crawford

3

could avoid any costs associated with showing up unnecessarily. Defense counsel also notified the court reporting company in the same communications so that they would be aware that the deposition was canceled until the discovery issues were resolved. *See Exhibits B, C, and D to the 12/7/05 Whitney Aff.*; *see also 12/7/05 Whitney Aff. at ¶ 10.*

Despite the communications between the parties that took place on November 18, 2005, Crawford required that the court reporter show up for the canceled deposition on November 21, 2005. No deposition occurred that day. *See 12/7/05 Whitney Aff. at ¶ 11.*

The next deposition scheduled in this case was the deposition of Richard Cummings, a non-party witness who had been subpoenaed by Crawford to appear on November 29, 2005. Because Cummings is a non-party and beyond the control of defendants, the defendants sought to continue his deposition until the disputed discovery issues could be resolved. On November 23, 2005, the defendants filed an emergency motion to continue the Cummings deposition. [Docket Item #29.] *See 12/7/05 Whitney Aff. at ¶ 12.*

On November 28, 2005, Magistrate Judge Collings heard oral argument on defendants' first motion for protective order concerning the 2005 financial statements and 2005 recapitalization. [Docket Item #24.] The Court took that matter under advisement and to date has not issued an order. Also on November 28, 2005, Magistrate Judge Collings heard oral argument on defendants' then-pending Emergency Motion to Continue the Deposition of Richard Cummings [Docket Item #29]. The Court denied the motion, but limited the substance and temporal scope of questioning as follows:

> [A]t the deposition, the plaintiff may not ask any questions relative to the 2005 recapitalization or the 2005 financial statements or any payments to Mr. Kulkarni after December 31, 2002.

*See Electronic Order entered November 28, 2005 granting in part and denying in part Docket Item #29; see also 12/7/05 Whitney Aff. at ¶ 13.*

After the Court issued the electronic order concerning the Cummings deposition, the parties discussed Crawford's instant Motion to Compel Kulkarni. Defense counsel and Crawford agreed that the limitation on testimony substance expressed by the Court for the Cummings deposition would be appropriate for the Kulkarni deposition. As a result, the parties agreed to reschedule the Kulkarni deposition subject to the testimony limitation.[4] Kulkarni's deposition is scheduled to occur on December 7, 2005.

Defendants asked Crawford to withdraw his Motion to Compel Kulkarni as a result of the agreement to present Kulkarni on December 7, 2005. Crawford agreed to withdraw the portion of the instant Motion that contained his requests for expenses and his motion to compel Kulkarni's attendance. However, Crawford did not drop his request for default against Kulkarni or his request for unspecified "other" sanctions. *See Exhibit A to the Whitney Aff.; see 12/7/05 Whitney Aff. at ¶ 14.*

## ARGUMENT

### THE FACTS UNDERLYING CRAWFORD'S REQUEST FOR UNSPECIFIED SANTIONS AND/OR DEFAULT WARRANT DENIAL OF THE REQUESTED RELIEF

Simply put, default against defendant Kulkarni is a drastic remedy that is not warranted here. Dismissal with prejudice "is a harsh sanction," *Richman v. General Motors Corp.*, 437 F.2d 196, 199 (1st Cir. 1971), which runs counter to this Circuit's "strong policy favoring the disposition of cases on the merits." *Velazquez-Rivera v. Sea-Land Serv., Inc*, 920 F.2d 1072, 1075 (1st Cir. 1990).

---

[4] Defendants did not consent to pay for the cost of any resumed deposition for Kulkarni.

5

A plethora of case law supports this conclusion.  *See, e.g., Velazquez-Rivera*, 920 F.2d at 1077 (holding that a "pattern of negligent behavior" rather than "relatively isolated" incidents of misconduct weighs in favor of dismissal); *Big Top USA, Inc. v. The Witten Group*, 183 F.R.D. 331, 340 (D. Mass. 1998) (Saris, J.) (Judge Saris noted that under Rule 37, "'[w]illful disobedience' of court orders" or a "finding of 'flagrant bad faith' by a party or 'counsel's callous disregard' of its client's responsibilities" is required for the sanction of dismissal.); *cf. Guex v. Allamerica Financial Life Ins. And Annuity Co.*, 146 F.3d 40, 42-43 (1st Cir. 1998) (dismissal upheld under Rule 37(d) where the party failed to appear at his deposition, no excuse was given after the trial court afforded ample opportunity to respond by an order to show cause; the First Circuit noted that the district court had exhibited "extraordinary patience" in dealing with the party who had "demonstrated a troubling lack of respect for the judicial process failing to appear at his deposition, failing to explain his failure, and then having the impertinence to suggest that the magistrate judge had shown no interest in hearing his side of the story.  The record discloses that the magistrate judge gave [the party] not one, but three opportunities to proffer an explanation for his failure to appear at the deposition.").

The case of *Murphy v. Emme*, No. 93-79-SD, 1994 WL 575619 (D.N.H. Oct. 13, 1994), is instructive.  In *Murphy*, the plaintiff failed to appear for his duly-noticed deposition.  The counsel for the plaintiff notified opposing counsel two business days in advance that the plaintiff would not appear.  Despite having such notice, defense counsel appeared prepared to go forward with the deposition and made a stenographic record of the failure of the plaintiff to appear.  Defendants sought an order dismissing the plaintiff's case under Rule 37 or an order preventing the plaintiff from testifying in the

6

case. The Court denied the defendant's request for sanctions and, instead, ordered that the appropriate remedy was to reopen discovery to permit the deposition of the plaintiff. *Id.* at 2-3.

Throughout the course of discovery in this case, the defendants have sought to work in cooperative fashion with Crawford. Indeed, defense counsel understands that he is "obligated to collaborate [with Crawford] in the arrangement of pre-trial procedures," and has endeavored to do so. *Citing, Valentin v. Concentrated Chemical Co.*, 184 F.R.D. 228, 229-30 (D.P.R. 1999). In so doing, defendants have presented several deposition witnesses despite the existence of key discovery disputes. As the discovery process continued, however, defense counsel ultimately needed to file separate motions for protective orders in a good faith effort to represent the privacy interests of the defendants and to keep Crawford focused on issues relevant to his claims in this case.

There is no evidence whatsoever of bad faith conduct on the part of defendants or defense counsel here. All actions taken by defendants in the discovery process have been predicated by good faith discussion and written exploration of respective positions between the parties. There have been no surprises sprung upon Crawford that would cause him to incur expenses unnecessarily. There have been no orders of this Court that have been violated by defendants.

Finally, the last paragraph of Rule 37(d) provides further reason for this Court to deny Crawford's request for sanctions. It states:

> The failure to act as described in this subdivision may not be excused on the ground that the discovery sought is objectionable *unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)*. (Emphasis added.)

7

Defendant's postponement of the Kulkarni deposition occurred while there was a motion for protective order pending that would have impacted the scope of Kulkarni's deposition. Defense counsel reminded Crawford of that fact on the day he postponed the deposition. *See Exhibit D to the Whitney Aff.* [Docket Item #24] Moreover, the issues that formed the substance of defendants' second motion for a protective order [Docket Item #31] were fully raised, considered and understood by the parties as needing judicial resolution prior to the postponement of the Kulkarni deposition. *See Exhibit B to the Whitney Aff.*

Accordingly, the defendants respectfully request that this Court deny Crawford's motion for dismissal against Kulkarni or for other unspecified sanctions.

Dated: December 7, 2005

        Respectfully submitted,

        WOLVERINE, PROCTOR & SCHWARTZ, INC.,
        STEVEN F. CHILINSKI, and
        DEEPAK S. KULKARNI,

        By their attorneys,

        /s/ Mark M. Whitney
        Mark Whitney (BBO #637054)
        Jeffrey D. Kuhn (BBO #662326)
        MORGAN, BROWN & JOY, LLP
        200 State Street
        Boston, Massachusetts  02109
        (617) 523-6666

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 7, 2005, I filed the foregoing document with the Clerk of the Court by using the ECF system and served copies of the same upon

Peter A. Crawford via e-mail.  I further certify that I mailed the foregoing document and the notice of electronic filing to the pro se plaintiff, Peter A. Crawford, 23 Newcastle Drive, #11, Nashua, NH  03060, by U.S. mail, on December 7, 2005.

                                          /s/ Mark M. Whitney
                                          Mark M. Whitney, Esq.