**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
_____

PETER A. CRAWFORD,

       Plaintiff,

v.

WOLVERINE, PROCTOR & SCHWARTZ, INC.,
STEVEN F. CHILINSKI, and
DEEPAK S. KULKARNI,

       Defendants.
_____

Civil Action No.
05-cv-10078 (DPW)

## AFFIDAVIT OF MARK M. WHITNEY IN SUPPORT OF DEFENDANTS' OPPOSITION TO DOCKET ITEM #34: PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF DEEPAK KULKARNI AND FOR SANCTIONS AND EXPENSES

      MARK M. WHITNEY, being duly sworn deposes and says:

      1.     I am a member of the bar of the Commonwealth of Massachusetts and of this Court. I am counsel for all three defendants in the above-captioned matter. I make this declaration in support of defendants' opposition to docket item #34: plaintiff's motion to compel the deposition of Deepak Kulkarni ("Kulkarni") and for sanctions and expenses.

      2.     Annexed hereto as **Exhibit "A"** is a true copy of an email exchange between Crawford and me in which Crawford agreed to withdraw: (1) his request to compel Kulkarni to appear at a deposition within three days from the Court's order; and (2) his request for an award of expenses in the amount of $220.97.

      3.     Annexed hereto as **Exhibit "B"** is a copy of an email from me to Crawford on November 18, 2005 at 7:04 a.m.

4.  Annexed hereto as **Exhibit "C"** is a copy of an email from me to Crawford on November 18, 2005 at 5:11 p.m.

5.  Annexed hereto as **Exhibit "D"** is a copy of an email from me to Crawford on November 18, 2005 at 5:23 p.m.

6.  It has become increasingly clear as discovery has progressed that Crawford intends to discover a wide variety of information that is wholly irrelevant to this case. As described in detail in two pending motions for protective order, Crawford seeks to discover information about a recapitalization transaction affecting defendant WPS[1] that occurred in 2005 and WPS's 2005 financial statements.[2] In addition, Crawford has made it increasingly clear that he seeks to explore a vast range of private compensation and benefit payments from WPS to Kulkarni from approximately 1999 to 2005.[3] Crawford seeks this broad range of information despite these undisputed facts: the Complaint relies on an alleged dispute about just one payment request that occurred on January 14, 2002; Crawford was terminated on January 14, 2002; and the contract at issue existed for just two-weeks at the beginning of 2002.

7.  As the scope of Crawford's inquiry became increasingly clear, I and my colleague Jeff Kuhn initially began to object to questions at depositions in early and mid-November. As

---

[1] As Crawford indicates in paragraph 16 of his Complaint, in late 2001 the stock of defendant Wolverine, Proctor & Schwartz Inc. ("WPS Inc.") was transferred to a new entity, Wolverine, Proctor & Schwartz, LLC ("WPS LLC"). Both Crawford's Employment Contract and his Transition Agreement were entered into with WPS Inc. To avoid unnecessary confusion, both WPS Inc. and WPS LLC will be referred to here simply as WPS.

[2] Defendants' pending motion for protective order – Docket Item # 24 – filed November 4, 2005, seeks to limit the disclosure of WPS's 2005 financial statements and information concerning its 2005 recapitalization.

[3] Defendants' pending motion for protective order – Docket Item # 31 – filed November 27, 2005, seeks to limit the disclosure of all compensation and fringe benefit payments to Kulkarni from WPS, except for the specific payment alleged in Count VII of the Complaint (tortious interference with contract).

discovery progressed, defense counsel engaged in numerous conversations with Crawford about the discoverability of the 2005 financial and recapitalization information and payments to Kulkarni. Those discussions ultimately culminated in defense counsel advising Crawford that the defendants intended to seek protective orders limiting the scope of discovery as to those issues. Defendants initially filed Docket Item #24 on November 4, 2005. Defendants subsequently filed Docket Item #31 on November 27, 2005.

8. Despite the existence of these discovery issues, the parties worked together in cooperative fashion and held depositions of certain witnesses with the understanding that the 2005 financial/recapitalization data and payments to Kulkarni were issues in dispute and required resolution with the assistance of the Court. Nevertheless, the parties agreed that three of the depositions would go forward with the understanding that defense counsel would potentially instruct the witness not to answer questions that touched on the disputed issues and that were the subject of pending or forthcoming motions for protective orders. This process was in effect for the depositions of fact witness Mark Brown (current President of WPS), defendant Steven Chilinski, and fact witness Marian Lord. The parties *and witnesses* agreed that they would be available to return for a second day of testimony (without waiving the 7-hour limit) if the Court permitted inquiry on questions that went unanswered at depositions after considering the motions for protective orders.

9. Defendant Kulkarni's deposition was scheduled by agreement of the parties to be held on November 21, 2005. His deposition was scheduled shortly after the depositions of Steven Chilinski and Marian Lord (November 14-15, 2005). By that time, Crawford had been steadily pushing the limit of relevance in his deposition inquiry and the defendants fully appreciated the scope of the fishing expedition that Crawford has embarked upon. After the

Chilinski and Lord depositions, it was beyond doubt that Crawford would continue to ask numerous questions of Kulkarni and others that would be disputed by defendants for the reasons well known by the parties.

10. As such, defense counsel notified Crawford on November 18, 2005, that the gravity of the unresolved discovery issues warranted postponing Kulkarni's deposition until those issues could be resolved. Defendants did so in part based on the then-pending motion for protective order [Docket Item #24]. Defendants indicated that the postponement was also based on the existence of other issues that had been clearly raised and that would ultimately form the basis for defendants' second motion for protective order [Docket Item #31]. *See Exhibits B, C and D.* There was no doubt that without the benefit of the Court's guidance on open discovery issues, Kulkarni was potentially subjecting himself to two days of depositions if he attended on November 21, 2005. Defense counsel notified Crawford of defendants' position sufficiently in advance of the November 21, 2005 deposition so that Crawford could avoid any costs associated with showing up unnecessarily. Defense counsel also notified the court reporting company in the same communications so that they would be aware that the deposition was canceled until the discovery issues were resolved. *See Exhibits B, C, and D.*

11. Despite the communications between the parties that took place on November 18, 2005, Crawford required that the court reporter show up for the canceled deposition on November 21, 2005. No deposition occurred that day.

12. The next deposition scheduled in this case was the deposition of Richard Cummings, a non-party witness who had been subpoenaed by Crawford to appear on November 29, 2005. Because Cummings is a non-party and beyond the control of defendants, the defendants sought to continue his deposition until the disputed discovery issues could be

resolved. On November 23, 2005, the defendants filed an emergency motion to continue the Cummings deposition. [Docket Item #29.]

13. On November 28, 2005, Magistrate Judge Collings heard oral argument on defendants' first motion for protective order concerning the 2005 financial statements and 2005 recapitalization. [Docket Item #24.] The Court took that matter under advisement and to date has not issued an order. Also on November 28, 2005, Magistrate Judge Collings heard oral argument on defendants' then-pending Emergency Motion to Continue the Deposition of Richard Cummings [Docket Item #29]. The Court denied the motion, but limited the substance and temporal scope of questioning as follows:

> [A]t the deposition, the plaintiff may not ask any questions relative to the 2005 recapitalization or the 2005 financial statements or any payments to Mr. Kulkarni after December 31, 2002.

*See Electronic Order entered November 28, 2005 granting in part and denying in part Docket Item #29.*

14. After the Court issued the electronic order concerning the Cummings deposition, the parties discussed Crawford's instant Motion to Compel Kulkarni. Defense counsel and Crawford agreed that the limitation on testimony substance expressed by the Court for the Cummings deposition would be appropriate for the Kulkarni deposition. As a result, the parties agreed to reschedule the Kulkarni deposition subject to the testimony limitation.[4] Kulkarni's deposition is scheduled to occur on December 7, 2005.

15. Defendants asked Crawford to withdraw his Motion to Compel Kulkarni as a result of the agreement to present Kulkarni on December 7, 2005. Crawford agreed to withdraw the portion of the instant Motion that contained his requests for expenses and his motion to

---

[4] Defendants did not consent to pay for the cost of any resumed deposition for Kulkarni.

-6-

compel Kulkarni's attendance. However, Crawford did not drop his request for default against Kulkarni or his request for unspecified "other" sanctions. *See Exhibit A*.

/s/ Mark M. Whitney
Mark M. Whitney

Dated: December 7, 2005

-7-

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on December 7, 2005, I filed the foregoing document with the Clerk of the Court by using the ECF system and served copies of the same upon Peter A. Crawford via e-mail. I further certify that I mailed the foregoing document and the notice of electronic filing to the pro se plaintiff, Peter A. Crawford, 23 Newcastle Drive, #11, Nashua, NH 03060, by U.S. mail, on December 7, 2005.

                                            /s/ Mark M. Whitney
                                            Mark M. Whitney, Esq.

**Whitney, Mark**

| | |
|---|---|
| **From:** | Whitney, Mark |
| **Sent:** | Wednesday, November 30, 2005 9:12 AM |
| **To:** | 'Peter Crawford' |
| **Cc:** | Kuhn, Jeff |
| **Subject:** | RE: Wolverine - Kulkarni deposition |

I don't disagree with your clarification in the first sentence of this email. However, the second sentence of your email relates to materials that are presently subject to a pending, including your definition. This is the issue that the court will sort out. We obviously will comply with any court order that provides further clarification that is issued prior to 12/7.

> -----Original Message-----
> **From:** Peter Crawford [mailto:petercra@ix.netcom.com]
> **Sent:** Wednesday, November 30, 2005 8:06 AM
> **To:** Whitney, Mark
> **Cc:** Kuhn, Jeff
> **Subject:** Re: Wolverine - Kulkarni deposition
>
>
> To be completely correct, it should be stated that you have "agreed in advance that Kulkarni would be available on another date if the Court rules against us with respect to any portion of either defendants' motion for a protective order concerning the 2005 financials, the 2005 recap, or the second motion for protective order concerning payments from WPS to Kulkarni." The term "WPS" is broadly defined as including the companies and entities enumerated or referred to in Plaintiff's Interrogatories to Defendant Kulkarni, Set No. 1, interrogatory 2, as well as Wolverine, Proctor & Schwartz, LLC. The withdrawal of the motion to compel and for costs relates only to his failure to appear on 11/21. A subsequent motion may be made if Mr. Kulkarni does not appear on 12/7, or for any subsequent deposition. Also, if there is a ruling from the court on either of your motions for a protective order prior to the 12/7 deposition, that ruling would supersede this agreement to the extent that it is inconsistent with it.
>
>
> Please advise if these terms are acceptable.
>
>
> Regards,
>
>
> Peter Crawford
>
>
> On Nov 29, 2005, at 7:10 PM, Whitney, Mark wrote:
>
>
> **This will confirm that we have agreed, in light of the court's recent order concerning Richard Cummings and our discussions after issuance of that order, to produce Mr. Kulkarni for his deposition subject to**

12/6/2005

**the same limitations that M.J. Collings issued for Cummings. Kulkarni will appear at 11am on Wed 12/7 at my office. In return, you have agreed to withdraw at least the portions of your motion to compel Kulkarni that dealt with the request for costs and to compel his attendance. We have also agreed in advance that Kulkarni would be available on another date if the judge rules against us with respect to defendants' motion for a protective order concerning the 2005 financials, the 2005 recap, and the second motion for protective order concerning payments from WPS to Kulkarni.**

**My understanding is that you presently still intend to seek whatever sanctions that the court may decide to issue, if any, and your request for default as to Kulkarni.**

**If you decide that you wish to withdraw any other portion of that motion, please let me know so I can modify the opposition appropriately. If I have misstated your present position on this, please let me know as soon as possible.**

***Mark M. Whitney***

Morgan, Brown & Joy, LLP

200 State Street

Boston, MA  02109-2605

Direct Ph: 617-788-5023

Direct Fx: 720-293-9696

Mobile Ph: 617-365-7529

Bio and V-card download

MB&JWebsite

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

Whitney, Mark

| | |
|---|---|
| **From:** | Whitney, Mark |
| **Sent:** | Tuesday, December 06, 2005 1:57 PM |
| **To:** | Whitney, Mark |
| **Subject:** | FW: Wolverine case - Kulkarni deposition |
| **Importance:** | High |

-----Original Message-----
**From:** Whitney, Mark
**Sent:** Friday, November 18, 2005 7:04 AM
**To:** 'Peter Crawford'
**Cc:** Kuhn, Jeff; 'leavittreporting@att.net'
**Subject:** Wolverine case - Kulkarni deposition
**Importance:** High

Mr. Crawford,

Because you have indicated that you will persist in seeking discovery of Mr. Kulkarni's private compensation information beyond the payment alleged in Count 7 of your complaint, please be advised that we will be filing a second motion for protective order today. The more that we have examined the legal aspects of this issue, it has become abundantly clear that you should not be permitted to inquire into payments other than the one alleged in your complaint. As we have previously discussed at length, the motion we will file today will seek to limit discovery of any compensation information beyond the $135k payment that you attempted to halt on 1/14/02.

We have previously made witnesses available on a voluntary basis in advance of the pending motion being resolved. As of today, we will now have two motions that must be resolved. As such, Mr. Kulkarni is not interested in volunteering to potentially appearing for more than one day of deposition; nor is he required to do so. We therefore will not be making Mr. Kulkarni available until the pending issues are resolved.

I am advising you of this now, so that you will have more than sufficient time to cancel the arrangements with Leavitt Reporting.

We currently have a court date of 11/28 for your motion to compel and our cross-motion for protective order. If you are willing and able to submit an opposition earlier than the due date under the rules, then I would have no objection to contacting the clerk and asking that all motions be heard on that date. Alternatively, if you wish to utilize the full opposition period under the rules, then I would also have no objection to continuing the 11/28 date to coincide with a later hearing on all issues. Of course, we could also do nothing and attend two hearings on the two sets of motions. Please let me know what sort of motion coordination, if any, you would like to propose to the court.

*Mark Whitney*

**Mark M. Whitney**
Morgan, Brown & Joy, LLP
200 State Street
Boston, MA  02109-2605
Phone # 617-788-5023
Mobile #617-365-7529
E-fax # 720-293-9696

[Bio and V-Card](#)
[MB&J Website](#)

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

12/6/2005

**Whitney, Mark**

| | |
|---|---|
| **From:** | Whitney, Mark |
| **Sent:** | Tuesday, December 06, 2005 2:02 PM |
| **To:** | Whitney, Mark |
| **Subject:** | FW: Wolverine case - Kulkarni deposition |
| **Importance:** | High |

-----Original Message-----
**From:** Whitney, Mark
**Sent:** Friday, November 18, 2005 5:11 PM
**To:** 'Peter Crawford'; Whitney, Mark
**Cc:** 'leavittreporting@att.net'; Kuhn, Jeff; Kugell, Jaclyn
**Subject:** RE: Wolverine case - Kulkarni deposition
**Importance:** High

Mr. Crawford,

You are applying too tortured a reading of the rules. And. for that matter, you are wrong about Rule 30(g) – 30(g) (1) says that if the noticing party fails to show, he may be responsible for costs of those who attend in response to the notice. 30(g)(2) says that if the noticing party fails to serve a subpoena upon a witness and the witness fails to attend, then the noticing party may be liable for "reasonable" expenses of those *other parties* who attended because they "expected" the deposition to occur. The current situation does not fit into that rule.

Moreover, no expenses incurred in connection with the 11/21 deposition would be "reasonable" because you have been given ample notice to cancel with Leavitt Reporting. Moreover, there are no parties who could reasonably say that they "expect" the deposition to take place; again because everyone has been given ample notice that there is no deposition in light of the pending motions. I have included Leavitt Reporting in all of my emails today which gave notice to you that there will be no deposition on Monday.

It is important for you to appreciate that, technically under the rules, when you began to delve into areas that were objectionable to the point of needing to instruct a witness not to answer, I was supposed to terminate the deposition and make a motion for a protective order. Instead, we have been communicating with you openly, as a matter of logistical cooperation and courtesy, about the questions that would be part of a motion for protective order and went forward with some depositions with the understanding that the witness would agree to return if the protective order was not granted in whole or part. Key to those scenarios was that the witnesses were willing to potentially come back again. Mr. Kulkarni is not, and nor is he required to agree to do so.

I repeat – <u>no one will be at MB&J on Monday for a deposition of Mr. Kulkarni</u>. He is not willing to potentially testify twice, and in light of the pending issues that relate to discovery motions and your persistence to delve into those areas, Kulkarni's deposition is guaranteed to be terminated.

You have been provided ample notice and opportunity to avoid any costs that would relate to you or Leavitt Reporting showing up on Monday.

Mark Whitney

-----Original Message-----
**From:** Peter Crawford [mailto:petercra@ix.netcom.com]
**Sent:** Friday, November 18, 2005 4:40 PM
**To:** Whitney, Mark
**Cc:** 'leavittreporting@att.net'; Kuhn, Jeff
**Subject:** Re: Wolverine case - Kulkarni deposition

Your proposal is rejected. A validly issued notice of deposition was provided and is in effect. Pursuant to Fed. R. Civ. P. 30(g) the deponent will be responsible for a minimum of $165 for cancellation of the deposition if he does not appear.

There is no basis for a deponent not appearing because he is concerned that certain questions may be asked. You are free to object and advise the witness not to answer and the witness is free to refuse to answer. Of course, if such is done, the witness may be compelled to return to answer the unanswered questions.

There are many other questions that are unrelated to the subjects of the motions for a protective order that I intend to ask.

Peter Crawford

On Nov 18, 2005, at 7:03 AM, Whitney, Mark wrote:

## Mr. Crawford,

Because you have indicated that you will persist in seeking discovery of Mr. Kulkarni's private compensation information beyond the payment alleged in Count 7 of your complaint, please be advised that we will be filing a second motion for protective order today. The more that we have examined the legal aspects of this issue, it has become abundantly clear that you should not be permitted to inquire into payments other than the one alleged in your complaint. As we have previously discussed at length, the motion we will file today will seek to

limit discovery of any compensation information beyond the $135k payment that you attempted to halt on 1/14/02.

We have previously made witnesses available on a voluntary basis in advance of the pending motion being resolved. As of today, we will now have two motions that must be resolved. As such, Mr. Kulkarni is not interested in volunteering to potentially appearing for more than one day of deposition; nor is he required to do so. We therefore will not be making Mr. Kulkarni available until the pending issues are resolved.

I am advising you of this now, so that you will have more than sufficient time to cancel the arrangements with Leavitt Reporting.

We currently have a court date of 11/28 for your motion to compel and our cross-motion for protective order. If you are willing and able to submit an opposition earlier than the due date under the rules, then I would have no objection to contacting the clerk and asking that all motions be heard on that date. Alternatively, if you wish to utilize the full opposition period under the rules, then I would also have no objection to continuing the 11/28 date to coincide with a later hearing on all issues. Of course, we could also do nothing and attend two

hearings on the two sets of motions. Please let me know what sort of motion coordination, if any, you would like to propose to the court.

# *Mark Whitney*

**Mark M. Whitney**

Morgan, Brown & Joy, LLP

200 State Street

Boston, MA 02109-2605

Phone # 617-788-5023

Mobile#617-365-7529

E-fax # 720-293-9696

Bio and V-Card

MB&J Website

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

12/6/2005

**Whitney, Mark**

---

**From:** Whitney, Mark
**Sent:** Friday, November 18, 2005 5:23 PM
**To:** 'Peter Crawford'
**Cc:** Kuhn, Jeff; 'leavittreporting@att.net'
**Subject:** RE: Wolverine case - Kulkarni deposition

Under 37(d), the failure to appear is not excusable because the questions are objectionable, but it is when a motion for protective order is filed: "unless the party failing to act has applied for a protective order." We already have one motion for protective order on file. Another one will be on file before the scheduled deposition and you have known that for several days. Moreover, you will not be awarded sanctions in light of the open and frequent communication about these issues that is on record; nor will you be awarded expenses because your showing up on Monday would not be reasonable in light of such communications.

If you want to seek more time for discovery to ease pressure in light of 12/16's rapid approach, we would not oppose a reasonable extension so long as related deadlines are adjusted as well.

> -----Original Message-----
> **From:** Peter Crawford [mailto:petercra@ix.netcom.com]
> **Sent:** Friday, November 18, 2005 5:17 PM
> **To:** Mark Whitney
> **Cc:** Jeff Kuhn
> **Subject:** Re: Wolverine case - Kulkarni deposition
>
>
> After further review of the rules, it appears that Fed. R. Civ. P. 30(g) is not applicable. Instead Fed. R. Civ. P. 37(d) is. That provides for sanctions, including entry of a default judgment, and permits the court to make such orders as are just. That would presumably include the jailing of Mr. Kulkarni until such time as the deposition has been completed. I will be at your offices at 11:00 a.m. on Monday, together with the reporter. If Mr. Kulkarni does not appear, I will seek sanctions.
>
>
> With regard to the alleged pending motion, I will have to wait to see it before deciding upon what response I may have and whether such response could be completed prior to the scheduled hearing on November 28. I not permit delay of either that hearing or of the Cummings deposition on November 29. Defendants' dilatory tactics and egregious delays (including a delay of over two weeks on the RPDs), have left us with little time to complete discovery prior to the deadline.
>
>
> Peter Crawford
>
>
> On Nov 18, 2005, at 4:39 PM, Peter Crawford wrote:
>
> Your proposal is rejected. A validly issued notice of deposition was provided and is in effect. Pursuant to Fed. R. Civ. P. 30(g) the deponent will be responsible for a minimum of $165 for cancellation of the

deposition if he does not appear.

There is no basis for a deponent not appearing because he is concerned that certain questions may be asked. You are free to object and advise the witness not to answer and the witness is free to refuse to answer. Of course, if such is done, the witness may be compelled to return to answer the unanswered questions.

There are many other questions that are unrelated to the subjects of the motions for a protective order that I intend to ask.

Peter Crawford

On Nov 18, 2005, at 7:03 AM, Whitney, Mark wrote:

## Mr. Crawford,

Because you have indicated that you will persist in seeking discovery of Mr. Kulkarni's private compensation information beyond the payment alleged in Count 7 of your complaint, please be advised that we will be filing a second motion for protective order today.  The more that we have examined the legal aspects of this issue, it has become abundantly clear that you should not be permitted to inquire into payments other than the one alleged in your complaint.  As we have previously discussed at length, the motion we will file today will seek to limit discovery of any compensation information beyond the $135k payment that you attempted to halt on 1/14/02.

12/6/2005

We have previously made witnesses available on a voluntary basis in advance of the pending motion being resolved. As of today, we will now have two motions that must be resolved. As such, Mr. Kulkarni is not interested in volunteering to potentially appearing for more than one day of deposition; nor is he required to do so. We therefore will not be making Mr. Kulkarni available until the pending issues are resolved.

I am advising you of this now, so that you will have more than sufficient time to cancel the arrangements with Leavitt Reporting.

We currently have a court date of 11/28 for your motion to compel and our cross-motion for protective order. If you are willing and able to submit an opposition earlier than the due date under the rules, then I would have no objection to contacting the clerk and asking that all motions be heard on that date. Alternatively, if you wish to utilize the full opposition period under the rules, then I would also have no objection to continuing the 11/28 date to coincide with a later hearing on all issues. Of course, we could also do nothing and attend two hearings on the two sets of motions. Please let me know what sort of motion coordination, if any, you would like to propose to the court.

*Mark Whitney*

12/6/2005

**Mark M. Whitney**

Morgan, Brown & Joy, LLP

200 State Street

Boston, MA 02109-2605

Phone # 617-788-5023

Mobile#617-365-7529

E-fax # 720-293-9696

Bio and V-Card

MB&J Website

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS

STRICTLY PROHIBITED.