UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

PETER A. CRAWFORD,

       Plaintiff,

v.

WOLVERINE, PROCTOR & SCHWARTZ, INC.,
STEVEN F. CHILINSKI, and
DEEPAK S. KULKARNI,

       Defendants.

Civil Action No.
05-cv-10078 (DPW)

---

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND AND DISSOLVE THE PROTECTIVE ORDER IN LIGHT OF THE AMENDED COMPLAINT**

Defendants Wolverine, Proctor & Schwartz, Inc. ("WPS"), Steven F. Chilinski and Deepak S. Kulkarni hereby submit the following memorandum of law in opposition to plaintiff *pro se* Peter A. Crawford's Motion to Amend and Dissolve this Court's January 6, 2006 Protective Order.

Crawford's Motion to Amend or Dissolve this Court's January 6 Protective Order should be denied for the following reasons:

- Because Crawford has failed to either file or serve an Amended Complaint, there are no changed circumstances in this litigation which would justify modification or dissolution of this Court's Protective Order.

For the foregoing reasons, and those more fully articulated below, defendants request that this Court deny Crawford's Motion to Amend or Dissolve this Court's January 6, 2006 Protective Order.

**RELEVANT PROCEDURAL HISTORY**

Crawford commenced the instant suit on January 15, 2005. Crawford's original Complaint asserts seven separate causes of action against the defendants.

On April 8, 2005, defendant WPS filed its Answer. Following dispositive motion practice, all of the defendants filed an Amended Answer on November 16, 2005.

In mid-October 2005, it became apparent the parties were at impasse with respect to the relevance and discoverability of certain of Crawford's discovery requests. Specifically at issue were Crawford's repeated demands that the defendants produce documentation and interrogatory responses relating to WPS's 2005 financial performance and WPS's February 2005 recapitalization.

Unable to resolve their discovery differences, the parties eventually sought judicial intervention. On October 25, 2005, Crawford filed a Motion to Compel the defendants to produce materials relevant to WPS's February 2005 recapitalization and the company's 2005 financial performance. On November 4, 2005, the defendants filed their opposition to Crawford's Motion to Compel and filed a mirror-image Motion for a Protective Order.

In support of their Motion for a Protective Order, defendants argued that, in light of the allegations contained in Crawford's Complaint, WPS's 2005 recapitalization and the company's 2005 financial statements could have no conceivable relevance to the factual merits of Crawford's claims. Defendants further argued that the rationale offered by Crawford in support of his Motion to Compel – that the demanded discovery was relevant to WPS's capacity to satisfy a judgment – was not only devoid of merit under the Federal Rules, but was a pretext for Crawford's actual reason for attempting to compel

disclosure. Crawford acknowledged to defense counsel during discovery conferences that he was attempting to use the discovery process to procure documents which would allow Crawford to develop and flesh-out certain unspecified and unasserted claims he planned to bring against Kulkarni in the future.

Oral arguments on Crawford's Motion to Compel and defendants' countervailing Motion for a Protective Order were heard by the Hon. Robert B. Collings on November 28, 2005.

On January 6, 2006, the Court issued its Orders resolving all of the then-pending discovery motions. The Court granted defendants' First Motion for a Protective Order and barred Crawford from conducting any discovery on WPS's 2005 recapitalization and the company's 2005 financial performance.

On January 17, 2006, dissatisfied with the Court's Orders resolving the parties' discovery disputes, Crawford filed two Rule 72 objections to the Magistrate's January 6, 2006 Orders.

Also on January 17, 2006, in an effort to circumvent the Court's Protective Orders, Crawford brought a motion for Leave to Amend his Complaint. Included as an exhibit to Crawford's Motion for Leave to Amend was an unsigned "proposed" Amended Complaint.

On January 31, 2006, defendants filed a Notice of Non-Opposition to Crawford's Motion for Leave to Amend.

On February 1, 2006, the Court granted, without comment, Crawford's unopposed Motion for Leave to Amend his Complaint.

Despite being granted leave by the Court to file an Amended Complaint, however, Crawford has, as of this date, failed to either file an Amended Complaint or serve an Amended Complaint upon any of the defendants or defense counsel.

Since Crawford filed his motion for leave to amend in mid-January 2006, significant additional discovery has taken place in this litigation. This recent discovery includes not only production of additional documentation, but also the taking of sworn deposition testimony from both Crawford and Kulkarni – the two key witnesses in this case.

## ARGUMENT

**THERE HAS BEEN NO CHANGE IN CIRCUMSTANCES IN THIS LITIGATION WHICH JUSTIFIES AMENDMENT OR DISSOLUTION OF THE COURT'S JANUARY 6, 2006 PROTECTIVE ORDER.**

In his Memorandum of Law, Crawford argues that the Court's January 6, 2006 Protective Order, which precluded discovery into WPS's 2005 recapitalization and WPS's 2005 financial data, should be dissolved based on a change of circumstance in this litigation. Because Crawford's entire argument in support of his motion to amend or dissolve the protective order is predicated on an incorrect factual assertion regarding the circumstances of this litigation – specifically that Crawford's original Complaint has been amended – Crawford's instant motion must be denied.

In Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 782 (1st Cir. 1988), the First Circuit noted that courts have "inherent power to modify discovery-related protective orders… when circumstances justify." However, "although a district court has power to modify a protective order… the required showing must be more substantial than

4

the good cause" required to obtain a Rule 26(c) protective order in the first place. Geller v. Branic Int'l Realty Corp., 212 F.3d 734, 738 (2nd Cir. 2000).

On January 6, 2006, the Court issued a protective order which precluded Crawford from conducting discovery into either WPS's 2005 recapitalization or WPS's 2005 financial documents. In granting defendants' application for a protective order, the Court presumably agreed with the defendants' contention that WPS's 2005 recapitalization and financial documents were not relevant to any of the claims articulated in plaintiff's Complaint and that, furthermore, Crawford sought those documents only to develop certain unasserted claims he was contemplating bringing against Kulkarni.

Crawford's instant motion to dissolve or amend the Court's January 6, 2006 Protective Order is based on Crawford's contention that, subsequent to January 6, the circumstances of this litigation have changed to a sufficient degree to justify modification of the Protective Order. The specific changed circumstance cited in Crawford's motion argument is the inclusion of two new causes of action – for fraud and an accounting – that were included in Crawford's proposed unsigned Amended Complaint. Despite being granted leave by this Court to file an Amended Complaint on February 1, 2006, however, Crawford has neither filed an Amended Complaint with this Court nor served an Amended Complaint upon the defendants or their counsel. The defendants have also never been furnished with a signed copy of an Amended Complaint in an even informal manner.

Moreover, the defendants cannot presume – if and when Crawford chooses to serve and file an Amended Complaint – that the allegations and claims in such a documents will be identical to or different from those in the unsigned "proposed"

5

Amended Complaint included as an exhibit to Crawford's January 17, 2006 motion for leave to amend. Significant discovery has taken place in this matter since Crawford filed his Motion for Leave to Amend in mid-January 2006. With no Amended Complaint having been filed and served properly under the Federal Rules, Crawford may still chose to incorporate additional factual allegations prior to availing himself of the leave to amend granted by this Court on February 1, 2006. Thus, until an Amended Complaint is filed and served, both the parties and this Court have no choice but to continue to regard the original Complaint as Crawford's operative pleading.

Federal Rule of Civil Procedure 15(a) provides, in pertinent part, "that a party may amend the party's pleading only by leave of court… A party shall plead in response to an amended pleading [] within 10 days after *service* of the amended pleading…" [Emphasis supplied.] Rule 15(a) "must be read to require that an amended complaint be filed after leave to amend is granted, unless the court specifically rules otherwise by including in its order language to the effect that the complaint is deemed amended." Carter v. Church, 791 F. Supp. 297, 298 (M.D. Ga. 1992); see also, *Corpus Juris Secundum*, 35A § 425 ("An amended complaint must be filed after leave to amend is granted.") There is nothing in this Court's one-sentence February 1, 2006 Order granting Crawford's Motion for Leave to Amend which can be read to obviate the normal requirements of the Federal Rules pertaining to filing and service of amended pleadings.

Besides failing to file an Amended Complaint with this Court, Crawford has also failed to serve the defendants with any amended pleadings. "The service of amended pleadings is generally governed by the provision of FRCP 5, dealing with the service and filing of pleadings and other papers." *Federal Procedure, Lawyers Edition*, 27A §

6

62:264.  Among the documents listed under Fed. R. Civ. P. 5(a) as requiring service and filing, are "every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants."  Thus, "an amended pleading must be served in accordance with FRCP 5."  *Federal Procedure, Lawyers Edition*, 27A § 62:264; see also, *American Jurisprudence*, 2nd ed., 61A § 753.

Because an Amended Complaint has never been filed or served on the defendants pursuant to Federal Rules 5 or 15, the original Complaint, filed with this Court on January 12, 2005, remains Crawford's operative pleading.  Since no additional claims have been asserted in this matter, the circumstances of this litigation are identical to those that existed when the Court issued its January 6 Protective Order.  With no change of circumstances in this litigation, there is no cognizable basis for this Court to amend or dissolve its January 6 Protective Order.

**CONCLUSION**

Because Crawford has not yet amended his original Complaint, there has been no change of circumstances in this litigation which would justify either modification or dissolution of this Court's January 6, 2006 Protective Order.

In the event Crawford eventually files and serves an Amended Complaint, the defendants stand ready to discuss a possible amendment of this Court's January 6 Protective Order if – in light of whatever new allegations are contained in the Amended Complaint – the circumstances of this litigation so justify.

Dated: March 10, 2006

                                                  Respectfully submitted,

                                                  WOLVERINE, PROCTOR &
                                                  SCHWARTZ, INC.,
                                                  STEVEN F. CHILINSKI, and
                                                  DEEPAK S. KULKARNI

                                                  By their attorneys,

                                                  /s/ Jeffrey D. Kuhn_____
                                                  Mark Whitney (BBO #637054)
                                                  Jeffrey D. Kuhn (BBO #662326)
                                                  MORGAN, BROWN & JOY, LLP
                                                  200 State Street
                                                  Boston, Massachusetts   02109
                                                  (617) 523-6666

TO:   Peter A. Crawford, *pro se*
        23 Newcastle Drive #11
        Nashua, New Hampshire   03060
        (603) 888-4574

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 10, 2006, I filed the foregoing document with the Clerk of the Court by using the ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing to plaintiff *pro se* Peter A. Crawford, 23 Newcastle Drive #11, Nashua, New Hampshire 03060 by U.S. mail, on this 10th day of March, 2006.

/s/ Jeffrey D. Kuhn
_____