UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

PETER A. CRAWFORD,

       Plaintiff,

v().

WOLVERINE, PROCTOR & SCHWARTZ, INC.,
STEVEN F. CHILINSKI, and
DEEPAK S. KULKARNI,

       Defendants.
_____

Civil Action No.
05-cv-10078 (DPW)

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO THE PARTIAL DENIAL OF PLAINTIFF'S MOTION TO COMPEL AND ALLOWANCE OF DEFENDANTS' CROSS-MOTION FOR A PROTECTIVE ORDER

       Now come the defendants Wolverine, Proctor & Schwartz, Inc. ("WPS"), Steven F. Chilinski and Deepak S. Kulkarni to respond to plaintiff *pro se* Peter A. Crawford's Rule 72(a) objections to the January 6, 2006 Decision and Order of Magistrate Judge Robert B. Collings, denying in part plaintiff's Motion to Compel and granting defendants' Cross-Motion for a Protective Order. Because the Magistrate's Order was not "clearly erroneous" or "contrary to law," the defendants respectfully request that plaintiff's instant objection be overruled and the Magistrate's January 6, 2006 Decision and Order be upheld.

**DISCUSSION**

**THE MAGISTRATE'S JANUARY 6, 2006 DECISION AND ORDER RESOLVING THE PENDING DISCOVERY DISPUTES WAS NEITHER CLEARLY ERRONEOUS NOR CONTRARY TO LAW AND, AS A RESULT, MUST BE UPHELD.**

On October 24, 2005, plaintiff filed a motion to compel production. Among the documents demanded by plaintiff were a 2005 recapitalization agreement entered into by WPS and documents relevant to the company's 2005 financial condition. Defendants objected to the production of these documents, arguing that not only were the documents completely irrelevant to the claims articulated in the Complaint but, moreover, plaintiff's true motive was to seek production of the materials in order to support a series of unasserted claims against defendant Deepak S. Kulkarni.[1] Defendants filed a motion for a protective order on November 4, 2005 which sought, *inter alia*, to protect the 2005 recapitalization agreement and WPS's 2005 financial documents from disclosure.

Plaintiff filed his initial document requests on August 8, 2005, and defendants' responses were ostensibly due on September 7, 2005. Prior to defendants' responses coming due, however, defense counsel contacted plaintiff to request a modest two-week extension of time to provide responses to plaintiff's document requests. The extension was requested to accommodate the September 10, 2005 wedding (and subsequent two-week honeymoon) of defense counsel Jeffrey D. Kuhn. Despite the modest nature of the proposed extension plaintiff refused to assent to defense counsel's request.[2] Defendants

---

[1] Defendants' theory as to the motivation behind plaintiff's efforts to compel production of WPS's 2005 financial data and the 2005 recapitalization agreement was ultimately confirmed by plaintiff's subsequent action in moving for leave to amend his Complaint to assert the erstwhile unasserted claims.

[2] This extension request was defendants' first and only extension request with respect to plaintiff's initial document requests.

2

ultimately served their responses to plaintiff's document requests and objections on September 28, 2005.

Both in his motion papers and in oral arguments before the Magistrate, plaintiff argued that the Court should not have considered the merits of defendants' objections or the relevance of the documents plaintiff sought to compel because defendants had failed to assert their relevance objections in a timely manner. In support of this argument, plaintiff relied primary on the language of Local Rule 34.1(c)(1) and Magistrate Collings's decision in Krewson v. City of Quincy, 120 F.R.D. 6 (D. Mass. 1988).

Plaintiff's arguments notwithstanding, the Magistrate ultimate Decision and Order denied plaintiff's Motion to Compel with respect to the 2005 recapitalization agreement and WPS's 2005 financial data. By his instant objection, plaintiff incorrectly argues that the Magistrate's Decision and Order were clearly erroneous and contrary to law.

Plaintiff's papers in support of his motion to compel relied heavily on the Magistrate's earlier decision in Krewson v. City of Quincy, 120 F.R.D. 6 (D. Mass. 1988). In Krewson, the Court considered a plaintiff's motion to compel production of documents where one of the defendants failed to respond to the document requests until long after the Rule 34(b) deadline. 120 F.R.D. at 7. In fact, the defendant in Krewson did not respond in any manner to the plaintiff's document requests until after the plaintiff filed a motion to compel. Id. The defendant responded to the plaintiff's motion to compel by asserting several objections to the plaintiff's document requests. Id. In Krewson, Magistrate Collings held that where a "party fails to file *timely* objections to document requests, such a failure constitutes a waiver of any objections which a party

3

might have to the requests." Id. The Magistrate's opinion in Krewson went on to state, however, that:

> This is not to say that the Court is without discretion to decline to compel production of requested documents even if a timely objection has not been made "… when the request far exceeds the bounds of fair discovery."

Id.; citing, Slauenwhite v. Bekum Maschinenfabriken, GMBH, 35 F. R. Serv. 2d 975 (D. Mass. 1983).

Here, in his Motion to Compel, Mr. Crawford relied on the former component of the Krewson holding while ignoring the latter. Mr. Crawford argued that because defendants' discovery responses were served approximately two weeks late, the Magistrate should not have considered the defendants' objections to the ultimate relevance of the documents sought by plaintiff. In his January 6, 2006 Decision and Order, the Magistrate rejected plaintiff's argument and exercised his discretion pursuant to the Krewson holding to deny plaintiff's motion to compel. The Magistrate evidently agreed with the defendants that plaintiff's discovery requests far exceeded "the bounds of fair discovery," inasmuch as the requested documents had no conceivable relationship to plaintiff's claims and were relevant only to Mr. Crawford's formulation of further claims he planned to bring against Mr. Kulkarni. The Magistrate's exercise of discretion in this regard was entirely consistent with the holding in Krewson and similar decisions in other jurisdictions. See e.g., Kolenc v. Bellizzi, No. 95-4494, 1999 WL 92604, *3 (S.D.N.Y. Feb. 22, 1999) (Where a discovery request "far exceed[s] the bounds of fair discovery… a court retains discretion to decline to compel production of documents even if a timely objections has not been made."); Young v. U.S., 149 F.R.D. 199, 206 (S.D. Cal. 1993)

4

("… in this case due to the plaintiff's relatively short tardiness, the court would not find a waiver of privilege if the request exceeded the bounds of fair discovery…")

Dissatisfied with Magistrate Collings's interpretation of his own holding in Krewson, plaintiff's instant objection argues that Local Rule 34.1 grants this Court no discretion to deny plaintiff's motion to compel where defendants' discovery responses were submitted after the deadline. It is well-established, however, that "a district court possesses great leeway in the application and enforcement of its local rules." U.S. v. Roberts, 978 F.2d 17, 20 (1st Cir. 1992); see also, U.S. v. Diaz-Villafane, 874 F.2d 43, 46 (1st Cir. 1989), cert. denied, 493 U.S. 862 (1989); Aggarwal v. Ponce School of Medicine, 745 F.2d 723, 726 (1st Cir. 1984). Notwithstanding the language of Local Rule 34.1, therefore, the Magistrate's decision to credit defendants' relevance objections and deny plaintiff's Motion to Compel was not "clearly erroneous" or "contrary to law."

Based on the foregoing, this Court should overrule plaintiff's instant Rule 72(a) objections to the Magistrate's January 6, 2006 Decision and Order denying plaintiff's motion to compel.

5

Dated: March 11, 2006

                                      Respectfully submitted,

                                      WOLVERINE, PROCTOR &
                                      SCHWARTZ, INC.,
                                      STEVEN F. CHILINSKI, and
                                      DEEPAK S. KULKARNI

                                      By their attorneys,

                                      /s/ Mark M. Whitney
                                      Mark Whitney (BBO #637054)
                                      Jeffrey D. Kuhn (BBO #662326)
                                      MORGAN, BROWN & JOY, LLP
                                      200 State Street
                                      Boston, Massachusetts   02109
                                      (617) 523-6666


**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on March 11, 2006, I filed the foregoing document with the Clerk of the Court by using the ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing to plaintiff *pro se* Peter A. Crawford, 23 Newcastle Drive #11, Nashua, New Hampshire 03060 by U.S. mail, on March 13, 2006 and sent a courtesy copy by email to the plaintiff's email address: petercra@ix.netcom.com.

                                        /s/ Mark M. Whitney