UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

PETER A. CRAWFORD,

       Plaintiff,

v.

WOLVERINE, PROCTOR & SCHWARTZ, INC.,
STEVEN F. CHILINSKI, and
DEEPAK S. KULKARNI,

       Defendants.
_____

Civil Action No.
05-cv-10078 (DPW)

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION [*Docket #45*]
TO THE PARTIAL GRANTING OF DEFENDANTS'
<u>SECOND MOTION FOR A PROTECTIVE ORDER</u>**

       Now come the defendants Wolverine, Proctor & Schwartz, Inc. ("WPS"), Steven F. Chilinski and Deepak S. Kulkarni to respond to plaintiff *pro se* Peter A. Crawford's Rule 72(a) objections to the January 6, 2006 Order of Magistrate Judge Robert B. Collings, partially granting defendants' Second Motion for a Protective Order. Because the Magistrate's Order was not "clearly erroneous" or "contrary to law," the defendants respectfully request that plaintiff's instant objection be overruled and the Magistrate's January 6, 2006 Order be upheld.

## DISCUSSION

### THE MAGISTRATE'S JANUARY 6, 2006 ORDER PARTIALLY GRANTING DEFENDANTS' SECOND MOTION FOR A PROTECTIVE ORDER WAS NEITHER CLEARLY ERRONEOUS NOR CONTRARY TO LAW AND, AS A RESULT, MUST BE UPHELD.

Plaintiff's Complaint in this action was filed on January 12, 2005. The Complaint articulates a variety of claims sounding in different theories of relief – the most substantial being plaintiff's claim that he is owed a bonus as a result of his 2001 employment with WPS as chief operating officer ("COO").

In addition to plaintiff's unpaid bonus/breach of contract claims, however, plaintiff has also brought a claim for tortious interference against defendant Deepak S. Kulkarni. Plaintiff's tortious interference claim alleges that on January 14, 2002, Mr. Kulkarni (WPS's chief executive officer ("CEO") at the time) tortiously interfered with a short-term, at-will employment contract (the "Transition Agreement") between plaintiff and WPS by persuading WPS to terminate plaintiff's employment for an improper purpose. Plaintiff alleges that Mr. Kulkarni's motivation to interfere with plaintiff's Transition Agreement was plaintiff's refusal to cause WPS to make a payment to Mr. Kulkarni in the amount of $135,000 – and, as a result, plaintiff was terminated at Mr. Kulkarni's behest on January 14, 2002.

Once discovery in this matter began, plaintiff focused a substantial portion of his efforts and deposition questioning on seeking disclosure of various aspects of Mr. Kulkarni's finances – specifically payments made by WPS and other entities to Mr. Kulkarni.[1] Notwithstanding that plaintiff's tortious interference claim relies on a

---

[1] It is worth noting that all of the other entities from which the plaintiff sought discovery were non-public entities and owned by Mr. Kulkarni during the relevant period.

purported dispute regarding a single payment that was alleged to have been demanded by Mr. Kulkarni on January 14, 2002, plaintiff sought information on payments to Mr. Kulkarni from a period covering 1999 through the present. On November 27, 2005, in response to this repeated line of inquiry, defendants filed their Second Motion for a Protective Order.

Defendants' motion sought to preclude plaintiff from seeking disclosure of documents or materials relating to:

1. any payment of compensation or fringe benefits to defendant Deepak Kulkarni by WPS prior to January 14, 2002, with the exception of a $135,000 payment … which plaintiff contends relates to evidence of Kulkarni's improper motivation for tortiously interfering with plaintiff's contract;

2. any payment of compensation or fringe benefits to Deepak Kulkarni by WPS after January 14, 2002; and

3. any evidence relating to Kulkarni's personal and private financial affairs, which has no bearing on this proceeding.

As grounds for their motion, defendants argued that plaintiff was abusing the discovery process inasmuch as plaintiff continually sought revelation of information which was irrelevant to the parties' operative claims or defenses, harassing to Mr. Kulkarni, and unnecessarily intrusive upon Mr. Kulkarni's private finances.

On January 6, 2006, following oral arguments during which both parties fully articulated their positions, arguments and counter-arguments, Magistrate Judge Robert B. Collings issued an Order which partially granted defendants' Second Motion for a Protective Order. The Magistrate's Order stated that defendants' motion was:

…allowed as to any payment to defendant Kulkarni by any entity other than WPS, Inc. and WPS, LLC. The motion is allowed as to any payments to defendant Kulkarni by WPS, Inc. and WPS, LLC before

3

>January 1, 2001 and after December 31, 2002. The motion is otherwise denied.

Thus, the Magistrate allowed discovery only into 2001 or 2002 payments to Mr. Kulkarni from WPS, Inc. or WPS, LLC. The Magistrate's ultimate Order, therefore, staked out a compromise position which allowed the plaintiff to inquire into payments to Mr. Kulkarni, but only those payments received by Mr. Kulkarni from either WPS or WPS, LLC in the years 2001 or 2002.

Plaintiff now objects to the Magistrate's Order pursuant to Rule 72(a) by arguing that the Magistrate's compromise Order was *sua sponte* and, as a result, improper.

As an initial matter, plaintiff's argument is predicated on a tortured reading of the definition of the term *sua sponte*. *Sua sponte* means "without prompting or suggestion; on its own motion." *Black's Law Dictionary* (8th ed. 2004). Thus, that dictionary definition of *sua sponte* could never fit these circumstances, because the Magistrate's Order was prompted by defendants' Second Motion for a Protective Order. See, Velchez v. Carnival Corp., 331 F.3d 1207, 1210 (11th Cir. 2003).

In reality, plaintiff objects to the Magistrate's protective order because plaintiff contends that the language of the eventual order did not conform closely enough to the language of the defendants' application. Plaintiff argues that defendants sought only to limit discovery concerning payments from WPS, Inc. to Mr. Kulkarni and, inasmuch as the Magistrate's Order limited plaintiff's access to payments from WPS, LLC or other entities, the Order's limitations were too broad.

Plaintiff's argument in this regard, however, ignores two key facts: first, the third subpart to defendants' Second Motion for a Protective Order, asking the Court to preclude discovery into Mr. Kulkarni's irrelevant "personal and private financial affairs,"

4

is a broadly-worded request which encompasses the scope of the protective order ultimately issued by the Magistrate.  Secondly, in crafting a resolution to discovery disputes, the Magistrate is "afforded broad discretion, which will be overruled only if abused." Litton Industries Inc. v. Lehman Bros. Kuhn Loeb, Inc., 125 F.R.D. 51, 53-54 (S.D.N.Y. 1989).

"When considering objections to a magistrate judge's ruling on a non-dispositive matter, a district judge shall 'modify or set a aside any portion of the magistrate's order found to be clearly erroneous or contrary to law.'" AMW Materials Testing, Inc. v. Town of Babylon, 215 F.R.D. 67, 70 (E.D.N.Y. 2003) (citing, Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)).  "Matters involving pretrial discovery are generally considered 'non-dispositive of the litigation' and thus are subject to the 'clearly erroneous or contrary to law standard.'" Id. (citing, Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2nd Cir. 1990)).

"A party seeking to overturn a discovery order therefore bears a heavy burden." Id.; see also, Com-Tech Assocs. V. Computer Assoc. Int'l, 753 F. Supp. 1078, 1079 (E.D.N.Y. 1990), aff'd, 938 F.2d 1574 (2nd Cir. 1991).  Thus, "[p]ursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." AMW Materials Testing, 215 F.R.D. at 70-71.

Moreover, the "clearly erroneous or contrary to law" standard of review under Rule 72(a) "would preclude reconsideration of any orders which involve the exercise of discretion, such as rulings on motions wherein either allowing the motion or denying it or allowing part of it and denying the remainder would be within the 'discretion' of the

5

judicial officer." U.S. v. Gioia, 853 F. Supp. 21, 25-26 (D. Mass. 1994) (Collings, J.). As was stated above, magistrates are afforded "broad discretion in resolving discovery disputes." AMW Materials Testing, 215 F.R.D. at 70-71. Thus, in the context of adjudicating a discovery dispute, "none of the actions which the magistrate judge could take would be 'contrary to law' although another judicial officer might have chosen to exercise discretion in a different manner." Gioia, 853 F. Supp. at 26.

Here, plaintiff's brief in support of his Rule 72(a) objection simply rehashes the same arguments which plaintiff raised both in his initial opposition to defendants' motion for a protective order and during the oral arguments before the Magistrate. Plaintiff argues that the Magistrate's protective order is overly broad inasmuch as it bars inquiry into topics the plaintiff believes are relevant. The plaintiff has failed, however, to demonstrate that the Magistrate's Order was "clearly erroneous or contrary to law," much less an abuse of discretion.

In granting defendants' application for a protective order, the Magistrate correctly concluded that the discovery process could not be utilized by the plaintiff to conduct a limitless and open-ended inquiry into substantially all of Mr. Kulkarni's finances. The Magistrate exercised his discretion in crafting a compromise protective order which limited plaintiff's inquiry to those business dealings of Mr. Kulkarni which were most related to this litigation – either temporally or by subject matter. Although the Magistrate's eventual protective order was not as restrictive as defendants would have hoped – the Magistrate's properly exercised his discretionary authority in crafting a compromise resolution to the parties' discovery dispute.

## CONCLUSION

For the foregoing reasons, this Court should overrule plaintiff's Rule 72(a) objection to the Magistrate's partial granting of defendants' Second Motion for a Protective Order.

Dated: March 11, 2006

Respectfully submitted,

WOLVERINE, PROCTOR &
SCHWARTZ, INC.,
STEVEN F. CHILINSKI, and
DEEPAK S. KULKARNI

By their attorneys,

/s/ Mark M. Whitney
Mark Whitney (BBO #637054)
Jeffrey D. Kuhn (BBO #662326)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts   02109
(617) 523-6666

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 11, 2006, I filed the foregoing document with the Clerk of the Court by using the ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing to plaintiff *pro se* Peter A. Crawford, 23 Newcastle Drive #11, Nashua, New Hampshire 03060 by U.S. mail, on March 13, 2006 and sent a courtesy copy by email to the plaintiff's email address (petercra@ix.netcom.com) on March 11, 2006.

/s/ Mark M. Whitney
_____