UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____

PETER A. CRAWFORD,

    Plaintiff,

v.

WOLVERINE, PROCTOR & SCHWARTZ, INC.;
STEVEN F. CHILINSKI, and
DEEPAK S. KULKARNI,

    Defendants.
_____

Civil Action No.
05-cv-10078 (DPW)

**Oral Argument
Requested**

# DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(b), Defendants Wolverine, Proctor & Schwartz, Inc. ("Wolverine"), Steven F. Chilinski ("Chilinski") and Deepak S. Kulkarni ("Kulkarni") move that summary judgment be entered in their favor on the first seven counts of Plaintiff Peter A. Crawford's Complaint, as amended.

A summary of the grounds for this motion are:

1. Crawford's claims for violations of the Payment of Wages Act should be dismissed because the statute is inapplicable to the type of bonus payment at issue here.

2. Crawford's claims for breach of the parties' Transition Agreement and his related Wage Act claim should be dismissed because the undisputed facts demonstrate that WPS did not breach the agreement. Alternatively, Crawford's Wage Act claim relating to the Transition Agreement breach should be dismissed because he did not "earn" the wages that he now seeks to recover.

3. Crawford's claim for tortious interference against Kulkarni should be dismissed because Kulkarni, acting in his capacity as CEO of WPS, cannot be held personally liable for interfering with a contract to which WPS is a party.

4. Crawford's claims relating to his alleged unpaid bonus should be dismissed because there was no meeting of the minds between the parties as to how the bonus should be calculated.

5. Because Crawford failed to disclose material information in connection with a transaction that saved WPS from receivership and/or bankruptcy, and thus ensured the survival of Crawford's present claims, his claims should be dismissed under the equitable estoppel doctrine.

The grounds for this motion are set forth in detail in the defendants' Memorandum of Law, Statement of Undisputed Material Facts, as well as the Affidavits of Mark Whitney, Deepak Kulkarni and Mark Brown, submitted herewith.

For the above reasons, Wolverine's motion should be allowed and judgment entered in the defendants' favor on the first seven causes of action in the plaintiff's Complaint, as amended.

## CERTIFICATE

I certify that my associate, Jeffrey D. Kuhn, has discussed the foregoing motion with Plaintiff Peter A. Crawford, *pro se*, in an effort to resolve the underlying issues.

## REQUEST FOR ORAL ARGUMENT

Defendants respectfully request that the Court schedule oral argument on the instant Motion.

Dated: March 17, 2006

        Respectfully submitted,

        WOLVERINE, PROCTOR &
        SCHWARTZ, INC.,
        STEVEN F. CHILINSKI, and
        DEEPAK S. KULKARNI

        By their attorneys,

        <u>/s/ Mark M. Whitney</u>
        Mark M. Whitney (BBO #637054)
        Jeffrey D. Kuhn
        MORGAN, BROWN & JOY, LLP
        200 State Street
        Boston, Massachusetts   02109
        (617) 523-6666

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 17, 2006, I filed the foregoing document with the Clerk of the Court by using the ECF system and served an electronic copy upon the plaintiff.  I further certify that I mailed the foregoing document and the notice of electronic filing to the pro se plaintiff, Peter A. Crawford, 23 Newcastle Drive, #11, Nashua, NH  03060, by U.S. mail, on March 20, 2006.

                                          /s/ Mark M. Whitney____
                                          Mark M. Whitney, Esq.