UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER A. CRAWFORD,

      Plaintiff,

v.

WOLVERINE, PROCTOR & SCHWARTZ, INC.;
STEVEN F. CHILINSKI, and
DEEPAK S. KULKARNI,

      Defendants.

Civil Action No.
05-cv-10078 (DPW)

## AFFIDAVIT OF ERIK SCOTT

I, Erik Scott, on oath depose and say that:

1. I am currently employed as a Vice President of Palladium Equity Partners LLC. My principal place of business is located at 1270 Avenue of the Americas – 22nd Floor, New York, New York 10020.

2. I was a member of the Board of Directors of the defendant, Wolverine, Proctor & Schwartz, Inc., or its successor entity Wolverine, Proctor & Schwartz LLC (collectively, "WPS"), from January 2002 through January 2004. I sat on the Board of WPS in my capacity as a Principal with Parthenon Capital ("Parthenon"). Parthenon and certain related entities consummated a transaction in December 2001 whereby Parthenon acquired a majority ownership interest in WPS.

3. As part of the December 2001 transaction whereby Parthenon acquired a majority ownership interest in WPS, WPS's former Chief Executive Officer, Deepak Kulkarni, executed a Consulting Agreement with WPS. Pursuant to the language in Mr.

Kulkarni's Consulting Agreement, Mr. Kulkarni stepped down from his position as CEO of WPS and became a consultant to WPS.

4. Mr. Kulkarni's consulting agreement was executed at approximately the same time as most of the other key documents related to the Parthenon/WPS transaction at the end of December 2001. The language of Mr. Kulkarni's Consulting Agreement notwithstanding, both the WPS Board and Mr. Kulkarni agreed that Mr. Kulkarni would continue to act as WPS's CEO until such time as a successor could be hired and installed by the Board. Mr. Kulkarni did, in fact, act as WPS's acting CEO until at-least February 2002.

5. The Board's decision to install Mr. Kulkarni as WPS's CEO until a successor could be found was memorialized in a December 31, 2001 written documents signed by all five members of the WPS Board entitled "Action by Unanimous Written Consent of Directors in Lieu of a Meeting of Directors." A copy of the Unanimous Written Consent of Directors dated December 31, 2001 is attached as Exhibit "A." My signature appears on Page W0038.

6. As WPS's acting CEO in early 2002, Mr. Kulkarni performed all of the normal duties of a corporate CEO. Mr. Kulkarni oversaw the company's physical construction of product and order fulfillment. Mr. Kulkarni also oversaw WPS's United Kingdom operations in his capacity as the company's acting CEO. As acting CEO, Mr. Kulkarni was also responsible for the company's personnel decisions including interviewing his potential replacement. As acting CEO, Mr. Kulkarni interviewed his eventual replacement, Steven Chilinski.

7. Attached hereto as Exhibit "B" are the minutes of the WPS Board of Directors meeting held on February 28, 2002. The minutes of the February 28, 2002 WPS Board of Directors meeting read in part:

> The next item of business was to remove Deepak Kulkarni as Chief Executive Officer of Wolverine Proctor & Schwartz and install Steven Chilinski as the new Chief Executive Officer. A motion duly made and seconded, it was:
>
> **VOTED:** To remove Deepak Kulkarni as Chief Executive Officer and install Steven Chilinski as the new Chief Executive Officer of the company.

Although I did not personally attend this meeting, I was made aware of this Board action by the other Board members and through receipt of the Board's written minutes. I was also aware that this Board action was the intention of the Board at that time. Although this Board action took place on February 28, 2002, I recall that Steven Chilinski was hired by WPS and commenced employment as CEO earlier in February.

8. In or about January 2002, Mr. Kulkarni contacted me by telephone to recommend that WPS's then-current Chief Operations Officer, Peter A. Crawford, be terminated from employment with the company. It was explained to me that the primary reason for terminating Mr. Crawford's employment was that he was not well-regarded or respected by WPS's senior management. After my discussion with Mr. Kulkarni, I consulted and discussed the topic of Crawford's potential termination with the other Parthenon members of the WPS Board. We authorized Mr. Crawford's immediate termination and I communicated that authorization to Messrs. Mr. Brown and/or Mr. Kulkarni by telephone.

Signed under the penalties and pains of perjury the 14 day of March 2006.

Erik Scott

# EXHIBIT A
# SCOTT

# WOLVERINE PROCTOR & SCHWARTZ, INC.

Action by Unanimous Written Consent of Directors
In Lieu of a Meeting of Directors

The undersigned, being all of the directors of Wolverine Proctor & Schwartz, Inc., a Massachusetts corporation (the "Corporation"), hereby consent to and adopt the resolutions attached hereto as Exhibit 1 and consent to the actions described therein in the same manner as if duly presented to and approved at a meeting of the Board of Directors of the Corporation duly called for such purpose.

This consent may be executed in one or more counterparts and shall be filed with minutes of meetings of the Board of Directors of the Corporation.

**IN WITNESS WHEREOF**, the undersigned have caused this unanimous written consent to be executed as of the date first written below.

_____
Ernest K. Jacquet

_____
Erik Scott

_____
John C. Rutherford

_____
Deepak Kulkarni

_____
Mark Brown

Dated: December 31, 2001

8690684.1

# WOLVERINE PROCTOR & SCHWARTZ, INC.

Action by Unanimous Written Consent of Directors
In Lieu of a Meeting of Directors

The undersigned, being all of the directors of Wolverine Proctor & Schwartz, Inc., a Massachusetts corporation (the "Corporation"), hereby consent to and adopt the resolutions attached hereto as Exhibit 1 and consent to the actions described therein in the same manner as if duly presented to and approved at a meeting of the Board of Directors of the Corporation duly called for such purpose.

This consent may be executed in one or more counterparts and shall be filed with minutes of meetings of the Board of Directors of the Corporation.

**IN WITNESS WHEREOF**, the undersigned have caused this unanimous written consent to be executed as of the date first written below.

_____
Ernest K. Jacquet

_/s/ Erik Scott_____
Erik Scott

_____
John C. Rutherford

_____
Deepak Kulkarni

_____
Mark Brown

Dated: December 31, 2001

## WOLVERINE PROCTOR & SCHWARTZ, INC.

Action by Unanimous Written Consent of Directors
<u>In Lieu of a Meeting of Directors</u>

The undersigned, being all of the directors of Wolverine Proctor & Schwartz, Inc., a Massachusetts corporation (the "<u>Corporation</u>"), hereby consent to and adopt the resolutions attached hereto as <u>Exhibit 1</u> and consent to the actions described therein in the same manner as if duly presented to and approved at a meeting of the Board of Directors of the Corporation duly called for such purpose.

This consent may be executed in one or more counterparts and shall be filed with minutes of meetings of the Board of Directors of the Corporation.

**IN WITNESS WHEREOF**, the undersigned have caused this unanimous written consent to be executed as of the date first written below.

_____
Ernest K. Jacquet


_____
Erik Scott

*/s/ John Rutherford*
John C. Rutherford


_____
Deepak Kulkarni


_____
Mark Brown


Dated: December 31, 2001

8690684.1

W0039

# WOLVERINE PROCTOR & SCHWARTZ, INC.

Action by Unanimous Written Consent of Directors
<u>In Lieu of a Meeting of Directors</u>

The undersigned, being all of the directors of Wolverine Proctor & Schwartz, Inc., a Massachusetts corporation (the "<u>Corporation</u>"), hereby consent to and adopt the resolutions attached hereto as <u>Exhibit 1</u> and consent to the actions described therein in the same manner as if duly presented to and approved at a meeting of the Board of Directors of the Corporation duly called for such purpose.

This consent may be executed in one or more counterparts and shall be filed with minutes of meetings of the Board of Directors of the Corporation.

**IN WITNESS WHEREOF**, the undersigned have caused this unanimous written consent to be executed as of the date first written below.

_____
Ernest K. Jacquet

_____
Erik Scott

_____
John C. Rutherford

_____
Deepak Kulkarni

_____
Mark Brown

Dated: December 31, 2001

8690684.1

W0040

# WOLVERINE PROCTOR & SCHWARTZ, INC.

Action by Unanimous Written Consent of Directors
In Lieu of a Meeting of Directors

The undersigned, being all of the directors of Wolverine Proctor & Schwartz, Inc., a Massachusetts corporation (the "Corporation"), hereby consent to and adopt the resolutions attached hereto as Exhibit 1 and consent to the actions described therein in the same manner as if duly presented to and approved at a meeting of the Board of Directors of the Corporation duly called for such purpose.

This consent may be executed in one or more counterparts and shall be filed with minutes of meetings of the Board of Directors of the Corporation.

IN WITNESS WHEREOF, the undersigned have caused this unanimous written consent to be executed as of the date first written below.

_____
Ernest K. Jacquet

_____
Erik Scott

_____
John C. Rutherford

_____
Deepak Kulkarni

_/s/ Mark Brown_____
Mark Brown

Dated: December 31, 2001

8690684.1

W0041

Exhibit 1

## WOLVERINE PROCTOR & SCHWARTZ, INC.

### RESOLUTIONS

#### Removal and Appointment of Officers

RESOLVED: That all officers of this Corporation shall be and are hereby removed from office without cause, effective immediately.

RESOLVED: That each of the following individuals shall be and are hereby elected to the office or offices set forth opposite his/her name, to serve in accordance with the Bylaws of the Corporation:

| | |
|---|---|
| Deepak Kulkarni | Chief Executive Officer |
| Erik Scott | Vice President |
| Mark Brown | Secretary & Treasurer |

[The remainder of this page has been intentionally left blank.]

8690684

W0042

# EXHIBIT B
# SCOTT

<u>**Wolverine Proctor & Schwartz, Inc.**</u>
Minutes of Board of Directors Meeting
*February 28, 2002*

Pursuant to notice duly given, a special meeting of the Board of Directors of Wolverine Proctor & Schwartz was held at 10:00 a.m. on Thursday, February 28, 2002 at the offices of Wolverine Proctor & Schwartz, 51 East Main Street, Merrimac, MA. Present and acting throughout the meeting were Deepak Kulkarni, Gideon Argov, Steven Chilinski, and Mark Brown. Also present by invitation were Marshall Bartlett, Senior Associate at Parthenon Capital, and Thomas Scriven, Associate at Parthenon Capital. Mr. Thomas Scriven, as secretary pro tempore, kept the minutes of the meeting.

Steven Chilinski introduces the first item of business, which was to discuss the highlights of the budget, sales & marketing strategy, organizational structure of business, and the strategic direction of the company.

The next item of business was to discuss the market and competitive environment. A general discussion among the directors ensues with regards to customer relationships, competitors, business procedures, cost structure of projects, and the competitive advantages and disadvantages of the competition.

The next item of business to discuss was the strategic outlook for Wolverine Proctor & Schwartz. Steven Chilinski discusses growth initiatives, business development, ATM property and business strategy, as well as operational and organizational initiatives. A general discussion with regards to what should the top priorities be followed.

The next item of business was to discuss the January financial results as well as the budget. Mark Brown walks the board through the January numbers and the budget division by division. A general discussion with regards to the attainability of the budget ensued.

The next item of business was to discuss litigation and claims. The directors asked questions related to outstanding litigation and claims.

The next item of business was to appoint directors of the board. Following brief discussion, a motion duly made and seconded, it was:

**VOTED:**     To add Gideon Argov and Jack Cooney as new members of the board.

The next item of business was to remove Deepak Kulkarni as Chief Executive Officer of Wolverine Proctor & Schwartz and install Steven Chilinski as the new Chief Executive Officer. A motion duly made and seconded, it was:

**VOTED:**     To remove Deepak Kulkarni as Chief Executive Officer and install Steven Chilinski as the new Chief Executive Officer of the company.

The next item of business was to appoint Steven Chilinski as a director of the board of Wolverine Proctor & Schwartz. A motion duly made and seconded, it was:

**VOTED:**     To appoint Steven Chilinski as a director of the board of Wolverine Proctor & Schwartz.

The next item of business was to remove Mark Brown as a director of the board of Wolverine Proctor & Schwartz. A motion duly made and seconded, it was:

**VOTED:**     To remove Mark Brown as a director of the board of Wolverine Proctor & Schwartz.

The next item of business was to approve and accept the board minutes of the prior board meeting held on January 10th, 2002. A motion duly made and seconded, it was:

**VOTED:**     To approve and accept the board minutes of the prior board meeting held on January 10th, 2002.

The next item of business was to grant Steven Chilinski signature authority according to the guidelines set forth in the company rules. A brief discussion followed outlining the guidelines set forth in the company rules. No limitations on payments for payroll. Payments to vendors under $250,000 require a signature from Steven Chilinski or Mark Brown. Payments to vendors above $250,000 but under $500,000 require a signature from both Steven

Chilinski and Mark Brown. Payments to vendors above $500,000 require board approval. Payments for capital expenditures above $50,000 require board approval. Following this conversation a motion duly made and seconded, it was:

VOTED:    To grant Steven Chilinski signature authority according to the guidelines set forth in the company rules.

The next item of business was to discuss a potential bonus plans for management and the possibility of management being able to buy company stock. A general discussion among the directors with regards to how that could be structured followed.

The next item of business was to approve and adopt a two million dollar bridge loan from Parthenon Capital, based on terms as described. Following brief discussion, a motion duly made and seconded, it was:

VOTED:    To approve and adopt a two million dollar bridge loan from Parthenon Capital.

The next item of business was to create a compensation committee and determine which directors of the board would be sitting on the committee. Following brief discussion, a motion duly made and seconded, it was:

VOTED:    To form a compensation committee consisting of Gideon Argov and Deepak Kulkarni.

The next item of business was to discuss the creation an audit committee and determine which directors of the board would be sitting on the committee. Following brief discussion, a motion duly made and seconded, it was:

VOTED:    To form an audit committee consisting of Jack Cooney and Erik Scott.

The next item of business was to appoint Arthur Andersen as the auditors for Wolverine Proctor & Schwartz for the year. A motion duly made and seconded, it was:

VOTED:    To appoint Arthur Andersen as the auditors for Wolverine Proctor & Schwartz for the year.

The next item of business was to approve the 2002 financial budget for Wolverine Proctor & Schwartz. (The total sales being 39.1 million dollars and the total EBITDA prior to bonuses being 4.5 million dollars.) Following brief discussion, a motion duly made and seconded, it was:

VOTED:    To approve the 2002 financial budget for Wolverine Proctor & Schwartz.

The next item of business was to set a date for the next board meeting. Following brief discussion, a motion duly made and seconded, it was:

VOTED:    To meet in Merrimac, MA, at 51 East Main Street on May 2nd at 11:00am.

There being no further business to come before the meeting, upon motion duly made and seconded, it was:

VOTED:    To adjourn.
          Adjourned.
               A true record.
                  ATTEST: _____