UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____

PETER A. CRAWFORD,

       Plaintiff,

v.

WOLVERINE, PROCTOR & SCHWARTZ, INC.,
STEVEN F. CHILINSKI, and
DEEPAK S. KULKARNI,

       Defendants.
_____

Civil Action No.
05-cv-10078 (DPW)

## AFFIDAVIT OF MARK M. WHITNEY

MARK M. WHITNEY, being duly sworn deposes and says:

1.    I am an attorney licensed to practice law in the Commonwealth of Massachusetts and in this Court. I am counsel for defendants, Wolverine, Proctor & Schwartz, Inc. ("WPS"), Steven F. Chilinski ("Chilinski") and Deepak S. Kulkarni ("Kulkarni") (collectively referred to herein as "defendants"), in the above-captioned matter. As counsel to the defendants, I am fully aware of the facts and circumstances underlying this matter. I submit this Affidavit in opposition to plaintiff Peter A. Crawford's Motion for Summary Judgment.

2.    Annexed hereto as <u>Exhibit 1</u> are true and correct copies of relevant excerpts of the transcripts from the first day of the deposition of the plaintiff, Peter A. Crawford, which was held on February 1, 2006.

Signed under the penalties and pains of perjury this 7th day of April 2006.

                                       /s/ Mark M. Whitney_____
                                       MARK M. WHITNEY

-2-

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on April 7, 2006, I filed the foregoing document with the Clerk of the Court by using the ECF system and served an electronic copy upon the plaintiff. I further certify that I mailed the foregoing document and the notice of electronic filing to the pro se plaintiff, Peter A. Crawford, 23 Newcastle Drive, #11, Nashua, NH 03060, by U.S. mail, on April 7, 2006.

                                           /s/ Jeffrey D. Kuhn
                                           Jeffrey D. Kuhn, Esq.

# WHITNEY Exhibit 1

# April 7, 2006

Page 1

```
 1              UNITED STATES DISTRICT COURT
 2                DISTRICT OF MASSACHUSETTS
 3
 4
 5   * * * * * * * * * * * * * * * *
     PETER A. CRAWFORD,              *
 6         Plaintiff                 *
                                     *
 7   VS.                             *  CIVIL ACTION NO.
                                     *  05-cv-10078(DPW)
 8   WOLVERINE, PROCTOR & SCHWARTZ,  *
     INC.; STEVEN F. CHILINSKI and   *
 9   DEEPAK S. KULKARNI,             *
           Defendants                *
10   * * * * * * * * * * * * * *     *
11
12
13
14        DEPOSITION OF PETER A. CRAWFORD, called by the
15   Defendants, pursuant to the applicable provisions of the
16   Federal Rules of Civil Procedure, before Ruth E. Hulke,
17   Certified Shorthand Reporter No. 114893 and Notary Public
18   for the Commonwealth of Massachusetts, at Morgan, Brown &
19   Joy, LLP, 200 State Street, Boston, Massachusetts, on
20   Wednesday, February 1, 2006, commencing at 10:07 a.m.
21
22
23
```

```
 1   APPEARANCES:
 2
        PETER A. CRAWFORD, 23 Newcastle Drive, Number 11,
 3   Nashua, New Hampshire, 03060, pro se.
 4      MARK WHITNEY and JEFFREY D. KUHN, ESQS., of Morgan,
     Brown & Joy, LLP, 200 State Street, Boston,
 5   Massachusetts, 02109-2605, on behalf of the Defendants.
 6
 7   ALSO PRESENT:    Mark Brown
                     Deepak Kulkarni
 8                   Heidi Wise
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
```

Page 3

```
 1                          I N D E X

 2   WITNESS           DIRECT    CROSS    REDIRECT    RECROSS

 3   Peter A. Crawford    4

 4

 5

 6                        E X H I B I T S

 7   NUMBER                                              PAGE

 8     1     Employment agreement                         77

 9     2     Documents PAC 0006 through 0021              77

10     3     Document PAC 0057                           109

11     4     2001 Financial Statements                   117

12     5     Document PAC 0023                           119

13     6     Answers to Interrogatories                  124

14     7     FAS No. 130                                 126

15     8     Financial Accounting Concepts No. 5         136

16     9     APB 20                                      143

17    10     APB 9                                       145

18    11     APB 30                                      148

19    12     FAS No. 4                                   150

20    13     FAS No. 145                                 153

21    14     Complaint                                   157

22    15     Amended complaint                           157

23
```

Page 4

```
 1                P R O C E E D I N G S

 2                   (Witness sworn)

 3           MR. WHITNEY:  Good morning, Mr. Crawford.

 4           MR. CRAWFORD:  Good morning.

 5           MR. WHITNEY:  Shall we assume the same

 6   stipulations are in effect that have been in effect in

 7   all of the depositions in this case?

 8           MR. CRAWFORD:  Right.  I will read and sign.

 9   Objections, except as to form, will be preserved until

10   trial.

11           MR. WHITNEY:  Okay.

12           PETER A. CRAWFORD, having been satisfactorily

13   identified and duly sworn, testified as follows in answer

14   to direct interrogatories by Mr. Whitney:

15       Q.   Would you identify yourself for the record?

16       A.   Peter A. Crawford.

17       Q.   Your address?

18       A.   23 Newcastle Drive, Number 11, Nashua, New

19   Hampshire.

20       Q.   We have already had a number of depositions in

21   this case, but it doesn't hurt to emphasize the ground

22   rules, that it makes sense to get a clean record.  If you

23   will allow me to finish my questions, and I will do the
```

1   same with respect to you finishing your answers.

2       A.   Yeah.

3       Now, I would like to raise an objection here before

4   we start.  That is, that just in the past couple of weeks

5   a stipulation of dismissal was filed in the case of

6   Wolverine, Proctor & Schwartz, Inc. versus Aeroglide in

7   U.S. District Court in Boston.  It was filed by the

8   attorneys with the caption changed to Wolverine, Proctor

9   & Schwartz, LLC, Successor in Interest to Wolverine,

10  Proctor & Schwartz, Inc., which indicates to me that

11  those particular attorneys, which I believe was Epstein,

12  Becker & Green, I'm not sure, were not authorized to

13  represent Wolverine, Proctor & Schwartz, Inc.

14      Are you authorized, Mr. Whitney, to as Morgan, Brown

15  & Joy to represent Wolverine, Proctor & Schwartz, Inc.?

16          MR. WHITNEY:  I'm not here to answer your

17  questions, Mr. Crawford.  Are you done making your

18  objection?

19          MR. CRAWFORD:  I would further object to Mr.

20  Brown being here.  Mr. Brown testified in his deposition

21  that he was president of Wolverine, Proctor & Schwartz,

22  LLC, which is not a defendant in this matter and did not

23  state that he had any relationship with Wolverine,

1  statements were done on March 26th of 2002, it doesn't
2  appear as though Arthur Andersen could have taken this
3  into account.
4       Q.   Could have or should have?
5       A.   Could have or should have, right.  Unless maybe
6  they had an early draft.  But I don't think that
7  generally accepted accounting principles would be applied
8  until the final version comes out.
9       Q.   Now, in your demand letter which was marked
10 here as, looks like it's Number 5.  Do you have it?
11      A.   Yes.
12      Q.   Referring to that, can you explain how you
13 determined the taxes number in your bonus calculation?
14      A.   Sure.  On Page 3 of the financial statements,
15 you have a line item called Provision For Income Taxes,
16 minus 43,894.
17      Q.   Okay.
18      A.   That's where I got that number.
19      Q.   That is not what your employment contract
20 called for, right?
21      A.   Well, I think I explained -- Here at the top of
22 Page PAC 0025, I say I have used the amounts stated in
23 the audited financial statements for taxes rather than in

1  formulating the agreement as the difference is due to
2  BOOKDIF.  Then I go through an alternative calculation.
3  I say if you don't want to accept that, you can compute
4  the taxes this other way.
5      Q.  Because if you compute the taxes in strict
6  terms according to your employment agreement or contract,
7  it actually results in a bonus that's about $105,000 less
8  than what you asked for in your demand letter, right?
9      A.  Well, at the five percent rate.  I mean,
10 there's a separate part of the demand that relates to the
11 increase from five to eight percent, but, yeah, I think
12 if you look here on PAC 0024, you see the 358,000.  And
13 if you look at the second paragraph from the bottom of
14 PAC 0025, it talks about the alternative calculation
15 yielding 253,000.
16     But this was the issue that I tried to pin you guys
17 down on, and I think that you agreed with my calculation
18 for the taxes.  That was the whole purpose of the
19 interrogatories and, as I recall, discussed extensively
20 during the Brown deposition.  So I think you waived any
21 right to argue at this point that the taxes are anything
22 different.
23     Q.  But the tax calculation that you utilized in