UNITED STATES DISTRICT COURT
District of Massachusetts

Civil Action
No. 05-10078-DPW

|  |  |
|---|---|
| PETER A. CRAWFORD, Plaintiff | ) |
| v. | ) |
| WOLVERINE, PROCTOR & SCHWARTZ, INC., Steven F. Chilinski, Deepak S. Kulkarni, | ) |
| Defendants | ) |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO STRIKE PORTIONS OF THE AFFIDAVIT OF DEEPAK S. KULKARNI

Defendant Kulkarni's Affidavit ¶22 alleges that "[o]n December 31, 2001, the other four members of the WPS Board of Directors and I each executed an Action by Unanimous Written Consent of Directors in Lieu of a Meeting of Directors (the 'Unanimous Written Consent'). A copy of the December 31, 2001 Unanimous Written Consent executed by each of the WPS Directors is attached hereto as Exhibit '6'".

Defendant Kulkarni submitted this affidavit in support of Defendant's (sic) Motion for Summary Judgment. Specifically, defendants seek to prove that defendant Kulkarni was Chief Executive Officer of Wolverine, Proctor & Schwartz, Inc. ("WPS, Inc.") on December 31, 2001 and thereafter. However, nowhere in this affidavit does defendant Kulkarni allege that the affidavit is based upon personal knowledge. Nor does he allege that he personally saw each of the four other members of the WPS, Inc. Board of Directors sign the Unanimous Written Consent, or that he saw the four already signed

1

copies on December 31, 2001. In fact, the date on each of the five copies of the document appears to have been handwritten on each copy by the same person, and the text of the Unanimous Written Consent states only that it is "as of the date first written below."

Fed. R. Civ. P. 56(e) requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Nothing in the affidavit indicates that Mr. Kulkarni did anything other than sign his Unanimous Written Consent on December 31, 2001 and, on some unknown date, inspect the five signature pages that are attached to his affidavit as Exhibit 6. The affidavit could therefore be interpreted merely to conclude that, based solely on this inspection, Kulkarni determined that the four other directors actually signed the documents on December 31, 2001. Furthermore, the affidavits of Messrs. Brown and Scott, submitted in support of the same summary judgment motion, fail to allege that either of these persons actually signed their Unanimous Written Consent forms on December 31, 2001. Thus, Kulkarni's affidavit is the <u>only</u> evidence supporting a conclusion that the other four directors actually signed the Unanimous Written Consent on that date. Without an affirmative statement by Kulkarni that he actually saw each of the other four directors sign their copies of the Unanimous Written Consent on December 31, 2001, or saw each of the four copies, already signed, on that date, it is possible, even likely, that Kulkarni reached his conclusion solely based on inadmissible hearsay.

If any of the other four directors informed Kulkarni that he had signed on December 31, 2001, then that would be inadmissible evidence. Under Fed. R. Evid. 801,

an oral or written assertion is hearsay if it is "offered in evidence to prove the truth of the matter asserted." Clearly, an oral statement by a director alleging that the director signed on December 31, 2001, or a copy of the Unanimous Written Consent form, is hearsay to the extent that it is offered as evidence to prove that the form was signed on December 31, 2001. An oral statement would not satisfy any of the exceptions to the hearsay rule. The written document submitted as an exhibit could potentially be admissible under Fed. R. Evid 803(6) as a business record, however Kulkarni has submitted no evidence that would tend to demonstrate that the Unanimous Written Consent was kept as a record of a regularly conducted activity, or any other basis for concluding that it falls within the exception. In any case, however, even if the documents were admissible, they do not necessarily support the conclusion that Kulkarni makes, in that they demonstrate that the directors only appointed Kulkarni CEO "as of," not "on" December 31, 2001. Thus, the conclusion made by Kulkarni in ¶22 must be based on something other than the documents attached. But, Kulkarni never states that he had any information beyond the Unanimous Written Consent documents themselves to support that conclusion.

    Affidavits submitted in support of summary judgment must be based on personal knowledge. Garside v. Osco Drug, Inc., 895 F.2d 46, 49 (1st Cir. 1990). See also Moore's Federal Practice §56.14[4][a] (motion to strike appropriate remedy if affidavit contains inadmissible hearsay or is not based on personal knowledge), §56.14[2][c] (affiant seeking to authenticate a document in conformance with Fed. R. Civ. P. 56(e) must be competent).

    Defendant Kulkarni's affidavit ¶22 and Exhibit 6 thereto must therefore be stricken.

Respectfully submitted,

*[signature: Peter A. Crawford]*

Peter A. Crawford, pro se
23 Newcastle Dr. #11
Nashua, NH 03060
(603)888-4574

Date: April 6, 2006

## Affidavit of Service

I, Peter A. Crawford, plaintiff, hereby say and depose, under pains and penalties of perjury, that I this day served the within papers upon defendants' attorney, by causing copies thereof to be mailed, first class postage prepaid, to Mark Whitney, Morgan Brown & Joy, 200 State St., Boston, MA 02109.

_____

Date: April 6, 2006