UNITED STATES DISTRICT COURT
District of Massachusetts

Civil Action
No. 05-10078-DPW

PETER A. CRAWFORD, Plaintiff )
)
v. )
)
WOLVERINE, PROCTOR & SCHWARTZ, INC., )
  Steven F. Chilinski, Deepak S. Kulkarni, )
)
  Defendants )

## JOINT STATUS REPORT

Now come the parties in the above-captioned action and, pursuant to this Court's order of June 14, 2005, state that the following indicates the current status of the case.

1. <u>Discovery proceedings</u>. Pursuant to this Court's order of February 9, 2006, the time for completion of discovery ended on February 24, 2006. There are currently three pending motions relating to discovery, Plaintiff's Motion to Amend and Dissolve Protective Orders in Light of the Amended Complaint (Docket #75), Plaintiff's Motion to Compel Responses to his Request For Production of Documents, Set No. 2 (Docket #54), and Defendants' Motion to Compel Production of Electronic Data Files (Docket #72). All of these motions were scheduled to be heard before Magistrate Collings on April 11, 2006 at 3:30 p.m. In addition, defendants have agreed to produce certain documents which have not yet been produced. In the event that such documents are not produced it may be necessary for the plaintiff to move to

1

compel their production. Finally, in light of the Amended Complaint, plaintiff has moved to amend the existing protective orders to permit inquiry into the 2005 recapitalization of defendant Wolverine, Proctor & Schwartz, Inc. and related entities, including Wolverine, Proctor & Schwartz, LLC, a non-party to this case to which it appears the assets of Wolverine, Proctor & Schwartz, Inc. were transferred. It is unknown what this information will reveal, and in light of the bankruptcy filing of Wolverine, Proctor & Schwartz, LLC on April 1, 2006, plaintiff reserves his options with respect to additional discovery relating to the 2005 recapitalization and events leading up to the bankruptcy filing of April 1, 2006.. It is unknown what this information will reveal, but it is anticipated that only limited follow on discovery may be required, for example, a further deposition of defendant Kulkarni.

2. Defendants also submit that the electronic information Crawford admits to having and not reviewing or turning over in this case - essentially, an electronic snapshot of his WPS work computer - should contain considerable information that will be relevant to this case. If the defendants' motion to compel is granted with respect to that information, it is possible that the defendants may need to seek the Court's permission to conduct limited follow-up discovery or deposition(s).

3. <u>Experts</u>: The parties have agreed to conduct any expert discovery after the Court renders any rulings on pending motions for summary judgment. Defendants did retain an expert and have already provided a preliminary

disclosure, with a complete disclosure to be provided if and when it is necessary.

4. <u>Bankruptcy of Relevant Entity:</u>  On April 10, 2006, defendants filed a suggestion of bankruptcy notice indicating that Wolverine, Proctor & Schwartz, LLC ("WPS LLC") had filed a Chapter 7 bankruptcy petition. counsel for the defendants had received notice of this bankruptcy filing from the trustee. Wolverine, Proctor & Schwartz, Inc. ("WPS Inc."), the named corporate defendant, was dissolved in February 2005 and its liabilities were assumed by WPS LLC. Defendants contend that the Chapter 7 filing of WPS LLC should necessarily result in a stay of this action. Plaintiff disagrees. In the event that the Court is inclined to agree with the plaintiff or is otherwise unsure, the defendants respectfully request that the parties be given the opportunity to brief and argue this issue. Plaintiff is evaluating his options in light of the bankruptcy filing and believes that there may be fraud involved, and that additional discovery may be necessary relating to that issue.

5. <u>Settlement discussions</u>. Mr. Kulkarni and Mr. Crawford discussed settlement briefly in late 2005 or early 2006, however it appears that the parties are far apart.

6. <u>Pending or contemplated motions</u>.  Cross motions for summary judgment were responded to by both parties on or before April 7, 2006. These motions are pending. Additional motions relating to discovery may be required as summarized in ¶1 above. Defendants also intend on filing a motion to compel arbitration.

7. <u>Proposed dates for pretrial conferences and for trial</u>. The plaintiff proposes a schedule as follows:

| | |
|---|---|
| Late April 2006 | Hearing on cross motions for summary judgment |
| Early May, 2006 | Final pre-trial conference |
| Mid-May 2006 | Trial |

The defendants do not agree with the schedule proposed by the plaintiff because it is unrealistic as this case will not be ready for trial in one month. Defendants suggest that any pretrial schedule should be based on the determination of the effect of the WPS LLC bankruptcy proceeding and, if necessary, should be otherwise based on a reasonable series of dates running from the time that the Court enters an order on the pending motions for summary judgment.

Respectfully submitted,

| | |
|---|---|
| PETER A. CRAWFORD, | WOLVERINE, PROCTOR & SCHWARTZ, INC.; DEEPAK S. KULKARNI and STEVEN CHILINSKI, |
| Plaintiff *Pro Se* | By their attorneys, |
| /s/ Peter A. Crawford<br>23 Newcastle Drive<br>Nashua, New Hampshire  03060<br>(603) 888-4574 | /s/ Jeffrey D. Kuhn<br>Mark M. Whitney<br>Jeffrey D. Kuhn<br>MORGAN, BROWN & JOY, LLP<br>200 State Street – 11th Floor<br>Boston, Massachusetts  02109-2605<br>(617) 523-6666<br>*Counsel for Defendant* |

Dated: April 11, 2006