UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER A. CRAWFORD,

    Plaintiff,

v.

WOLVERINE, PROCTOR & SCHWARTZ, INC.,
STEVEN F. CHILINSKI, and
DEEPAK S. KULKARNI,

    Defendants.

Civil Action No.
05-cv-10078 (DPW)

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF THE AFFIDAVIT OF DEEPAK S. KULKARNI

Defendants Wolverine, Proctor & Schwartz, Inc. ("WPS"), Steven F. Chilinski and Deepak S. Kulkarni ("Kulkarni") (collectively, the "defendants") hereby submit the following memorandum of law in opposition to plaintiff *pro se* Peter A. Crawford's ("Crawford") Motion to Strike Portions of the Affidavit of Deepak S. Kulkarni.

Crawford's Motion should be denied for the following reasons:

- Kulkarni's statement included in paragraph 22 of his March 17, 2006 Affidavit was based on personal knowledge;

- The earlier filed Affidavit of Erik Scott (docket # 67) and the Affidavits of John Rutherford, Ernest Jacquet and Mark Brown submitted in opposition to Crawford's instant motion to strike confirm the veracity of the statement included in paragraph 22 of Kulkarni's March 17 Affidavit and the authenticity of the Unanimous Written Consent;

- The Unanimous Written Consent which Crawford seeks to strike has already been admitted as an exhibit to the earlier filed Affidavit of Erik Scott (docket # 67-2), rendering moot Crawford's effort to strike the same document as an exhibit to Kulkarni's March 17 Affidavit;

- The Unanimous Written Consent does not satisfy the legal definition of hearsay;

- Assuming, *arguendo*, that the Unanimous Written Consent could be characterized as hearsay, it clearly fits within the business record exception to the hearsay rule.

For the foregoing reasons, and those more fully articulated below, defendants request that this Court deny Crawford's Motion to Strike Portions of the Affidavit of Deepak S. Kulkarni.

## ARGUMENT

**I.    THERE IS NO BASIS TO STRIKE PARAGRAPH 22 OF KULKARNI'S MARCH 17, 2006 AFFFIDAVIT BECAUSE KULKARNI'S STATEMENTS THEREIN ARE BASED ON PERSONAL KNOWLEDGE.**

Crawford moves to strike paragraph 22 and Exhibit 6 of the March 17, 2006 Affidavit of Deepak S. Kulkarni submitted in support of defendants' Motion for Summary Judgment.

Paragraph 22 of Kulkarni's March 17 Affidavit states:

On December 31, 2001, the other four members of the WPS Board of Directors and I each executed an "Action by Unanimous Written Consent of Directors in Lieu of a Meeting of Directors" (the "Unanimous Written Consent"). A copy of the December 31, 2001 Unanimous Written Consent executed by each of the WPS Directors is attached hereto as Exhibit "6".

Crawford argues that because Kulkarni does not allege that he personally saw the other four members of the WPS Board of Directors sign the Unanimous Written Consent

on December 31, 2001, his testimony as to when the other Directors signed cannot be based on personal knowledge as required by Fed. R. Civ. P. 56(e). While defendants concede that Kulkarni did not personally witness each of the other WPS Directors personally execute the Unanimous Written Consent on December 31, 2001, it is unclear how this fact has any bearing on Kulkarni's *personal knowledge* that the document was, in fact, signed on December 31, 2001. Crawford's cites to no rule or case in support of his motion which stands for the proposition that the only manner in which a witness may acquire personal knowledge that a document has been signed by a given individual is to actually witness the signatory place pen to paper.

The Unanimous Written Consent was one of many documents that were signed by all members of the WPS Board of Directors at the December 31, 2001 closing of Parthenon Capital, LLC's acquisition of a controlling ownership interest in WPS. [See, accompanying Affidavit of Deepak S. Kulkarni, ¶ 5]. Kulkarni's personal knowledge that each of the other members of the WPS Board signed the Unanimous Written Consent on December 31, 2001 is based on his observation that all of the required closing documents – including the Unanimous Written Consent – were fully executed when Kulkarni inspected them on December 31, 2001. [Id.]

Crawford attempts to make much ado that neither Erik Scott's nor Mark Brown's previously submitted affidavits specifically state that they executed the Unanimous Written Consent on December 31, 2001. It is unclear how this assertion has any bearing on *Kulkarni's* personal knowledge that the Unanimous Written Consent was executed by the entire WPS Board as of December 31, 2001. In any event, in paragraph 4 of his accompanying Affidavit, Mark Brown testifies as follows:

3

> On December 31, 2001, I, in my capacity as a director of WPS, executed [the Unanimous Written Consent]. The Unanimous Written Consent was one of the documents that was executed as part of the closing of Parthenon's acquisition of WPS.

Likewise, in paragraph 5 of their accompanying Affidavits, Ernest Jacquet and John C. Rutherford, who were both WPS Directors on December 31, 2001 and signatories to the Unanimous Written Consent, testify as follows:

> On December 31, 2001, I, in my capacity as a director of WPS, executed [the Unanimous Written Consent]. The Unanimous Written Consent was one of the documents that was executed as part of the closing of Parthenon's acquisition of WPS.

Furthermore, the Affidavit of Erik Scott (docket # 67) submitted in support of defendants' motion for summary judgment makes clear that Scott regarded the WPS's Board's decision to install Kulkarni as WPS's CEO as effective December 31, 2001 (see, Scott Affidavit, ¶ 4-5) – which is entirely consistent with the statement in paragraph 22 of Kulkarni's March 17 Affidavit that the Unanimous Written Consent was executed on December 31, 2001. Thus, every single member of the WPS Board on December 31, 2001 has now submitted an Affidavit testifying that the Unanimous Written Consent was signed on December 31, 2001.

II. **THERE IS NO BASIS TO STRIKE EXHBIT 6 – THE DECEMBER 31, 2001 UNANIMOUS WRITTEN CONSENT – TO KULKARNI'S MARCH 17, 2006 AFFFIDAVIT.**

While Crawford's arguments in favor of striking paragraph 22 of Kulkarni's March 17, 2006 Affidavit are dubious at best (and, in all events, any confusion as to Kulkarni's personal knowledge of his paragraph 22 statements are resolved by the affidavits of Brown, Rutherford and Kulkarni accompanying this memorandum),

4

Crawford's arguments in support of striking the Unanimous Written Consent (attached as Exhibit 6 to Kulkarni's March 17 Affidavit) are completely mystifying.

As an initial matter, the identical document is attached as Exhibit A to the March 14, 2006 Affidavit of Erik Scott (docket # 67-2) submitted in support of defendants' motion for summary judgment (docket # 64).  Crawford has brought no motion to strike any portion of Scott's Affidavit or the December 31, 2001 Unanimous Written Consent attached thereto.  Thus, since the Unanimous Written Consent is already indisputably part of the record of evidence on the parties' cross-motions for summary judgment, Crawford's instant motion to strike the Unanimous Written Consent as Exhibit 6 to Kulkarni's Affidavit appears entirely moot.

Furthermore, it is unclear from his memorandum of law the precise basis on which Crawford argues the Unanimous Written Consent should be stricken.  At the time the document was created, Kulkarni was the Chief Executive Officer and Chairman of the Board of WPS.  The Unanimous Written Consent is a written memorial of an action taken by the WPS Board of Directors.  Thus, Kulkarni is the single individual most competent to authenticate the genuineness of the Unanimous Written Consent and that the document accurately reflects the actions of the WPS Board.  Defendants are at a loss to understand Crawford's contention that the CEO and Chairman of WPS may not attach a WPS business record as an exhibit to his Affidavit.

It appears that the only functional difference between the Unanimous Written Consent and the litany of other WPS business records attached as exhibits to Kulkarni's March 27 Affidavit is that Crawford regards the substance of the Unanimous Written

5

Consent as particularly damaging to his otherwise meritless argument that Kulkarni was not serving as WPS's CEO on January 14, 2002 (the date Crawford was terminated).

Crawford also appears to argue that the Unanimous Written Consent, or at least the signature pages from the other Directors besides Kulkarni, should be stricken as inadmissible hearsay. Defendants's response to this argument is twofold:

A.     The Signature Pages of the Unanimous Written Consent Are Not Hearsay.

The signatures pages of Messrs. Brown, Scott, Rutherford and Jacquet do not satisfy the legal definition of hearsay. "The broad rule on hearsay evidence interdicts the admission of a statement made out of court which is offered to prove the truth of what it asserted." Commonwealth v. DelValle, 351 Mass. 489, 491 (1966); see, Fed. R. Evid. 801(a) (hearsay defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matters asserted.") Federal Rule of Evidence 801(a) defines a "statement" as (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion.

Not all statements are considered assertions, however. See, *Massachusetts Evidence*, § 6.1.1 (3rd ed. 2004). "Oral or written words that give rise to legal duties, rights and liabilities (e.g. as in a contract) are considered verbal conduct rather than assertions and are therefore not barred by the hearsay rule. Id. (citing, McCormick, *Evidence* 249 (3rd ed. 1984)). "Such statements are treated as 'operative words' or 'verbal parts of acts' that are not deemed hearsay 'statements.'" Id.; see also, Glassman v. Barron, 277 Mass. 376, 382 (1931).

6

Here, the act of Directors Rutherford, Jacquet, Scott and Brown in signing the Unanimous Written Consent is exactly the type of verbal conduct that is specifically excluded from the definition of hearsay. Signing the Unanimous Written Consent was the written aspect of a legal act, and not the kind of assertive statement contemplated by the Federal Rules of Evidence governing hearsay.

B.  <u>Even if Hearsay, the Unanimous Written Consent Clearly Falls Within the Business Record Exception to the Hearsay Rule.</u>

Even assuming, *arguendo*, that this Court were to conclude that the Unanimous Written Consent, or the document's signature pages, satisfied the definition of hearsay under the Federal Rules, the Unanimous Written Consent clearly falls within the business record exception to the hearsay rule.

Fed. R. Evid. 803(6) states that records of regularly conducted (*i.e.*, business) activity are excluded from the hearsay rule. Rule 803(6) defines a business record as:

> A… record… in any form, of acts, events, conditions [or] opinions… made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of the business activity to make the [] record…

Here, the Unanimous Written Consent clearly falls within the business record exception to the hearsay rule. As is made apparent from paragraph 7 of the accompanying Affidavit of Deepak S. Kulkarni, the Board of Directors of WPS often acted by virtue of unanimous written consents in lieu of formal, in-person meetings of the entire Board. Any unanimous written consents executed by the WPS Board (including the December 31, 2001 Unanimous Written Consent at issue here) were recorded and stored in WPS's corporate offices in the regular course of business. [See, Kulkarni Aff., ¶ 7]. As the Chairman of the Board and CEO of WPS, Kulkarni was one of several

custodians of the business and corporate records of WPS, including the December 31, 2001 Unanimous Written Consent. [Id.] The challenged portion of the Unanimous Written Consent, specifically the signature pages, were clearly originally transmitted by a person with knowledge (*i.e.*, each of the individual Directors who personally affixed their signatures).

Thus, even if this Court concluded that the Unanimous Written Consent (or the signature pages thereof) somehow satisfied the legal definition of hearsay, that document is admissible under the business record exception to the hearsay rule.

## CONCLUSION

Based on the foregoing, Crawford's motion to strike either paragraph 22 or exhibit 6 to Kulkarni's March 17, 2006 Affidavit should be denied.

Dated: April 28, 2006

                                                      Respectfully submitted,

                                                      WOLVERINE, PROCTOR &
SCHWARTZ, INC.,
STEVEN F. CHILINSKI, and
DEEPAK S. KULKARNI

By their attorneys,

/s/ Jeffrey D. Kuhn_____
Mark Whitney (BBO #637054)
Jeffrey D. Kuhn (BBO #662326)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666

8

TO: Peter A. Crawford, *pro se*
23 Newcastle Drive #11
Nashua, New Hampshire   03060
(603) 888-4574

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 28, 2006, I filed the foregoing document with the Clerk of the Court by using the ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing to plaintiff *pro se* Peter A. Crawford, 23 Newcastle Drive #11, Nashua, New Hampshire 03060 by U.S. mail, on this 28th day of April 2006.

/s/ Jeffrey D. Kuhn
_____