**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
_____

PETER A. CRAWFORD,

        Plaintiff,

                                        Civil Action No.
v.                                        05-cv-10078 (DPW)

WOLVERINE, PROCTOR & SCHWARTZ, INC.,
STEVEN F. CHILINSKI, and
DEEPAK S. KULKARNI,

        Defendants.
_____

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANT STEVEN CHILINSKI'S MOTION TO APPLY THE AUTOMATIC
### STAY TO ALL CLAIMS PENDING AGAINST HIM IN THIS ACTION

### INTRODUCTION

Defendant, Steven F. Chilinski ("Chilinski"), has moved for summary judgment

in this action. Chilinski respectfully submits that this motion should be considered by the

Court in the event that his arguments on summary judgment do not prevail.

In the instant motion, Chilinski simply asserts that the automatic stay that is

presently in effect as to defendant Wolverine, Proctor & Schwartz, Inc. ("WPS Inc.")

should apply to him as well. Because Chilinski has been indemnified by WPS Inc. as to

any liability that may accrue to him in this action, a judgment against Chilinski would

effectively be a judgment against WPS Inc. Plaintiff *pro se* Peter A. Crawford

("Crawford") should not be permitted to circumvent the automatic stay by doing

indirectly what he is forbidden from doing directly. As such, the automatic stay should

apply to Chilinski.

## **FACTS RELEVANT TO THIS MOTION**

Chilinski is the former Chief Executive Officer ("CEO") of WPS Inc. [*See* Affidavit of Steven Chilinski dated May 5, 2006, at ¶ 3 ("Chilinski Aff.").] He served in that position from January 29, 2002, until January 31, 2005. [Chilinski Aff. ¶ 4.]

On January 12, 2005, Crawford commenced this action. In his original and amended complaints, Crawford asserted a claim against Chilinski for the alleged nonpayment of a bonus under the Massachusetts Weekly Payment of Wages Act, M.G.L. c. 149, § 148 (the "Wage Act"). [*See* Amended Complaint, second count, ¶¶ 31-36, docket entry #63.]

On February 11, 2005, Chilinski executed a separation agreement and release in connection with the termination of his employment. [Chilinski Aff. ¶ 5; a redacted copy of the separation agreement is attached to the Chilinski Aff. as Ex. 1.] That separation agreement provided that WPS Inc. would indemnify Chilinski for any claims arising out of the performance of his duties as CEO of WPS Inc., specifically including the claim asserted in the instant action. [*Id.*]

On April 10, 2006, defense counsel filed a suggestion of bankruptcy with the clerk of the Court that stated:

> [O]n April 1, 2006, Wolverine, Proctor & Schwartz, LLC (the successor in interest to WPS Inc. with respect to any liability that could result against WPS Inc. in the instant action) filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Massachusetts, Docket No. 06-10815. … Defendants respectfully request that the Court enter an order to stay all further action in this case pursuant to 11 U.S.C. § 362(a).

[*See* Suggestion of Bankruptcy, docket entry #87.] On April 13, 2006, this Court held a status conference at which the parties discussed, among other things, the recent bankruptcy filing of Wolverine, Proctor & Schwartz, LLC ("WPS LLC").

At the conclusion of the conference, this Court confirmed that the automatic stay

was in effect as to the defendant in this matter, WPS Inc.  [*See* Docket Entry dated

April 14, 2006, a copy of which is attached hereto as Exhibit 1.]  Also at that

conference, the Court indicated that the summary judgment motions pertaining to

the claims asserted against the other non-WPS Inc. defendants should be

addressed because the cross-motions for summary judgment were fully briefed.

[*Id.*]


## ARGUMENT

### THE STAY IN EFFECT AS TO WPS INC. SHOULD APPLY EQUALLY TO CHILINSKI BECAUSE A JUDGMENT AGAINST HIM WOULD BE A JUDGMENT AGAINST WPS INC.

The automatic stay is one of the most fundamental protections offered by the

Bankruptcy Code.  As set forth below, the automatic stay applies not only to the actual

debtor, but also to nondebtors who share an identity of interest with the debtor.

"From the moment of case commencement until terminated by operation of law or

court order, the automatic stay under 11 U.S.C. § 362(a) of the Bankruptcy Code serves

as a shield to protect the 'fresh start' promised by Congress to the honest debtor and to

ensure the right of similarly situated creditors to a uniform distribution of nonexempt

assets."  In re Christakis, 291 B.R. 9, 17 (D. Mass. 2003) (citing, Soares v. Brockton

Credit Union, 107 F.3d 969, 975 (1st Cir. 1997)).  "The automatic stay is among the most

basic of debtor protections under bankruptcy law."  Id.

> The automatic stay is one of the fundamental debtor protections provided
> by the bankruptcy laws.  It gives the debtor a breathing spell from his
> creditors.  It stops all collection efforts, all harassment, and all foreclosure
> actions.  It permits the debtor to attempt a repayment or reorganization
> plan, or simply to be relieved of the financial pressures that drove him into
> bankruptcy.

S. Rep. No. 95-989, 95th Congress, 2nd Session 54-55 (1978).

Section 362(a)(1) specifically bars "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case" under the bankruptcy code.

Generally, "the automatic stay does not apply to proceedings against nondebtors." In re Metal Center, Inc., 31 B.R. 458, 462 (D. Conn. 1983). Where, however, a debtor and a nondebtor are so bound by statute or contract that liability of the nondebtor is imputed to the debtor by operation of law, then the Congressional intent to provide relief to debtors would be frustrated by permitting indirectly what is expressly prohibited in the [Bankruptcy] Code." Id.

The seminal case on application of the automatic stay to non-debtors is A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994 (4th Cir.), cert. denied, 479 U.S. 876 (1986). A.H. Robins arose out of a flurry of products liability lawsuits against A.H. Robins Company, which manufactured an intrauterine contraceptive device known as the "Dalkon Shield." Overwhelmed by the avalanche of action against it, A.H. Robins filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code. Upon filing for bankruptcy, all actions against A.H. Robins were automatically stayed under section 362(a) of the Code. However, although approximately one-half of the Dalkon Shield lawsuits named A.H. Robins as the sole defendant, the remaining suits named one or more of the officers of the corporation as co-defendants.

After the suits against A.H. Robins were stayed, a number of the plaintiffs involved in suits in which there were other named defendants sought to sever their actions against their co-defendants. A.H. Robins opposed severance and instituted an adversary proceeding, seeking injunctive relief restraining the prosecution of the actions against A.H. Robins's various co-defendants.

The Fourth Circuit began its analysis of A.H. Robins's application by noting that the purpose of the automatic stay "is to protect the debtor from an uncontrollable scramble for its assets in a number of uncoordinated proceedings in different courts, to preclude one creditor from pursuing a remedy to the disadvantage of other creditors, and to provide the debtor and its executives with a reasonable respite from protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor." A.H. Robins, 788 F.2d at 998.

Therefore, while the Fourth Circuit was aware of the general rule that the automatic stay only applied to the debtor, it recognized that "there are cases under 362(a)(1) where a bankruptcy court may properly stay the proceedings against non-bankrupt co-defendants," but, "in order for relief for such non-bankrupt defendants to be available [] there must be 'unusual circumstances' and certainly 'something more than the mere fact that one of the parties to the lawsuit has filed [for bankruptcy protection] must be shown in order that proceedings be stayed against non-bankrupt parties." Id. at 999. The Court held that the "unusual situation" arises "when there is such an identity between the debtor and third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." Id.

The Fourth Circuit noted that "an illustration of such a situation would be a suit against a third-party who is entitled to ***absolute indemnity*** by the debtor on account of any judgment that might result against them in the case." <u>Id.</u> (emphasis added).  In such a scenario, "to refuse application of the statutory stay [] would defeat the very purpose and intent of the statute." <u>Id.</u>[1]

After expounding on all of the foregoing jurisprudence, the Fourth Circuit in <u>A.H. Robins</u> held that the automatic stay did extend to A.H. Robins's co-defendant executives because "those defendants were entitled to indemnification by the debtor under the corporate by-laws and the statutes of Virginia, the State of the debtor's incorporation." <u>Id.</u> at 1007 (<u>citing</u>, <u>A.D.M. Corp. v. Thorison</u>, 707 F.2d 25, 28 (1st Cir. 1983) (It is the accepted practice of corporations such as the debtor to indemnify their directors, officers and employees for the costs of their defense for an judgment rendered against them in such cases.)); <u>see also</u> <u>In re Family Health Services, Inc.</u>, 105 B.R. 937, 942-943 (C.D. Cal. 1989) ("A judgment against a non-debtor defendant will trigger a claim against the debtor for indemnification, thus, the debtor is the "real party defendant."); 13 Fletcher, <u>Cyclopedia of the Law of Corporations</u>, §§ 6045.1 and 6045.3 (1980 ed.)); <u>see also</u> 8 Del. C. § 145(a) (statute which provides for indemnification of directors and officers made or

---

[1]        Furthermore, the Fourth Circuit in <u>A.H. Robins</u> recognized that "the statutory power of the bankruptcy court to stay action involving the debtor or its property is not [] limited to section 362(a)(1) and (a)(3) [the automatic stay provisions]." <u>Id.</u> at 1002.  "It has been repeatedly held that 11 U.S.C. § 105, which provides that the bankruptcy court 'may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title,' 'empowers the bankruptcy court to enjoin parties other than the bankrupt' from commencing or continuing litigation." <u>Id.</u>, quoting <u>In re: Johns-Manville Corp.</u>, 26 B.R. 420, 425 (S.D.N.Y. 1983), and 2 Collier on Bankruptcy §§ 362.02 and 362.05 (15th ed. 1982).  Thus, the <u>A.H. Robins</u> court held that section 105 "gives the court the power to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." <u>A.H. Robins</u>, 788 F.2d at 1003.  Again quoting <u>Johns-Manville Corp.</u>, the Fourth Circuit noted that "in an appropriate case, where the proposed extension of the stay is designed to cover actions against entities that truly are inextricably interwoven with the debtor or which affect the property of the debtor's estate, section 105 may be used" to increase the scope of the automatic stay. <u>Id.</u> at 1004.

5

threatened to be made a party to an action for attorneys' fees actually and necessarily incurred, as well as judgments or amounts paid in settlement in civil, criminal, administrative or investigative proceedings).[2]

The holding of A.H. Robins has been cited and relied upon in a number of District of Massachusetts and cases from within the First Circuit.  See, e.g., In re Christakis, 291 B.R. 9, 18 (D. Mass. 2003); Bernath v. Potato Services of Michigan, Inc., No. 03-22-B-S, 2003 WL 21524726, *2 (D. Me. Jun. 25, 2003); In re Apollo Molded Products, Inc., 83 B.R. 189, 191 (D. Mass. 1988).  Moreover, the extension of the automatic stay to the nondebtor with an identity of interest with the debtor - here, Chilinski - is automatic, and does not require any order from the bankruptcy court.  See, e.g., A.H. Robins, 788 F.3d at 994; In re National Century Financial Enterprises, Inc., 423 F.3d 567, 578 & n.7 (6th Cir. 2005) (recognizing that the stay can apply automatically to nondebtors, where the action sought to be stayed seeks to obtain property of the estate); North Star Contracting Corp. v. McSpedon, 125 B.R. 368, 368-369 (S.D.N.Y. 1991) (upholding Bankruptcy Court's determination that automatic stay extended to state court action against debtor's president); General Dynamics Corp. v. Veliotis, 79 B.R. 846, 848 (E.D. Mo. 1987) ("The stay operates automatically in a non-bankruptcy lawsuit when a judgment against a nondebtor defendant is in effect a judgment against the debtor, and, therefore, a claim against the estate.").

Applying the precedent established in A.H. Robins and its progeny to the facts of this case, it is clear that any judgment against Chilinski would be a judgment against WPS Inc.  If Crawford were to obtain a judgment against Chilinski, that would trigger a

---

[2]        WPS Inc. was a Delaware corporation.  [*See* Chilinski Aff. ¶ 7.]

claim for indemnification against WPS Inc.  Therefore, WPS Inc. can be considered the real party in interest with respect to Crawford's claim against Chilinski.  Under established law, Crawford's claim against Chilinski is tantamount to a claim against the estate.  Accordingly, the automatic stay in effect as to WPS Inc. automatically extends to Chilinski.

Dated: May 5, 2006

Respectfully submitted,

STEVEN F. CHILINSKI,

By his attorneys,

/s/ Mark M. Whitney
Mark M. Whitney (BBO #637054)
Jeffrey D. Kuhn (BBO #662326)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts  02109
(617) 523-6666
mwhitney@morganbrown.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 5, 2006, I filed the foregoing document with the Clerk of the Court using the ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing to the pro se plaintiff, Peter A. Crawford, 23 Newcastle Drive, #11, Nashua, NH  03060, by U.S. mail, on the same date.  I further certify that I sent a courtesy copy of this filing and its ECF confirmation to plaintiff at his email address petercra@ix.netcom.com on the same date.

/s/ Mark M. Whitney
Mark M. Whitney, Esq.

**Whitney, Mark**

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Friday, April 14, 2006 9:36 AM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-10078-DPW Crawford v. Wolverine Proctor & Schwartz, Inc. et al "Status Conference" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Rynne, Michelle entered on 4/14/2006 at 9:35 AM EDT and filed on 4/14/2006

**Case Name:**      Crawford v. Wolverine Proctor & Schwartz, Inc. et al
**Case Number:**      1:05-cv-10078
**Filer:**
**Document Number:**

**Docket Text:**
ElectronicClerk's Notes for proceedings held before Judge Douglas P. Woodlock : Status Conference held on 4/14/2006. Further motions for summary judgment due 5/5/06 with responses due 5/26/06. Mr. Crawford may file brief re: bankruptcy status (LLC or INC) by 5/5/06 with responses due 5/26/06. Any motion/amended complaint by 5/5/06. Hearing set re: all pending motions 6/7/06 at 2:30 p.m. Stay is in effect as to Wolverine. (Court Reporter Pam Owens.) (Rynne, Michelle)

The following document(s) are associated with this transaction:

**1:05-cv-10078 Notice will be electronically mailed to:**

Jeffrey D. Kuhn      jkuhn@morganbrown.com

Mark M. Whitney      mwhitney@morganbrown.com

**1:05-cv-10078 Notice will not be electronically mailed to:**

Peter A. Crawford
23 Newcastle Drive#11
Nashua, NH 03060