**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

PETER A. CRAWFORD,

       Plaintiff,

v.

WOLVERINE, PROCTOR & SCHWARTZ, INC.,
STEVEN F. CHILINSKI, and
DEEPAK S. KULKARNI,

       Defendants.

_____

Civil Action No.
05-cv-10078 (DPW)

## AFFIDAVIT OF STEVEN F. CHILINSKI
## IN SUPPORT OF HIS MOTION TO APPLY THE AUTOMATIC STAY TO ALL CLAIMS PENDING AGAINST HIM IN THIS ACTION

STEVEN F. CHILINSKI, being duly sworn deposes and says:

1. I am a defendant in the above-referenced action. I have knowledge of the facts and circumstances and key documents relating to this matter, and am familiar with the pleadings on file with the Court. I have personal knowledge of the facts stated herein.

2. I submit this Affidavit in support of my motion to apply the automatic stay to the claims asserted by the plaintiff, Peter A. Crawford ("Crawford"), against me in this case.

3. I am the former Chief Executive Officer ("CEO") of Wolverine, Proctor & Schwartz, Inc. ("WPS Inc.").

4. I served as CEO from January 29, 2002, until January 31, 2005.

5. On February 11, 2005, I executed a separation agreement and release in connection with my separation from employment with WPS Inc. A true copy of the portion of

-2-

the separation agreement and release that is relevant to this motion is attached hereto as Exhibit 1.

      6.     As part of the terms outlining my separation from employment, both WPS Inc. and I intended that WPS Inc. indemnify me for any claims for any claims arising out of the performance of my duties as CEO of WPS Inc., specifically including the claim asserted against me in the instant action. Section 3 of the separation agreement contained language that reflected the parties' intent that WPS Inc. would indemnify me under such circumstances. Ex. 1.[1]

      7.     At all times relevant to this action, WPS Inc. was a company organized under the laws of Delaware.

Signed under the penalties and pains of perjury the 5th day of May, 2006.

/s/ Steven F. Chilinski
Steven F. Chilinski

---

[1] Please note that I have redacted information in the separation agreement that is confidential, private, and has no bearing on the indemnity issue raised in this motion.

-3-

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on May 5, 2006, I filed the foregoing document with the Clerk of the Court using the ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing to the pro se plaintiff, Peter A. Crawford, 23 Newcastle Drive, #11, Nashua, NH  03060, by U.S. mail, on April 11, 2005; I further certify that I sent a courtesy copy of this filing and its ECF confirmation to plaintiff at his email address petercra@ix.netcom.com on the same date.

    /s/ Mark M. Whitney
    Mark M. Whitney, Esq.

**REDACTED**

## SEPARATION AGREEMENT AND RELEASE

Steven Chilinski, an individual who currently lives in Medway, Massachusetts, and Wolverine Proctor & Schwartz, Inc. (the "Company"), a Delaware corporation with its principal place of business in Merrimac, Massachusetts, enter into this Separation Agreement and Release ("Agreement") as of February __, 2005.

WHEREAS, Chilinski served as the Company's Chief Executive Officer pursuant to an Employment Agreement between Chilinski and the Company dated January 29, 2002 (the "Employment Agreement");

WHEREAS, Chilinski's employment ended on or about January 31, 2005; and

WHERAS, Chilinski and the Company wish to resolve all matters relating to Chilinski's employment, the Employment Agreement and the ending of Chilinski's employment on mutually agreeable terms.

NOW, THEREFORE, Chilinski and the Company hereby agree as follows:

1.

2.

3.  To the extent provided for in the Certificate of Incorporate of the Company and/or in the Company Bylaws, the Company shall indemnify Chilinski for any claims against him by any third-parties arising out of the performance of his duties as an employee of the Company, including but not limited to the complaint filed by Peter A. Crawford on or about January 12, 2005 in the United States District Court for the District of Massachusetts, Crawford v. Wolverine Proctor & Schwartz, Inc., et al., Civil Action No. 05-10078-DPW. Chilinski agrees to cooperate with the Company and its parents, subsidiaries, affiliates and successors in the defense of any such litigation or claims and in the defense of any litigation or claims against the Company or any of its officers, directors, employees, agents, parents, subsidiaries, affiliates or successors. Chilinski agrees that in the Crawford Litigation he and some or all of the other defendants may be jointly represented by Gadsby Hannah, LLP, Foley & Lardner LLP or such other competent counsel as the Company or its successors may choose.

4.

**REDACTED**

WHEREFORE, Chilinski and the Company attest that they have read the above Separation Agreement and Release and fully understand and knowingly and voluntarily accept all of its provisions.

Date: 2-11-05                                    Date: 2-10-05

Wolverine Proctor & Schwartz, Inc.

By: _____                      _____
                                                 Steven Chilinski

## ACKNOWLEDGEMENT

I was given 21 days within which to decide whether to sign the attached Separation Agreement and Release. I voluntarily decided to sign the Separation Agreement and Release before the end of 21 days so that I could begin receiving the payments described in the Separation Agreement and Release more quickly. I have been given the opportunity to seek legal counsel and I (have _X_ have not ___) consulted with counsel.

2-10-05                                          _____
Date:                                            Steven Chilinski

-5-