UNITED STATES DISTRICT COURT
District of Massachusetts

Civil Action
No. 05-10078-DPW

PETER A. CRAWFORD, Plaintiff )
)
v. )
)
WOLVERINE, PROCTOR & SCHWARTZ, INC., )
Steven F. Chilinski, Deepak S. Kulkarni, )
)
Defendants )

PLAINTIFF'S OPPOSITION TO DEFENDANT STEVEN CHILINSKI'S MOTION TO APPLY THE AUTOMATIC STAY TO ALL CLAIMS PENDING AGAINST HIM IN THIS ACTION

REQUEST FOR HEARING

All pending motions are scheduled for hearing on June 28, 2006 at 3:30 p.m.

Plaintiff requests that this motion be heard at that time.

ARGUMENT

I. INTRODUCTION

Defendant Chilinski's motion is without merit. Defendants fail to address Austin v. Unarco Industries, Inc., 705 F.2d 1 (1st Cir. 1983), cert dismissed, 463 U.S. 1247 (1983), the controlling First Circuit precedent that specifically provides that the automatic stay does not extend to non-debtors. Even the title of their motion is an oxymoron. If one needs to make a motion to apply an "automatic stay," manifestly the stay sought is not automatic at all.

1

A.H. Robins v. Piccinin Co., Inc., 788 F.2d 994, 999-1003 (4th Cir. 1986), which defendant Chilinski acknowledges as the seminal case, sets forth four bases for the issuance of a stay in a case somehow related to a bankrupt debtor. First, cases against the debtor itself are automatically stayed. Second, cases seeking to obtain possession or control of a debtor's property are stayed. Third, a bankruptcy court may issue a stay if necessary or appropriate to carry out the Bankruptcy Code. Fourth, if a clear case of hardship or inequity is made, a stay may be issued by a court under its inherent powers. None of these circumstances is present here.

In reality, what defendant Chilinski seeks is equitable relief pursuant to 11 U.S.C. §105(a) in the nature of an injunction extending the automatic stay to defendant Chilinski. But that implicit request must necessarily fail because only the Bankruptcy Court, not this Court, has jurisdiction to order such relief. In any event, he provides no evidence that would support the issuance of such a stay. In fact, he does not argue any harm whatsoever to himself or the estate of Wolverine, Proctor & Schwartz, LLC ("WPS LLC"), the debtor in bankruptcy. Finally, he equates, without argument, WPS LLC to the defendant Wolverine, Proctor & Schwartz, Inc. ("WPS, Inc."). WPS LLC apparently assumed the assets and liabilities of WPS, Inc. in a recapitalization on February 11, 2005, approximately a month after this suit was filed.

## II. IN THE FIRST CIRCUIT, THE AUTOMATIC STAY APPLIES ONLY TO THE BANKRUPT DEBTOR AND ACTIONS AGAINST ITS PROPERTY

The purpose of the automatic stay is to "give the debtor breathing room" and prevent a "free-for-all" for the debtor's assets. In re Soares, 107 F.3d 969, 975 (1st Cir. 1997). As such it benefits both the debtor and his creditors by allowing the debtor time to reorganize or liquidate without having to defend lawsuits and have its assets sold off

piecemeal to satisfy judgments. Defendant Chilinski wants to have his cake and eat it too. His motion treats the automatic stay as an entitlement which, he argues, extends to him as well. He wants to benefit from a stay normally applicable only to bankrupt debtors. Unlike a debtor, however, he does not volunteer to submit his assets to be scrutinized by his creditors and liquidated to pay his debts. See In re Apollo Molded Products, Inc., 83 B.R. 189, 194 (Bkrtcy. D. Mass. 1988) (cardinal principle of bankruptcy law is that it does not normally benefit those who have not come into bankruptcy court with all of their assets and liabilities).

Austin is the controlling case on this issue. "[T]he Bankruptcy Court was correct in deciding that the automatic stay provisions of 11 U.S.C. §362(a) apply only to the bankrupt debtor." Austin at 4. See also Plaintiff's Memorandum in Support of his Motion to Lift the Stay Applying to Defendant Wolverine, Proctor & Schwartz, Inc. ("Plaintiff's Prior Memorandum"). "[W]e disagree only with the assertion that those considerations [justifying the application of a stay to non-bankrupt co-defendants] should be read into §362." Austin at 5.

Apollo recognizes that 11 U.S.C. 362(a)(3) extends the automatic stay to acts to obtain possession of or control over "property of the estate." Apollo at 191. Defendant Chilinski does not allege, nor could he, that continuing this action against him would have anything to do with "property of the estate." Yet defendants cite the Fourth Circuit case of A.H. Robins to support their position.

While A.H. Robins is in any event not controlling in this circuit, it is not inconsistent with Austin. In A.H. Robins, there were large numbers of lawsuits against the debtor and its current officers relating to the Dalkon Shield, insurance coverage in

3

favor of the debtor also covered the officers, and the debtor was in Chapter 11. The instant case, on the other hand, appears to be the only one against defendant Chilinski, he does do not allege that the debtor's insurance covers him, and the debtor is in Chapter 7, not Chapter 11, and is unlikely to be reorganized. A.H. Robins therefore involved an entirely different set of facts.

Defendant Chilinski asserts that "the Fourth Circuit in A.H. Robins held that the automatic stay did extend to A.H. Robin's co-defendant executives because 'those defendants were entitled to indemnification by the debtor…'" Memorandum of Law in Support of Defendant Steven Chilinski's Motion to Apply the Automatic Stay to All Claims Pending Against Him in this Action (hereinafter "Chilinski Memorandum") at 5. However, they ignore the fact that, unlike the instant case, A.H. Robins involved a case where the executives were covered by insurance that was property of the estate, and that the insurance funds might be diminished by judgments against the individual executives. A.H. Robins at 1001. Thus, 11 U.S.C. §362(a)(3) (providing for an automatic stay of actions to obtain possession of or control over property of the estate) was arguably applicable in A.H. Robins, although the district court had cited 11 U.S.C. §105 as a supplementary ground. A.H. Robins at 997. Contrary to defendant Chilinski's assertion, 11 U.S.C. §362(a)(1), according to the Fourth Circuit, "is generally said to be available only to the debtor, not third party defendants or co-defendants." A.H. Robins at 999. Although the Fourth Circuit went on to discuss, in dicta, unusual circumstances where it might apply to third party defendants, at best this is contrary to the holding of the First Circuit in Austin and must be ignored. See Austin at 4-5 (refusing to read additional

considerations into §362). In any event, defendant Chilinski has failed to show any unusual circumstance.

Other bankruptcy court cases in the First Circuit are not to the contrary. "The statute is clear. The stay applies only to the debtor and not to co-defendants." In Re Christakis, 291 B.R. 9, 17 (Bkrtcy. D. Mass. 2003)[1], citing Austin. Christakis, instead of extending the automatic stay to a non-debtor, refused to so extend the stay to the debtor's mother. Christakis at 18. See also In re Metal Center, 31 B.R. 458, 462 (Bkrtcy. D. Conn. 1983) (plain language of §362 and overwhelming support in the case law provide that automatic stay does not apply to proceedings against nondebtors).

In Apollo the court specifically held that the automatic stay "enjoins only action against the Debtor or its property." Apollo at 191. After considering the bankruptcy court's power pursuant to 11 U.S.C. §105(a) to stay actions against non-debtors, the bankruptcy court in Apollo refused to do so in that case, even though Roper was the current CEO of the debtor and the suit against him might be used to pressure the debtor. Apollo at 192-193. The instant case is even more compelling as defendant Chilinski left WPS, Inc. over a year ago, is no longer CEO, and continuing this suit against him in no way pressures the debtor. The court in Apollo also noted that Roper's assets were not linked to any plan of reorganization. Apollo at 193. Similarly, there is no allegation in the instant case that defendant Chilinski's assets would be used for the reorganization of WPS LLC. Indeed, WPS LLC is in Chapter 7 and reorganization does not appear to be planned.

---

[1] In the Chilinski Memorandum, Bankruptcy Court cases have been cited without the word "Bkrtcy." This is contrary to the common and accepted practice and leads to confusion, as West's Bankruptcy Reporter also includes District Court cases.

In Seybolt v. Bio-Energy of Lincoln, Inc., 38 B.R. 123 (Bkrtcy. D. Mass. 1984) dealt with the issue of remand of a state court action that had been removed to the Bankruptcy Court in a different district from that in which the debtor's case was pending. Seybolt at 125. In that case, however, a stay was issued only until the bankruptcy court in Maine, where the debtor's case was pending, could consider the issues of lifting the automatic stay and remanding removed proceedings. The Massachusetts Bankruptcy Court held that "[a]s a conduit under the removal statute, this Court can only speculate as to the effect that this proceeding will have on Bio-Energy Associates' Chapter 11 proceedings. The equitable considerations underlying a motion to remand are best addressed by the bankruptcy court that has the entire proceeding before it." Seybolt at 128. Similarly, in the instant case, any consideration of staying the proceedings against defendant Chilinski is for the Bankruptcy Court, not this court.

While Seybolt involved a guarantor of the debtor's obligation, the court held that "the collection from a non-debtor-guarantor will not ordinarily affect the debtor-principal because the right to demand payment from the debtor merely changes hands; it passes from the creditor to the guarantor." Seybolt at 127. While the court went on to suggest that an action against a nondebtor might be stayed when "the liability of the nondebtor is imputed to the debtor by operation of law," it also indicated that such a determination depends upon "notions of res judicata." Seybolt at 127-128. Defendant Chilinski does not submit any argument or supporting evidence that a judgment against him in this case would bind WPS LLC through res judicata. Furthermore, defendant Chilinski is a joint tortfeasor who is independently liable due to his wrongful act of denying payment to the plaintiff, not merely by virtue of a guarantee. Finally, unlike the instant case, the debtor

in Seybolt was a general partnership, where the general partner was not in bankruptcy, thus preventing the depletion of assets of the general partner was important "to ensure a fair and orderly distribution of assets among the partnership creditors." Seybolt at 127.

### III. NO STAY IS APPROPRIATE BECAUSE DEFENDANT CHILINSKI IS A JOINT TORTFEASOR

M.G.L. c. 149 §148 (the "Wage Act") specifically provides that "[t]he president and treasurer of a corporation and any officers or agents having the management of such corporation shall be deemed to be the employers of the employees of the corporation within the meaning of this section." That statute specifically imposes liability upon defendant Chilinski and makes him a joint tortfeasor along with WPS, Inc. See Hayon v. Coca Cola Bottling Co., 375 Mass. 644 (1978) (joint tortfeasors are jointly and severally liable under Massachusetts law). Normally, corporate officers are not liable for acts that they perform in furtherance of the interests of the corporation by which they are employed. However, the Wage Act makes these officers jointly and severally liable along with the corporation in the employment context.

These principles were addressed in Austin, where the First Circuit refused to stay proceedings against a co-defendant that was not in bankruptcy. In Austin, Unarco was in bankruptcy, Raybestos was not. The First Circuit held that if the plaintiff prevailed "she will be able to assert her full claim against Raybestos, leaving Raybestos to proceed against Unarco for contribution. Whatever prejudice results to Raybestos from being forced to proceed without Unarco is simply that inherent in the principle of joint and several liability." Austin at 5. See also M.G.L. c. 231B (providing for contribution among joint tortfeasors).

Here, the plaintiff's claim against defendant Chilinski is not merely against a guarantor of defendant WPS, Inc.'s obligation. Rather, defendant Chilinski was CEO of WPS, Inc. when the bonus became due (upon the completion of the audit of the WPS 2001 financial statements on March 26, 2002), and until after this suit was filed on January 12,

7

2005. See Affidavit of Steven F. Chilinski in Support of his Motion to Apply the Automatic Stay to All Claims Pending Against him in this Action (hereinafter "Chilinski Affidavit") ¶4 (Chilinski was CEO of WPS, Inc. from January 29, 2002 until January 31, 2005). He was the most senior corporate officer of WPS, Inc. with primary responsibility to ensure that WPS, Inc. adhered to its contracts throughout this period of time.

Unlike a guarantor who has assumed liability only by contract, and who otherwise has no independent liability, defendant Chilinski's liability is specifically provided for by the Wage Act. In fact, the Wage Act provides that "[n]o person shall by a special contract with an employee or by any other means exempt himself from this section or from section one hundred and fifty." Yet, defendant Chilinski, solely by reason of his indemnification contract with WPS, Inc., which is not itself in bankruptcy, is seeking at least temporarily to exempt himself from the Wage Act. It would clearly be directly contrary to the purpose of the Wage Act, which requires the payment of wages within six days, and which makes contracts with employees exempting employers from its provisions void, if defendant Chilinski were permitted to avoid, even for a time, its provisions, solely by virtue of a contract to which the plaintiff is not even a party.

A.H. Robins is in accord that "…'where the debtor and another are joint tort feasors or where the nondebtor's liability rests upon his own breach of duty'… 'the automatic stay would clearly not extend to such non debtor.'" A.H. Robins at 999.

## IV. DEFENDANT CHILINSKI CONFUSES THE ISSUES OF THE AUTOMATIC STAY AND RELIEF UNDER SECTION 105 OF THE BANKRUPTCY CODE

While it is clear that 11 U.S.C. §362(a)(1) does not apply to defendant Chilinski as he is not a debtor in a bankruptcy case, and 11 U.S.C. §362(a)(3) does not apply because defendant Chilinski nowhere argues that insurance or any other property of a debtor in a bankruptcy case is affected, defendants cite a number of cases where a stay

was considered pursuant to 11 U.S.C. §105(a). However, that section provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Clearly, by referring to "the court," rather than "a court" or "any court" the statute is referring to the bankruptcy court or a district court sitting to decide a bankruptcy case. While the WPS LLC bankruptcy is proceeding before the Bankruptcy Court in the District of Massachusetts, it is not before this Court. See 28 U.S.C. §157(a), Local Rule 201 (bankruptcy cases in the District of Massachusetts are referred to the judges of the Bankruptcy Court). See A.H. Robins at 1002 (referring to §105 as granting the power to stay actions to the bankruptcy court). Thus, this Court is without jurisdiction to issue a stay pursuant to §105(a) as the WPS, LLC bankruptcy matter is not before it. See also Christakis at 18 n. 8 (debtor must initiate the request for a stay pursuant to 11 U.S.C. §105(a)).

Furthermore, any power to issue a stay pursuant to §105(a) necessarily would require a showing by defendant Chilinski of irreparable harm and a weighing of the balance of harms. See In Re Otero Mills, Inc., 25 B.R. 1018, 1021-1022 (D. N.M. 1982) (applying traditional preliminary injunction rules to stays under §105(a), and indicating that an injunction may not lie if reorganization is not likely). See also Apollo at 192-193 (citing Otero and denying injunction under §105(a) in part due to the lack of demonstrated irreparable harm to the debtor or its reorganization process); In re Family Health Services, Inc., 105 B.R. 937, 943-944 (Bkrtcy. C.D. Cal. 1989) (weighing the Otero factors and indicating that a probability of successful reorganization must be shown); In re Johns-Manville, 26 B.R. 420, 431 (Bkrtcy. S.D.N.Y. 1983) (because stay request is deemed a request for a preliminary injunction, irreparable harm must be

shown). Finally, any stay issued pursuant to the Bankruptcy Court's equitable powers under §105(a) would have to "be necessary or appropriate to carry out the provisions" of Title 11. See In Re Thinking Machines, 67 F.3d 1021, 1028 (1st Cir. 1995) (equitable powers of the bankruptcy court can only be brought to bear in the service of the Bankruptcy Code); In re Johns-Manville, 40 B.R. 219, 225 (S.D.N.Y. 1984) (stay request under §105 must be in aid of authority exercised pursuant to some other provision of the bankruptcy code).

## V. DEFENDANT CHILINSKI HAS SUBMITTED NO EVIDENCE JUSTIFYING A STAY BY THIS COURT PURSUANT TO ITS INHERENT POWERS

Defendant Chilinski argues only that the automatic stay applies to him. He makes no argument that judicial economy would not be served by permitting this case to proceed, or that the balance of harms weighs in his favor. Conversely, the plaintiff in this action clearly would be harmed by being forced to wait to collect the amounts due to him if he is not permitted to proceed against defendant Chilinski. Furthermore, witnesses may potentially become unavailable or forgetful. Defendant Chilinski, as a joint tortfeasor, is liable whether or not WPS, Inc. or WPS LLC is liable, and whether or not either may have the resources to pay. As it seems at this point unlikely that WPS LLC will reorganize (it is in Chapter 7, not Chapter 11), or that WPS LLC will have significant assets to distribute to unsecured claimants, delaying this case appears pointless, as defendant Chilinski and defendant Kulkarni (pursuant to the Second Amended Complaint, if the pending motion for leave to amend is allowed) are the ones that are likely to have the funds to pay the plaintiff's bonus and his February and March 2002 wages under Count Six. See Apollo at 193-194 (suggesting that issuance of stay may well require that the debtor show a plan calling for imminent 100% payment to the

creditor, so that little damage to the creditor will be caused).  See also Austin at 5, citing Landis v. North American Co., 299 U.S. 248 (1936).

In Landis, the Supreme Court summarized the high standard applicable to stays under a court's inherent powers.  "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else.  Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."  Landis at 255.  See also Clinton v. Jones, 520 U.S. 681, 706-708 (1997) (reversing as an abuse of discretion a stay of proceedings against a sitting U.S. President where the plaintiff's interest was not taken into account); A.H. Robins at 1003 (clear and convincing evidence of outweighing harm required to justify stay under inherent powers).

## VI.  DEFENDANT CHILINSKI DOES NOT DEMONSTRATE THAT A JUDGMENT AGAINST HIM WOULD HAVE PRECLUSIVE EFFECT AS TO WPS LLC

Defendant Chilinski argues that if "Crawford were to obtain a judgment against Chilinski, that would trigger a claim for indemnification against WPS Inc.  Therefore, WPS Inc. can be considered the real party in interest with respect to Crawford's claim against Chilinski."  Chilinski Memorandum at 6-7.  However, they ignore the fact that it is WPS LLC, not WPS, Inc. that is a debtor in bankruptcy.  As plaintiff has previously argued in Plaintiff's Prior Memorandum, no stay applies to WPS, Inc. in any case.  Therefore, the fact that an indemnification claim might be triggered is immaterial.  Although defendants would likely argue that WPS LLC has assumed all of the liabilities of WPS, Inc. and would therefore be liable for any judgment against defendant Chilinski

through a two step process of indemnification and then assignment, they have submitted no evidence to indicate that WPS, LLC has assumed such liability, or that WPS, Inc. has no assets and would be unable independently to satisfy such liability, the assignor of a contract remaining liable along with the assignee under Massachusetts law. See Local Rule 7.1(b)(1) (requiring supporting affidavits to be filed with motions).

Furthermore, defendant Chilinski does not address at all the applicability of res judicata principles. Rather he, in a conclusory fashion, implicitly asserts that such principles would necessarily bind the debtor WPS LLC. See Seybolt at 128 (in bankruptcy context, whether principal is bound by judgment against guarantor depends upon res judicata principles). See also Metal Center at 463 (principles of law that might bind a non-party outside of the bankruptcy context are of no effect in a bankruptcy context as the automatic stay allows a debtor to decline to join litigation).

It is far from clear that either WPS, Inc. or WPS LLC would be bound by a judgment against defendant Chilinski. By submitting a redacted version of his indemnification agreement, which it seems likely contains a choice of law provision, defendant Chilinski prevents an analysis of this issue. At best, the application of res judicata to non privies is a complex and uncertain area where the law varies by jurisdiction. At worst, there would be no res judicata effect on either WPS, Inc. or WPS, LLC. See Martin v. Wilks, 490 U.S. 755, 763 (1989) (person not a privy not bound by judgment unless duly summoned), Blonder-Tongue v. University Foundation, 402 U.S. 313, 323-324 (1971) (noting ferment and disagreement between courts as to applicability of res judicata to parties not in privity); Allen v. McCurry, 449 U.S. 90, 101 (1980) (collateral estoppel does not apply unless party against whom earlier decision is asserted

had a full and fair hearing); 41 Am. Jur. 2d Indemnity §§4, 26 (indemnity liability original and independent of any other obligation and does not arise until underlying claim has been paid).

Since WPS LLC is not a party to this suit, and WPS LLC has apparently assumed WPS, Inc.'s indemnification agreement with defendant Chilinski, the issue of that indemnity is solely between defendant Chilinksi and WPS LLC. Defendant Chilinski would therefore have to assert his own claim against WPS LLC for reimbursement once he has paid any judgment. This is not an issue with which either the plaintiff or this Court need be concerned. Whether or not defendant Chilinski would be successful in obtaining reimbursement is questionable, however that is solely an issue between defendant Chilinski and WPS LLC (and WPS, Inc. if that entity has any assets). Defendant Chilinski is liable to the plaintiff independent of any indemnification contract and independent of whether any party to that contract has assets. See Austin at 5 (joint tortfeasors are not indispensable parties and any prejudice to party being forced to proceed is only that inherent in the principle of joint and several liability).

VII. CONCLUSION

None of the four bases enumerated in A.H. Robins for the issuance of a stay as to defendant Chilinski have been satisfied. Inasmuch as he is not a debtor in a bankruptcy case and there is no issue of any property of any debtor being involved, no automatic stay is applicable. This Court lacks jurisdiction to issue a stay pursuant to 11 U.S.C. §105(a) and, while it has the power to stay proceedings under its inherent powers in the interest of judicial economy, there is no evidence that such action would result in any such

economies, let alone a "clear case of hardship or inequity," while the plaintiff would be harmed by being forced to wait. Landis at 255. The stay should therefore be denied.

Respectfully submitted,

_____
Peter A. Crawford, pro se
23 Newcastle Dr. #11
Nashua, NH  03060
(603)888-4574

Date: 19 May 2006

Affidavit of Service

I, Peter A. Crawford, plaintiff, hereby say and depose, under pains and penalties of perjury, that I this day served the within papers upon defendants' attorney, by causing copies thereof to be mailed, first class postage prepaid, to Mark Whitney, Morgan Brown & Joy, 200 State St., Boston, MA 02109.

_____

Date: 19 May 2006