UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____

PETER A. CRAWFORD,

        Plaintiff,

                                                   Civil Action No.
v.                                           05-cv-10078 (DPW)

WOLVERINE, PROCTOR & SCHWARTZ, INC.,
STEVEN F. CHILINSKI, and
DEEPAK S. KULKARNI,

        Defendants.
_____

### DEFENDANT WOLVERINE, PROCTOR & SCHWARTZ, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO CLARIFY PROTECTIVE ORDERS

Defendant Wolverine, Proctor & Schwartz, Inc. ("WPS Inc.") hereby submits the following memorandum of law in opposition to plaintiff *pro se* Peter A. Crawford's ("Crawford") Emergency Motion to Clarify this Court's January 6, 2006 Protective Orders.

Crawford's Motion should be denied for the following reasons:

- Crawford's motion violates the automatic stay currently in place with respect to WPS and, as a result, should be rejected by this Court as void *ab initio*.

- The instant motion is procedurally improper given Crawford's already pending motions to dissolve the Protective Orders and lift the automatic stay.

For the foregoing reasons, and those more fully articulated below, defendant WPS Inc. requests that this Court deny Crawford's Emergency Motion to Clarify this Court's January 6, 2006 Protective Orders.

## RELEVANT PROCEDURAL HISTORY

In mid-October 2005, it became apparent the parties were at impasse with respect to the relevance and discoverability of certain of Crawford's discovery requests. Specifically at issue were Crawford's repeated and wide-ranging inquiries into the private finances of defendant Deepak S. Kulkarni <u>and</u> Crawford's demands that the defendants produce documentation and interrogatory responses relating to Wolverine, Proctor & Schwartz, LLC's ("WPS LLC") 2005 financial performance and WPS Inc.'s February 2005 recapitalization.

Unable to resolve their discovery differences, the parties eventually sought judicial intervention. On October 25, 2005, Crawford filed a Motion to Compel the defendants to produce materials relevant to WPS Inc.'s February 2005 recapitalization and the company's 2005 financial performance. On November 4, 2005, the defendants filed their opposition to Crawford's Motion to Compel and filed two Motions for Protective Orders.

On January 6, 2006, the Court issued its Protective Orders resolving all of the then-pending discovery motions. The Court granted defendants' first motion for a protective order and barred Crawford from conducting any discovery on WPS Inc.'s 2005 recapitalization and the company's 2005 financial performance.

The Court partially granted defendants' second motion for a protective order. The Court allowed Crawford to conduct discovery on payments to Kulkarni, but only with respect to those payments to Kulkarni from WPS Inc. or WPS LLC that occurred in 2001 or 2002.

On January 17, 2006, dissatisfied with the Court's resolution of the parties' cross discovery motions, Crawford filed two Rule 72 objections to the Court's January 6, 2006 Protective Orders.  Defendants subsequently filed responses to Crawford's Rule 72 objections.

On March 23, 2006, following an amendment of his original Complaint, Crawford filed a motion to amend and dissolve this Court's January 6, 2006 Protective Orders.[1]  A hearing on Crawford's pending motion to amend and dissolve the Protective Orders is currently scheduled for June 28, 2006.

On April 1, 2006, WPS LLC filed for bankruptcy protection under Chapter 7 of the U.S. Bankruptcy Code.  A suggestion of bankruptcy for WPS LLC, the successor in interest to any liability that could result against WPP Inc. in the instant action, was filed on April 11, 2006.

During an April 13, 2006 status conference, this Court confirmed that the automatic stay under 11 U.S.C. § 362 applied to WPS Inc.

On May 8, 2006, Crawford and Mark Whitney (counsel for WPS Inc. in the instant action) attended a hearing before the Bankruptcy Court on Crawford's motion under Fed. R. Bankr. P. 2004.  At that hearing, Crawford sought to obtain discovery through the bankruptcy proceeding that would delve into areas prohibited under the January 6, 2006 protective orders issued by this Court.  Chief Judge Joan Feeney ruled at that time that Crawford would not be permitted to obtain information via the bankruptcy

---

[1]     On March 16, 2006, the Court denied Crawford's original motion to amend and dissolve the Protective Orders (filed on February 22, 2006) because Crawford had not yet filed his Amended Complaint. Crawford subsequently filed his Amended Complaint and brought his currently-pending motion to amend and dissolve the Court's Protective Orders.

proceeding that he is prohibited from obtaining under the January 6, 2006 protective orders in the instant proceeding.

Crawford's instant "emergency motion" followed that ruling.

## ARGUMENT

### CRAWFORD'S CURRENT MOTION TO CLARIFY THIS COURT'S JANUARY 6, 2006 PROTECTIVE ORDERS MUST BE REJECTED AS VOID *AB INITIO* AS VIOLATIVE OF THE CURRENTLY OPERATIVE AUTOMATIC STAY.

This motion represents Crawford's ***fourth attempt*** to circumvent the discovery limitation imposed by this Court's January 6, 2006 Protective Orders.  To allow Crawford to use the bankruptcy forum to inquire into those areas barred to him by the Protective Order is tantamount to dissolving the Protective Orders themselves as Crawford would be permitted unfettered access to those materials this Court has already barred to him.  Thus, the instant motion to "clarify" the Protective Orders is nothing more than Crawford's latest effort, this time using the bankruptcy forum, to skirt this Court's January 6, 2006 decision and orders.

Crawford's latest attempt to circumvent this Court's Protective Orders through continual motion practice clearly violates the provisions of the automatic stay.  The automatic stay is triggered by the filing of a petition in bankruptcy, and it stays the continuation of pre-petition litigation against the debtor.  11 U.S.C. § 362(a).  "The automatic stay is broad in scope and applies to almost every formal and informal action against the debtor or property of the debtor."  In re United Imports Corp., 200 B.R. 234, 236 (D. Neb. 1996).  "Any continuation of a lawsuit" against a debtor "is a violation of the automatic stay."  Id. at 237; see, Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1206 (3rd Cir. 1991) ("Once triggered by a debtor's bankruptcy petition, the

automatic stay suspends any non-bankruptcy court's authority to continue judicial proceedings then pending against the debtor.  This is so because § 362's stay is mandatory and 'applicable to all entities,' including state and federal courts.")

"Once the stay is in effect, the parties cannot undertake any judicial action material to the claim against the debtor without relief from the automatic stay.  This includes the filing of motions, which are void *ab initio*."  United Imports Corp., 200 B.R. at 237 (citing, Constitution Bank v. Tubbs, 68 F.3d 685 (3rd Cir. 1995)).  Furthermore, post-petition discovery and discovery motions are also barred by the automatic stay.  Id.; see, In re Indian Motorcycle Co., Inc., 266 B.R. 243, 263 (D. Mass. 2001); In re Manown, 213 B.R. 411, 412 (N.D. Ga. 1997) ("Discovery is considered part of the 'continuation' of a proceeding and is, therefore, subject to the automatic stay.")

Here, this Court ruled on April 13 that the automatic stay was applicable to defendant WPS Inc.  Crawford's euphemistically styled instant motion to "clarify" the Protective Orders in nothing more than a bald effort to use the bankruptcy proceeding to obtain discovery materials which this Court has already placed off limits.  Any motion practice directed at the discovery process, however, including the previously issued Protective Orders, is clearly violative of the automatic stay.  Because the Protective Orders apply to WPS, Crawford's current motion to "clarify" (*i.e.*, dissolve) those Orders should be rejected by this Court as "void *ab initio*."  United Imports Corp., 200 B.R. at 237.

Finally, in light of Crawford's already pending motions, the instant motion is procedurally inappropriate  Crawford's March 23, 2006 motion to amend and dissolve the Protective Orders (docket #75) is still pending, with a hearing scheduled for June 28,

2006. Moreover, although Crawford's instant motion ignores the automatic stay, Crawford's May 5, 2006, motion to lift the automatic stay concedes that the stay is currently in place. Thus, despite his pending effort to lift the automatic stay, Crawford now files a motion in clear violation of the stay itself.

### CONCLUSION

Based on the foregoing, Crawford's instant motion to clarify this Court's January 6, 2006 Protective Orders should be rejected.

Because Crawford's instant motion violates the automatic stay and is void *ab initio*, WPS Inc.'s opposition set forth above is purely procedural in nature. This procedural opposition, therefore, does not attempt to address the merits of Crawford's instant motion to clarify the January 6, 2006 Protective Orders. In the event that this Court determines that Crawford's instant motion is not violative of the automatic stay and/or is otherwise inclined to consider the merits of Crawford's instant motion, defendant WPS Inc. respectfully requests that this Court set an expedited briefing schedule to afford WPS Inc. the opportunity to respond to the substantive arguments raised in Crawford's memorandum of law.

Dated: May 26, 2006

Respectfully submitted,

WOLVERINE, PROCTOR &
SCHWARTZ, INC.,

By its attorneys,


/s/ Mark M. Whitney_____
Mark M. Whitney (BBO #637054)
Jeffrey D. Kuhn (BBO #662326)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts  02109
(617) 523-6666
mwhitney@morganbrown.com



**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on May 26, 2006, I filed the foregoing document with the Clerk of the Court using the ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing to the pro se plaintiff, Peter A. Crawford, 23 Newcastle Drive, #11, Nashua, NH  03060, by U.S. mail, on the same date.  I further certify that I sent a courtesy copy of this filing and its ECF confirmation to plaintiff at his email address petercra@ix.netcom.com on the same date.

/s/ Mark M. Whitney
_____