UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

PETER A. CRAWFORD,

       Plaintiff,

v.

WOLVERINE, PROCTOR & SCHWARTZ, INC.,
STEVEN F. CHILINSKI, and
DEEPAK S. KULKARNI,

       Defendants.
_____

Civil Action No.
05-cv-10078 (DPW)

**Oral Argument Requested**

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT

Defendants Wolverine, Proctor & Schwartz, Inc. ("WPS"), Steven F. Chilinski ("Chilinski") and Deepak S. Kulkarni ("Kulkarni") (collectively, the "defendants") hereby submit the following memorandum of law in opposition to plaintiff *pro se* Peter A. Crawford's ("Crawford") motion for leave to amend his Complaint for the second time pursuant to Fed. R. Civ. P. 15(a).

Crawford's motion for leave to file a Second Amended Complaint should be denied for the following reasons:

- The three new claims Crawford seeks to inject into this litigation are neither supported by "substantial and convincing evidence" nor "solidly grounded in the record," as they must be to be asserted after both the close of discovery and motions for summary judgment.

- Two of the new claims asserted in Crawford's proposed Second Amended Complaint seek to inject new theories of relief into this litigation which, "it goes without saying," is prejudicial to the defendants at this stage of this litigation.

- Two of the new claims asserted in Crawford's proposed Second Amended Complaint are based on facts that Crawford was aware of before he filed his previous Amended Complaint. Thus, Crawford's failure to bring these claims before now amounts to an impermissible "undue delay."

- One of Crawford's so-called "minor corrections" is, in reality, a surreptitious effort by Crawford to rectify a significant judicial admission upon which the defendants based their summary judgment arguments.

Based on the foregoing reasons, and those more fully articulated below, Crawford's motion for leave to file his Second Amended Complaint should be denied.

## NATURE OF THE CASE AND FACTUAL BACKGROUND

Crawford commenced the instant suit on January 15, 2005. Crawford's original Complaint asserted seven separate causes of action against the defendants.

The claims of Crawford's initial Complaint centered on his allegation that WPS breached his Employment Contract by failing to pay him a Bonus as a result of his 2001 employment with the company. Crawford also alleged that WPS improperly terminated his employment in January 2002 in violation of a three-month Transition Agreement and, as a result, Crawford was owed approximately two months of unpaid salary. Crawford further alleged that Kulkarni tortiously interfered in Crawford's Transition Agreement with WPS. Finally, Crawford brought three claims under the Massachusetts Weekly Payment of Wages Act related to his aforementioned breach of contract claims.

On April 8, 2005, defendant WPS filed its Answer. Following dispositive motion practice, the defendants filed an Amended Answer on November 16, 2005.

Discovery in this case included several rounds of exhaustive document requests, interrogatories and depositions. From November 2005 through February 2006, Crawford took the depositions of six separate witnesses. The final deposition in this case, the second day of Kulkarni's two-day deposition, took place on February 8, 2006.

On January 17, 2006, Crawford filed his first motion for leave to amend the Complaint. Crawford's proposed Amended Complaint included a new fraud claim against Kulkarni and a claim for an accounting. On January 31, 2006, defendants filed a notice of non-opposition to Crawford's motion for leave to amend. On February 1, 2006, the Court granted Crawford's first motion for leave to amend.

By Order dated February 9, 2006, the Court set a February 24, 2006 deadline for the completion of all fact discovery in this case. By the same February 9 Order, the Court set March 17, 2006 as the deadline for the parties to file cross-motions for summary judgment.

Crawford ultimately filed his Amended Complaint on March 13, 2006.

The parties filed cross-motions for summary judgment on March 17, 2006. Crawford's motion sought summary judgment on his unpaid bonus and Wage Act claims, while the defendants sought summary judgment on all of Crawford's claims included in the original Complaint. Defendants' March 17 initial motion for summary judgment did not address the fraud and accounting claims included in Crawford's Amended Complaint -- which had been filed on March 13, only four days earlier.

At an April 13, 2006 status conference, the Court set a deadline of May 5, 2006 for Kulkarni to bring a motion for summary judgment on Crawford's remaining fraud claim (the only substantive claim which had not already been fully briefed on summary judgment). The Court also set a May 5 deadline for Crawford to file a motion to lift the automatic stay in place with respect to WPS as a result of the recent bankruptcy filing of Wolverine, Proctor & Schwartz, LLC.

On May 5, 2006, Crawford moved not only to lift the automatic stay and for further summary judgment, but he also brought the instant motion for leave to file a Second Amended Complaint.

Crawford's proposed Second Amended Complaint asserts three new causes of action, all of which are directed at Kulkarni. The proposed Second Amended Complaint also adds an additional fifty-five paragraphs and thirteen pages to the length of the Amended Complaint.

## ARGUMENT

**CRAWFORD'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT SHOULD BE DENIED BECAUSE THE PROPOSED AMENDMENTS ARE NOT SOLIDLY GROUNDED IN THE RECORD AND ARE UNTIMELY.**

By this motion, Crawford seeks leave to file a Second Amended Complaint after the close of discovery and after the defendants have already filed motions for summary judgment on each of the eight substantive claims Crawford had previously asserted in his Complaint and First Amended Complaint. Crawford's proposed Second Amended Complaint contains three new causes of action. Two of Crawford's proposed new claims are (by Crawford's own admission) based on factual allegations which were known to Crawford at the time he last sought leave to amend his Complaint in January 2006. Thus,

4

Crawford's inexcusable neglect in failing to attempt to bring these claims until the eleventh hour amounts to an undue delay which should not be rewarded or sanctioned by this Court.

Furthermore, two of Crawford's new claims – for piercing the corporate veil and breach of the implied warranty of non-interference with assignment – are based on entirely new legal theories of relief which have never before been introduced into this proceeding. "It goes without saying" that "injecting a new theory of relief" at this stage of the litigation, with summary judgment already under consideration and discovery complete, will prejudice the defendants. Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (upholding denial of leave to amend where plaintiff demonstrated lack of "diligence" in moving to amend "after the opposing party [had] timely moved for summary judgment").

Finally, that Crawford's proposed Second Amended Complaint (after the putative close of discovery and almost a year and a half since the Complaint was filed) seeks to reinvent this litigation by adding fifty paragraphs and over thirteen pages of additional factual allegations into this proceeding – allegations wholly unrelated to the original subject of this case, Crawford's allegedly unpaid bonus – will necessitate the re-opening of discovery to allow the defendants to investigate and defend these new claims. See, Acosta-Mestre v. Hilton Int'l of P.R., 156 F.3d 49, 52 (1st Cir. 1998) (where plaintiff moved to amend fifteen months after the initial complaint was filed, when discovery was almost closed, and "nearly all the case's pre-trial work was complete," court found it would cause undue delay to allow plaintiff to amend complaint).

A.   **Applicable Legal Standard**

"Rule 15 of the Federal Rules of Civil Procedure requires leave of court in order to file an amended complaint once a responsive pleading to the initial complaint has been served." Mississippi Assoc. of Cooperatives v. Farmers Home Admin., 139 F.R.D. 542, 543 (D.D.C. 1991). "Absent bad faith, dilatory motive, undue delay or prejudice on the non-moving party," leave to amend is generally granted. Mississippi Assoc. of Cooperatives, 139 F.R.D. at 543 (citing, Foman v. Davis, 371 U.S. 178, 182 (1962)).

"The longer a plaintiff delays" in seeking to amend his complaint, however, "the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and court, is itself a sufficient reason for the court to withhold permission to amend." Steir, 383 F.3d at 12; see, Massachusetts Eye and Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 231 (1st Cir. 2005) (upholding denial of a motion to amend where the plaintiff "failed to meet its burden of showing 'some valid reason for its neglect and delay'"); Tyler v. U.S., 397 F. Supp. 2d 176, 180 (D. Mass. 2005) ("Leave to amend must be denied, however, if the amendment … would reward undue delay.")

"Particularly disfavored are motions to amend whose timing prejudices the opposing party by requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alternation in trial tactics and strategy." Steir, 383 F.3d at 12. Thus, "once a motion for summary judgment has been filed," as in the instant case, "a motion for leave to amend will be allowed only if the plaintiff can provide 'substantial and convincing evidence' in support of the amendment." Tyler, 397 F. Supp. 2d at 180 (quoting, Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir.

6

1994)); see, Adorno v. Crowley Towing and Transportation, 443 F.3d 122, 126 (1st Cir. 2006) (because "the bar for a plaintiff tendering an amended complaint is higher after a motion for summary judgment has been filed," motion to amend "tendered at the eleventh hour to fend off summary judgment" was properly denied); Kennedy v. Josephthal & Co., 814 F.2d 798, 806 (1st Cir. 1987) (motion for leave to amend properly denied where court regarded it "as an attempt to avoid an adverse ruling on summary judgment").

Moreover, where, as here, leave to amend is "sought only after discovery has closed and summary judgment motions have been filed, 'the proposed amendment must not only be theoretically viable but also solidly grounded in the record.'" Resnick v. Copyright Clearance Center, Inc., 422 F. Supp. 2d 252 (D. Mass. 2006) (quoting, Hatch v. Dep't for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001)).

None of the three new claims Crawford now seeks to append to his First Amended Complaint begin to cross the high threshold necessary to effect an amendment at this late hour. The new claims asserted in the proposed Second Amended Complaint inject a dizzying array of novel factual and legal issues into this case. All of this (it must be reiterated) after both the close of discovery and defendants' plenary motions for summary judgment. It appears that Crawford's reaction to dispositive motion practice is simply to layer on new causes of action and additional factual allegations. Thus, like Hercules battling the Lernean Hydra, the defendants are forced to contend with new claims and theories of relief sprouting up just as it appeared that each of Crawford's original eight claims had been fully addressed.

Notwithstanding his untimely motion for leave to amend, Crawford has provided no evidentiary support whatsoever for this motion, much less the "substantial and

convincing evidence" required when attempting to inject new claims at this late hour. Tyler, 397 F. Supp. 2d at 180. Crawford's motion is not only entirely devoid of any citation to the substantial evidentiary record which has been developed in this case, Crawford has not even submitted an affidavit in support of his current motion. Instead, the bulk of the proposed amendments, whether new factual allegations or novel theories of relief, have no evidentiary underpinning at all and are based only upon Crawford's bare allegations and unsupported theories.

Because Crawford has proffered nothing in support of this motion which begins to meet the threshold required to amend his Complaint to assert new claims at this stage of the litigation, Crawford's motion for leave to file a Second Amended Complaint should be denied.

**B.     The Proposed Cause of Action for Breach of the Implied Warranty of Non-Interference with Assignment Should be Rejected Because it is Based on Facts Known to Crawford at the Time the Prior Amended Complaint was Filed.**

Crawford seeks to append to his previously Amended Complaint a claim against Kulkarni for breach of the implied warranty of non-interference with assignment. By Crawford's own admission, however, this "proposed Tenth Cause of Action is based on a slightly different theory arising out *the same facts*" as his previously asserted fraud claim. [Crawford's Memorandum of Law, pg. 6; emphasis supplied]. Thus, Crawford's proposed tenth cause of action is nothing more than a rehash of his fraud claim, re-asserted under a new theory of relief.

Crawford concedes that this new claim is entirely based on facts which Crawford was already aware of when he last moved to amend his Complaint in mid-January 2006.

Thus, there can be no valid excuse for Crawford's waiting to bring this claim until now.[1] Yet Crawford's motion offers no rationale whatever for his seemingly casual delay in deciding to bring this claim only *after* the close of discovery and motions for summary judgment. See, LaRocca v. Borden, Inc., 276 F.3d 22, 32 (1st Cir. 2002) ("undue delay," in and of itself, is a "sufficient basis for denying leave to amend"). Without any reason given for Crawford's manifest delay in choosing to assert this claim, that delay can only be characterized as "undue." Because Crawford has utterly "failed to meet [his] burden of showing 'some valid reason for [his] neglect and delay'" in failing to bring his tenth cause of action until now, Crawford should not be permitted to inject this claim into this proceeding. Massachusetts Eye & Ear Infirmary, 412 F.3d at 231; see, LaRocca, 276 F.3d at 32 (denying leave to amend where plaintiffs were "given leave twice earlier to amend complaint").

Moreover, where, as here, leave to amend is "sought only after discovery has closed and summary judgment motions have been filed, 'the proposed amendment must not only be theoretically viable but also solidly grounded in the record.'" Resnick, 422 F. Supp. 2d 252; see, Hatch, 274 F.3d at 19. The crux of Crawford's tenth cause of action is paragraph 105 of his proposed Second Amended Complaint:

> By entering into the Omnibus Agreement, and through other actions, including but not limited to the February 11, 2005 recapitalization, defendant Kulkarni impaired, and defeated a portion of, the value of the assignment to the plaintiff under the Settlement Agreement.

---

[1] Nor can Crawford argue that he only recently became aware of the proffered legal underpinning of his tenth cause of action. Both of the antique cases cited by Crawford in support of his tenth cause of action, Abbot v. Bean, 295 Mass. 268 (1936) and Easton v. Mellus, 73 Mass. (7 Gray) 566 (1856), were also cited in Crawford's February 22, 2006 memorandum in support of his motion to amend and dissolve this Court's Protective Orders. That memorandum was filed approximately twenty days *before* Crawford filed his prior Amended Complaint.

Nothing about either the proposed claim or the foregoing factual allegations, however, are "solidly grounded in the record." In fact, the 2005 recapitalization was placed squarely *outside* the record in this action by the Court's January 6 Protective Order which barred Crawford from conducting discovery into an area of inquiry so manifestly irrelevant to Crawford's claims (which also demonstrates how far afield the proposed claims are from the original subject of this litigation). Far from being "solidly grounded in the record," the allegations which make up both Crawford's tenth and twelfth causes of action are just that – bare allegations – unsupported by the record of admissible evidence already developed through this case's lengthy discovery process.

The rationale for the "solidly grounded in the record" requirement is obvious – to ensure that belated allegations find ready and concrete support in the established record so as to obviate the need to begin the discovery process anew. Here, it will be impossible for Crawford to substantiate his new factual allegations, or for the defendants to mount a capable defense, without a lengthy and costly re-opening of discovery at this late date.

**C.**   **The Proposed Claim to Pierce the Corporate Veil Should be Rejected Because Crawford's Bare Allegations are Unsupported by the Record and <u>Injecting a New Theory Into this Litigation will Prejudice the Defendants.</u>**

Crawford's twelfth "cause of action," to pierce the corporate veil so as to hold Kulkarni personally liable for WPS's debts, is composed entirely of extraneous factual allegations in support of a new theory of relief that has nothing to do with the original subject of this litigation. Crawford's lengthy claim concerns a variety of financial transactions over the past year to which Crawford was not a party. Moreover, the transactions described in Crawford's proposed twelfth claim are completely unrelated to

10

either Crawford's tenure with WPS or his unpaid bonus claim – the putative subject of this litigation.

To the extent Crawford believes there has been an improper transfer or disposition of the assets of the now bankrupt WPS, LLC, the proper forum for Crawford to air those grievances is the bankruptcy court, not this proceeding. Indeed, throughout his memorandum and his proposed Second Amended Complaint, Crawford seems to be intent on usurping the function of the bankruptcy trustee as the arbiter of the propriety of WPS, LLC's business practices.

As was stated above, "it goes without saying" that "injecting a new theory of relief" at this late stage of the litigation is prejudicial to the defendants. Steir, 383 F.3d at 12. Moreover, Crawford's corporate veil piercing claim is composed of *thirty* paragraphs of completely novel factual allegations that are neither "solidly grounded in the record" (Resnick, 422 F. Supp. 2d 252) nor supported by "substantial and convincing evidence." Tyler, 397 F. Supp. 2d at 180; see also, Resolution Trust Corp., 30 F.3d at 253. Indeed, Crawford has provided neither an affidavit nor any other factual evidence to buttress the claims included in his proposed Second Amended Complaint – they remain nothing more than bare allegations without a shred of support in the discovery record.

As with Crawford's proposed tenth cause of action discussed above, it will be impossible for Crawford to substantiate any of the dozens of new allegations raised in his corporate veil piercing claim without a protracted and expensive re-opening of the discovery process.

Based on the foregoing, Crawford's effort to assert his proposed corporate veil piercing claim against Kulkarni should be denied.

11

**D.    The Proposed Wage Act Claim Against Kulkarni Should be Rejected Because Crawford has Offered No Valid Reason for his Undue Delay in Failing to Assert this Claim Before Now.**

Like his tenth cause of action discussed above, Crawford has offered no reason whatsoever for his decision to wait until now to bring his Wage Act claim against Kulkarni. Because Crawford has failed to articulate any reason for his delay in asserting this claim, much less the "substantial and convincing" reason required to amend his Complaint at this belated stage of the proceeding, Crawford's effort to assert a Wage Act claim against Kulkarni should also be denied. Tyler, 397 F. Supp. 2d at 180.

In his memorandum, Crawford argues that at the time he filed his original Complaint in this action in January 2005, "he did not believe that he had a basis to hold defendant Kulkarni liable under the Wage Act [] as it was not clear that" Kulkarni fit the Wage Act's statutory definition of an "officer or agent" necessary to impose personal liability. [Crawford's memo, pg. 2]. Crawford then states, however, that he learned through "the depositions of defendant Chilinksi, defendant Kulkarni and Marshall Bartlett of Parthenon" that "the matter of plaintiff's bonus was left in Kulkarni's hands." [Id.]

Crawford took Chilinksi's deposition on November 14, 2005, the first day of Kulkarni's deposition on December 7, 2005, Bartlett's deposition on January 20, 2006, and the second day of Kulkarni's deposition on February 8, 2006. Crawford did not file his Amended Complaint until March 13, 2006, more than a month after he took his final deposition.

Thus, even accepting Crawford's contention that he only became aware of Kulkarni's potential liability under the Wage Act as a result of the aforementioned

deposition testimony, Crawford could have asserted his Wage Act claim against Kulkarni when he last amended his Complaint in mid-March 2006. Given his own timeline, Crawford cannot (and does not) "meet [his] burden of showing 'some valid reason for [his] neglect and delay'" in failing to assert his Wage Act claim against Kulkarni until now. Massachusetts Eye & Ear Infirmary, 412 F.3d at 231; see, LaRocca, 276 F.3d at 32 ("undue delay," in and of itself, is a "sufficient basis for denying leave to amend").

Furthermore, while Crawford alleges in conclusory fashion that Kulkarni responsibilities at WPS render him liable under the Wage Act, the motion fails to "provide any substantial and convincing evidence" or specific citations to the factual record in support of these new allegations. Tyler, 397 F. Supp. 2d at 180. Because Crawford's motion fails to demonstrate that the proposed Wage Act claim against Kulkarni is "solidly grounded in the record," that claim should be rejected. Resnick, 422 F. Supp. 2d 252.

**E.    In Reality, Crawford's So-Called "Minor Corrections" are an Attempt to Recant Prior Judicial Admissions Upon Which the Defendants have Already Relied in Their Summary Judgment Arguments.**

Notwithstanding its misleading heading, the final subpart of Crawford's memorandum, entitled "Minor corrections," includes a highly disingenuous, self-serving effort by Crawford to rectify a significant and damaging judicial admission included in both the Complaint and the First Amended Complaint. Crawford's stealthy effort to modify key allegations in response to a portion of defendants' summary judgment argument represents an attempt by Crawford to disguise a fundamental modification as a "minor correction" so as to arouse the least possible attention by either the defendants or this Court. Such devious litigation tactics should not be tolerated.

13

Hidden within the Crawford's memorandum laying out approximately a half-dozen supposedly "minor corrections" to be included in Crawford's proposed Second Amended Complaint is the following sentence:

> *Paragraph 10 updates a minor error in the 1999 EBITDA*, ¶ 26 was updated to clarify the entity for which financial statements were produced, ¶ 29 was updated to reflect the fact that reasons for non-payment of the Bonus were provided to the plaintiff during discovery in this matter, and ¶ 91 was reworded slightly to reflect the fact that the 2005 recapitalization created separate U.S. and U.K. entities.

[Crawford's Memorandum, pg. 7; emphasis supplied.]

The pertinent part of paragraph 10 of Crawford's Complaint and Amended Complaint reads as follows:

> During Mr. Kulkarni's tenure, Wolverine Inc.'s fortunes had declined, culminating in an EBITDA (earnings before interest, taxes, depreciation and amortization) loss of $4.700 million during calendar 1999.

Paragraph 10 of Crawford's proposed Second Amended Complaint, however, reads as follows:

> During Mr. Kulkarni's tenure, WPS, Inc.'s fortunes had declined, culminating in an EBITDA *before extraordinary loss* (earnings before interest, taxes, depreciation, amortization and *extraordinary loss*) loss of $4.700 during calendar 1999.

[Emphasis supplied to show proposed amended language.]  Thus, Crawford's proposed "update" of a supposedly "minor error" in his earlier pleadings is, in reality, an attempt to change the definition of EBITDA included in his own prior pleadings.  The manner in which EBITDA is defined, specifically whether extraordinary gains or losses are properly incorporated within the term, is *the* central disputed issue in this litigation.  Despite the casual nature in which Crawford attempts to sneak this amendment into his Second Amended Complaint, there can be no doubt that the proposed revisions to the EBITDA

14

definition included in paragraph 10 are a desperate attempt by Crawford to escape the impact of a particular summary judgment argument posited by the defendants that Crawford now recognizes as fatal to his unpaid bonus claim.

One of the central arguments raised by defendants in their April 7, 2006 memorandum (docket # 81) submitted in opposition to Crawford's initial motion for summary judgment (docket # 71) was that Crawford's own allegations confirmed the defendants' contention that EBITDA was never intended to incorporate extraordinary gains.[2]  Defendants argued that inasmuch as paragraph 10 of Crawford's Amended Complaint correctly *excluded* an extraordinary loss of $1,282,000 in computing WPS's EBITDA for 1999 as a loss of $4.7 million, Crawford's simultaneous position that WPS's 2001 EBITDA should *include* extraordinary gains for the purpose of his bonus calculation was completely inconsistent and logically untenable.  [Docket # 81, pgs. 21-22].

Thus, Crawford's portrayal of his proposed "amendment" to paragraph 10 as an "update" of a "minor error" is disingenuous.  In reality, Crawford's proposed amendment to paragraph 10 represents an effort to erase a damaging judicial admission that he has already twice asserted in his Complaint and Amended Complaint, and an "attempt to avoid an adverse ruling on summary judgment."[3]  Kennedy, 814 F.2d at 806.  Upon

---

[2]     All parties apparently agree that Crawford's bonus entitlement is entirely contingent on the issue of whether the extraordinary gain WPS realized in 2001 is properly incorporated into EBITDA pursuant to the bonus calculation formula included in Crawford's Employment Contract.

[3]     Because "judicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible," statements "contained in a party's pleading are binding on that party, and are considered judicial admissions." In re Crawford, 274 B.R. 798, 804-805 (8th Cir. 2002); see, Official Committee of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2nd Cir. 2003) (the allegations contained within a complaint are "judicial admissions" by which a plaintiff is "bound throughout the course of the proceeding").  While an allegation superceded by a subsequent pleading ceases to act as a conclusive judicial admission, "it still

15

reading defendants' summary judgment papers, Crawford realized that the judicial admissions present in the Amended Complaint contradicted his primary position in this case – his contention that EBITDA includes extraordinary items.  In response, Crawford now seeks to effect a radical transformation of his paragraph 10 allegations *after* defendants have already relied upon those allegations/judicial admissions in crafting their summary judgment arguments.  Clearly, to allow Crawford to amend his Amended Complaint in this manner, at the eleventh hour, and for this reason would be highly prejudicial to the defendants.

Because Crawford's proposed amendments to paragraph 10 of his Amended Complaint have been "tendered at the eleventh hour to fend off summary judgment," Crawford should be denied leave to file his proposed Second Amended Complaint. Adorno, 443 F.3d at 126.

### F.     Crawford Should Be Afforded No Leniency Because Of His *Pro Se* Status, Because He Is No Ordinary Pro Se Litigant

To the extend that Crawford may ask for, or this Court may consider affording, certain leniency with respect to consideration of this motion, defendants submit that it is appropriate for this Court to consider that Crawford is no ordinary *pro se* litigant. Crawford has more than twenty years of experience litigating complex matters on his own behalf in federal and state trial and appellate courts, including the U.S. Supreme Court.  A sample of Crawford's litigious history is presented below:

- Crawford v. City of Boston, et al., No. 82-9024-C, 1983 U.S. Dist. LEXIS 15352 (D. Mass. July 19, 1983) (brought action *pro se* under 42 U.S.C. § 1983; at time of the dispositive motion hearing the judge noted that Mr. Crawford had incurred $12 in out-of-pocket expenses/damages; case dismissed as moot and for failure to state a claim), aff'd in part, vacated and remanded, 740 F.2d 953 (1st Cir. 1984).

---

remains as a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated."  Burman v. Phoenix Worldwide Industries, Inc., 384 F. Supp. 2d 316, 327 (D.D.C. 2005).

- Crawford v. City of Cambridge, et al., No. 84-CV-4002 (D. Mass., commenced Dec. 13, 1984) (brought another action *pro se* under 42 U.S.C. § 1983; docket listing from PACER unclear as to resolution, notes that the case was closed on Dec. 27, 1989).

- Crawford v. City of Cambridge, et al., No. 85-1187 (Middlesex Super. Ct.) (*pro se* appeal from an administrative agency relating to a $10 parking ticket; Mr. Crawford overturned the agency ruling on summary judgment), affirmed, 25 Mass. App. Ct. 47 (1987).

- Crawford v. Magee, No. 89-CV-1038, 1993 WL 438463 (D. Mass. Oct. 12, 1993) (ERISA litigation brought *pro se* initially under 29 U.S.C. § 1109 and alleging breach of fiduciary duty and other counts; Crawford later hired counsel; district court dismissed for lack of standing), affirmed sub nom, 34 F.3d 28 (1st Cir. 1994), reh'g en banc denied, No. 93-2241 (1st Cir. Nov. 29, 1998); cert. denied, 514 U.S. 1032, reh'g on cert. denial denied, 514 U.S. 1124 (1995)).

- Crawford v. John Doe, Petar's Automotive, Inc., No. 97-350 (Middlesex Super. Ct., commenced Jan. 21, 1997) (brought this tort action *pro se*; court dismissed case based on finding that Mr. Crawford's damages were not likely to meet jurisdictional minimum of $25,000).

- Crawford v. City of Quincy, Petar's Automotive, Inc., et al., No. 97-CV-11499 (D. Mass., commenced July 3, 1997) (brought another *pro se* civil rights action; controversy stemmed initially from Mr. Crawford's refusal to pay an additional $1.86 to a gas station attendant who allegedly gave Crawford the wrong grade of unleaded gasoline). Crawford later reversed a portion of Judge Young's ruling that had awarded his $4,116 damages to the gas station attendants to pay for their attorneys' fees. Crawford v. City of Quincy, 215 F.3d 1311 (1st Cir. 2000).

- Crawford v. DecisionOne Corporation, No. 97-4572 (Middlesex Super. Ct.). Mr. Crawford sued his former employer for violation of rights granted to him as an executive of a target company under the terms of an asset purchase agreement. Crawford claimed that he was not offered a position in the acquiring company that was of a high enough level, which he claimed entitled him to enhanced severance benefits.

- Defendants are also aware that Crawford has represented himself as a creditor in bankruptcy court proceedings involving two of his former employers: IDE Corporation; and Wolverine, Proctor & Schwartz, LLC.

Setting aside the exceedingly remarkable circumstance that one person could become embroiled in so many actions and appeals as a *pro se* litigant, Crawford's lengthy litigious resume, at a minimum, demonstrates his knowledge of federal and state courts

and procedure. As such, defendants respectfully submit that Crawford should be held to the same standard as experienced counsel would in consideration of the instant motion. Under those standards, outlined above, Crawford's second motion for leave to amend his complaint should be denied.

## CONCLUSION

Based on the foregoing, Crawford's motion for leave to file his proposed Second Amended Complaint should be denied.

Dated: May 26, 2006

                Respectfully submitted,

                WOLVERINE, PROCTOR &
                SCHWARTZ, INC.,
                STEVEN F. CHILINSKI, and
                DEEPAK S. KULKARNI

                By their attorneys,

                /s/ Jeffrey D. Kuhn
                Mark Whitney (BBO #637054)
                Jeffrey D. Kuhn (BBO #662326)
                MORGAN, BROWN & JOY, LLP
                200 State Street
                Boston, Massachusetts   02109
                (617) 523-6666

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 26, 2006, I filed the foregoing document with the Clerk of the Court using the ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing to the pro se plaintiff, Peter A. Crawford, 23 Newcastle Drive, #11, Nashua, NH 03060, by U.S. mail, on the same date. I further certify that I sent a courtesy copy of this filing and its ECF confirmation to plaintiff at his email address petercra@ix.netcom.com on the same date.

/s/ Jeffrey D. Kuhn
_____