**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

PETER A. CRAWFORD,

    Plaintiff,

v.

WOLVERINE, PROCTOR & SCHWARTZ, INC.,
STEVEN F. CHILINSKI, and
DEEPAK S. KULKARNI,

    Defendants.

---

Civil Action No.
05-cv-10078 (DPW)

**Oral Argument Requested**

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR
FURTHER PARTIAL SUMMARY JUDGMENT**

Mark M. Whitney (BBO # 637054)
Jeffrey D. Kuhn (BBO # 662326)
MORGAN, BROWN & JOY, LLP
*Attorneys for the Defendants*
200 State Street
Boston, Massachusetts 02109
(617) 523-6666

## PRELIMINARY STATEMENT

Defendants Steven F. Chilinski ("Chilinski") and Deepak S. Kulkarni ("Kulkarni") (collectively "Defendants") hereby submit the following memorandum in opposition to plaintiff *pro se* Peter A. Crawford's second Motion for Partial Summary Judgment. Plaintiff has already moved for summary judgment on his Wage Act claim against defendant Wolverine, Proctor & Schwartz, Inc. ("WPS").

Plaintiff *pro se*, Peter A. Crawford ("Crawford"), commenced the instant suit on January 12, 2005. Crawford's Amended Complaint, which seeks $1,792,710 in damages, asserts nine causes of action sounding in breach of contract, violations of the Massachusetts Payment of Wages Act, tortious interference with a contractual relationship and fraud. Crawford, the former Chief Operating Officer ("COO") of Wolverine, alleges that he is owed a bonus and certain unpaid wages arising out of his employment with Wolverine from December 1999 through January 2002.

Crawford's motion for partial summary judgment should be denied for the following reasons:

- Crawford's Wage Act claim (against Kulkarni) is included in Crawford's proposed Second Amended Complaint. Crawford brought his motion for leave to file his Second Amended Complaint contemporaneously with the instant motion for summary judgment. As Crawford has not yet been granted leave to file his Second Amended Complaint, Crawford's motion for summary judgment on a claim contained therein is premature.

- Summary judgment on Crawford's Wage Act claim against Chilinski should be denied for the reasons previously articulated in defendants' opposition to Crawford's earlier motion for summary judgment; <u>viz.</u>, Crawford is not entitled to a 2001 bonus in the first place and, even if he were entitled to a bonus, the Wage Act is inapplicable to the type of compensation Crawford seeks herein.

Thus, as set forth more fully below, defendants respectfully request an order from this Court dismissing with prejudice all causes of action in the original Complaint.

## **MATERIAL FACTS THAT ARE IN DISPUTE**

Pursuant to Local Rule 56, defendants set forth the following counter-statement of material facts in response to the Statement of Undisputed Material Facts contained in Crawford's memorandum of law. The following numbered paragraphs correspond to the numbered paragraphs contained in Crawford's SOF.

45. Crawford's contention regarding Marshall Bartlett's role in the matter of plaintiff's alleged bonus entitlement is inaccurate and confusing. In December 2004, when Crawford first wrote to WPS demanding a bonus for his 2001 employment with the company, Mr. Bartlett was one of five members of the WPS Board of Directors. [See, transcript of Bartlett's January 20, 2006 deposition, pg. 48, attached to Crawford's supporting affidavit as Exhibit D]. Of the three Parthenon directors on the WPS Board, Mr. Bartlett was the supervising or "key" director. [<u>Id.</u>] The members of the WPS Board, including Mr. Bartlett, discussed Crawford's demands. [<u>Id.</u> at pgs. 44-45]. Thus, Crawford's contention that Mr. Bartlett left the "matter of the plaintiff's bonus in the company's hands" is inaccurate. As Mr. Bartlett was one of the "key" members of the WPS Board of Directors who oversaw management of the company, the assertion that

2

Mr. Bartlett left the matter of Crawford's bonus in "the company's hands" creates a misleading suggestion of a nonexistent distinction between WPS's Board and WPS itself.

51.     Crawford's contention that the management of WPS, LLC in February 2005 was largely unchanged from WPS, Inc.'s management in December 2001 is inaccurate. [See, accompanying Affidavit of Deepak S. Kulkarni, ¶ 3].

## RELEVANT PROCEDURAL HISTORY

Crawford commenced the instant suit on January 15, 2005. Crawford's original Complaint asserted seven separate causes of action against the defendants.

The claims of Crawford's initial Complaint centered on his allegation that WPS breached his Employment Contract by failing to pay him a Bonus as a result of his 2001 employment with the company. Crawford also alleged that WPS improperly terminated his employment in January 2002 in violation of a three-month Transition Agreement and, as a result, Crawford was owed approximately two months of unpaid salary. Crawford further alleged that Kulkarni tortiously interfered in Crawford's Transition Agreement with WPS. Finally, Crawford brought three claims under the Massachusetts Weekly Payment of Wages Act, M.G.L. c. 149, § 148 (the "Wage Act"), related to his aforementioned breach of contract claims.

On April 8, 2005, defendant WPS filed its Answer. Following dispositive motion practice, the defendants filed an Amended Answer on November 16, 2005.

On January 17, 2006, Crawford filed his first motion for leave to amend the Complaint. Crawford's proposed Amended Complaint included a new fraud claim against Kulkarni and a claim for an accounting. On January 31, 2006, defendants filed a

3

notice of non-opposition to Crawford's motion for leave to amend. On February 1, 2006, the Court granted Crawford's first motion for leave to amend.

Crawford ultimately filed his Amended Complaint on March 13, 2006.

The parties filed cross-motions for summary judgment on March 17, 2006. Crawford's motion sought summary judgment on his unpaid bonus and Wage Act claim against WPS, while the defendants sought summary judgment on all of Crawford's claims included in the original Complaint. Defendants' March 17 initial motion for summary judgment did not address the fraud and accounting claims included in Crawford's Amended Complaint -- which had been filed on March 13, only four days earlier.

At an April 13, 2006 status conference, the Court set a deadline of May 5, 2006 for Kulkarni to bring a motion for summary judgment on Crawford's remaining fraud claim (the only substantive claim which had not already been fully briefed on summary judgment). The Court also set a May 5 deadline for Crawford to file a motion to lift the automatic stay in place with respect to WPS as a result of the recent bankruptcy filing of Wolverine, Proctor & Schwartz, LLC.

On May 5, 2006, Crawford filed a motion for leave to file a Second Amended Complaint. Among the three new claims included in Crawford's proposed Second Amended Complaint is a Wage Act claim against Kulkarni.

Also on May 5, 2006, the same day that Crawford brought his motion for leave to file a Second Amended Complaint, Crawford also brought this second motion for partial summary judgment. Crawford moves for summary judgment on both his Wage Act

4

claim against Chilinski and the *proposed* Wage Act claim included in Crawford's draft Second Amended Complaint.

**ARGUMENT**

**I.    SUMMARY JUDGMENT STANDARD**

Summary judgment "purports 'to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Podiatrist Ass'n, Inc. v. La Cruz Azul De Puerto Rico, Inc., 332 F.3d 6, 12 (1st Cir. 2003). The Court may grant a motion for summary judgment only if the record "construed in the light most favorable to the party opposing summary judgment," reveals no dispute as to any genuine issues of material facts. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 261, 106 S.Ct. 2505 (1986).

When considering "whether to grant summary judgment, the Court must determine whether the pleadings depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In making this assessment, the Court must 'scrutinize the record in the light most flattering to the party opposing the motion, indulging all reasonable inferences in that party's favor.'" Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003).

In deciding whether a factual dispute is "genuine," the Court must determine whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 248, 106 S.Ct. 2505.

**II.   CRAWFORD'S MOTION FOR SUMMARY JUDGMENT ON HIS PROPOSED WAGE ACT CLAIM AGAINST KULKARNI SHOULD BE DENIED BECAUSE CRAWFORD HAS NOT YET BEEN GRANTED LEAVE TO FILE THAT CLAIM – MAKING THIS MOTION PREMATURE.**

Crawford moved for summary judgment on his Kulkarni/Wage Act claim on the same day he petitioned the Court for leave to file that claim in the first place. Thus, in a classic example of placing the cart before the horse, Crawford has moved for summary judgment on a *proposed* claim that has not yet been filed or served. At the time Crawford filed the instant motion for summary judgment on the proposed Kulkarni/Wage Act claim, neither Kulkarni nor the other defendants had yet filed an opposition to Crawford's motion for leave to amend – much less filed a Second Amended Answer in the event the Court grants Crawford leave to file his Second Amended Complaint. Crawford appears to presume that his motion for leave to file a Second Amended Complaint will be granted in full.

Both common sense and the relevant case law dictate that a plaintiff may not move for summary judgment on a proposed amended complaint until *after* the plaintiff has actually been granted leave to amend by the court. See, J.E. Mamiye & Sons, Inc. v. Fidelity Bank, 813 F.2d 610, 614 (3rd Cir. 1987) ("A district court, of course, may not enter summary judgment upon a proposed amendment without first granting the motion to amend."); Morrow v. Bassman, 515 F. Supp. 587, 599 (S.D. Oh. 1981) ("Because an amended complaint has not yet been filed (leave to file same having only been presently given), the motion of Plaintiff seeking summary judgment in his favor on the proposed

6

amended complaint… must [] be considered premature."); <u>Jan Products Co. v. Mills Bros.</u>, 9 F.R.D. 26, 27 (S.D.N.Y. 1949).

Because Crawford's instant motion for summary judgment against Kulkarni on the proposed Wage Act claim was filed before this Court even considered the concurrent motion for leave to amend, that portion of Crawford's summary judgment motion should be denied as premature.

**III.   CRAWFORD'S MOTION FOR SUMMARY JUDGMENT ON HIS WAGE ACT CLAIM AGAINST CHILINSKI SHOULD BE DENIED FOR THE REASONS PREVIOUSLY ARTICULATED IN DEFENDANTS' OPPOSITION TO CRAWFORD'S EARLIER MOTION FOR SUMMARY JUDGMENT.**

Crawford's seeks summary judgment on his Wage Act claim against Chilinski. Crawford argues that inasmuch as WPS breached his Employment Contract by failing to pay him a 2001 bonus, that breach of contract also resulted in a violation of the Wage Act. Crawford argues that in the event the Wage Act was violated, Chilinski, as WPS's Chief Executive Officer at the time Crawford demanded his bonus in December 2004, is personally liable to Crawford for the unpaid bonus under the provisions of the Wage Act.

Crawford's argument for Chilinski's personal liability under the Wage Act, however, is predicated on this Court finding, first, that Crawford was entitled to a bonus for his 2001 employment and, second, that the Wage Act is applicable to Crawford's bonus. Because neither of these prerequisites to Chilinski's personal liability under the Wage Act have been satisfied, Crawford's motion for summary judgment as against Chilinski should be denied.

In their March 17, 2006 motion for summary judgment and memorandum in support thereof (docket nos. 64 and 65, respectively), defendants fully briefed the issue of

7

the inapplicability of the Wage Act to the kinds of contingent bonus compensation at issue here.

On April 7, 2006, defendants filed a memorandum of law (docket # 81) in opposition to Crawford's first motion for summary judgment (docket # 71). In their opposition to Crawford's motion for summary judgment, defendants fully briefed their argument that Crawford was not entitled to any bonus as a result of his 2001 employment with WPS because, contrary to Crawford's contention, extraordinary items were never intended to be included in EBITDA. Moreover, in the aforementioned March 17 memorandum (docket # 65), defendants also argued that the doctrines of mutual mistake and/or equitable estoppel effectively foreclosed Crawford's alleged bonus entitlement.

In the interests of judicial economy, defendants will not fully restate each of arguments summarized above. Each of those arguments, however, are incorporated herein in opposition to Crawford's motion for summary judgment on his Wage Act claim against Chilinski.

## CONCLUSION

For the foregoing reasons, plaintiff *pro se* Peter A. Crawford's Motion for Summary Judgment on his Wage Act claim against Chilinski and his proposed Wage Act claim against Kulkarni should be denied.

Dated: May 26, 2006

> Respectfully submitted,
>
> STEVEN F. CHILINSKI, and
> DEEPAK S. KULKARNI
>
> By their attorneys,
>
> /s/ Jeffrey D. Kuhn_____
> Mark Whitney (BBO #637054)
> Jeffrey D. Kuhn (BBO #662326)
> MORGAN, BROWN & JOY, LLP
> 200 State Street
> Boston, Massachusetts  02109
> (617) 523-6666

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 26, 2006, I filed the foregoing document with the Clerk of the Court using the ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing to the pro se plaintiff, Peter A. Crawford, 23 Newcastle Drive, #11, Nashua, NH  03060, by U.S. mail, on the same date.  I further certify that I sent a courtesy copy of this filing and its ECF confirmation to plaintiff at his email address petercra@ix.netcom.com on the same date.

> /s/ Jeffrey D. Kuhn
> _____