**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

PETER A. CRAWFORD,

      Plaintiff,

v.

WOLVERINE, PROCTOR & SCHWARTZ, INC.,
STEVEN F. CHILINSKI, and
DEEPAK S. KULKARNI,

      Defendants.

Civil Action No.
05-cv-10078 (DPW)

---

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO LIFT THE STAY
APPLYING TO DEFENDANT WOLVERINE, PROCTOR & SCHWARTZ, INC.**

**INTRODUCTION**

Defendant Wolverine, Proctor & Schwartz, Inc. ("WPS Inc.") submits the following memorandum of law in opposition to plaintiff *pro se* Peter A. Crawford's ("Crawford") motion to lift the stay currently in place in this action with respect to WPS Inc.

Although it was WPS Inc.'s direct successor in interest that has actually declared bankruptcy, the relevant case law is clear that where a debtor and a non-debtor share an identity of interest such that a judgment against the non-debtor is the functional equivalent to a judgment against the debtor itself, the automatic bankruptcy stay should be applicable to both entities – the precise circumstance present here. It is especially significant to note that the trustee appointed to oversee the liquidation of WPS Inc.'s successor likewise contends that the automatic stay should apply to WPS Inc. in the

instant action, as explained more fully in trustee's memorandum attached hereto as Exhibit 1.

Based on the foregoing, and those reasons more fully articulated below, WPS Inc. respectfully requests that this Court deny Crawford's motion to lift the stay currently in place.

## FACTS RELEVANT TO THIS MOTION

On January 12, 2005, Crawford commenced this action naming WPS Inc. as one of the co-defendants. [Complaint, docket entry #1]. Crawford's Amended Complaint, filed on March 13, 2006, asserts six causes of action against WPS, Inc. [Docket entry # 63]. Crawford's claims against WPS Inc. sound in breach of contract and alleged violations of the Massachusetts Weekly Payment of Wages Act, M.G.L. c. 149, § 148 (the "Wage Act"). [Id.]

Wolverine, Proctor & Schwartz, LLC ("WPS LLC") was organized in early December 2004. [*See* Statement of Undisputed Material Fact in Support of Plaintiff's Motion for Summary Judgment, ¶ 47, docket entry # 106]. During February 2005, WPS, Inc. was dissolved. [Id. at ¶ 50]. WPS LLC is the successor in interest to all of the operating assets, rights, properties and all of the liabilities and obligations of WPS Inc. [Id. at ¶ 47].

On April 1, 2006, WPS LLC filed for bankruptcy protection under Chapter 7 of Title 11 of the United States Code. On April 11, 2006, a suggestion of WPS LLC's bankruptcy was filed in this matter. [Docked entry # 87].

On April 13, 2006, this Court held a status conference at which the parties discussed, among other things, the recent bankruptcy filing of WPS LLC. At the

2

conclusion of the conference, this Court confirmed that the automatic stay was in effect as to WPS Inc.

**ARGUMENT**

I. **THE STAY IN EFFECT AS TO WPS INC. SHOULD NOT BE LIFTED BECAUSE A JUDGMENT AGAINST WPS INC. WOULD BE TANTAMOUNT TO A JUDGMENT AGAINST THE BANKRUPT ESTATE OF WPS LLC.**

Crawford's argument for lifting the stay currently in place with respect to WPS Inc. is quite simple: since it is WPS LLC that has declared bankruptcy, the automatic stay should be applicable only to that entity. Crawford's memorandum, however, ignores the well-established line of federal bankruptcy decisions which mandate that the scope of the automatic stay should include any non-debtors who share an identity of interest with the debtor such that a claim/judgment against the non-debtor is the practical equivalent of a claim/judgment against the debtor itself. Because the instant scenario is exactly that which was contemplated by the case law governing the proper scope of the automatic stay, the stay currently in place as to WPS Inc. should not be lifted.

"From the moment of case commencement until terminated by operation of law or court order, the automatic stay under 11 U.S.C. § 362(a) of the Bankruptcy Code serves as a shield to protect the 'fresh start' promised by Congress to the honest debtor and to ensure the right of similarly situated creditors to a uniform distribution of nonexempt assets." In re Christakis, 291 B.R. 9, 17 (D. Mass. 2003) (citing, Soares v. Brockton Credit Union, 107 F.3d 969, 975 (1st Cir. 1997)). "The automatic stay is among the most basic of debtor protections under bankruptcy law." Id.

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his

3

>creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

S. Rep. No. 95-989, 95th Congress, 2nd Session 54-55 (1978).

Section 362(a)(1) specifically bars "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case" under the bankruptcy code.

As Crawford points out in his memorandum, as a general rule "the automatic stay does not apply to proceedings against nondebtors." In re Metal Center, Inc., 31 B.R. 458, 462 (D. Conn. 1983). Where, however, a debtor and a nondebtor are so bound by statute or contract that liability of the nondebtor is imputed to the debtor by operation of law, then the Congressional intent to provide relief to debtors would be frustrated by permitting indirectly what is expressly prohibited in the [Bankruptcy] Code." Id. Based on the foregoing principle, a very well-developed line of federal bankruptcy cases have established precedent which holds that the scope of the automatic stay should be extended to non-debtors where an identity of interest exists between a debtor and a non-debtor such that a judgment against the non-debtor is tantamount to a judgment against the debtor. See, A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994 (4th Cir.), cert. denied, 479 U.S. 876 (1986). Because the relationship between WPS Inc. and WPS LLC is *the classic* example of an "identity of interest" where a judgment against the non-debtor is indistinguishable from a judgment against the debtor itself, the automatic bankruptcy stay with respect to WPS Inc. should remain in place.

The seminal case on expansion of the automatic stay to non-debtors is <u>A.H. Robins Co., Inc. v. Piccinin</u>. 788 F.2d 994. <u>A.H. Robins</u> arose out of a flurry of products liability lawsuits against A.H. Robins Company, which manufactured an intrauterine contraceptive device known as the "Dalkon Shield." Overwhelmed by the avalanche of actions against it, A.H. Robins filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code. Upon filing for bankruptcy, all actions against A.H. Robins were automatically stayed under section 362(a) of the Code. However, although approximately one-half of the Dalkon Shield lawsuits named A.H. Robins as the sole defendant, the others named one or more co-defendants, who were officers of the corporation.

After the suits against A.H. Robins were stayed, a number of the plaintiffs involved in suits in which there were other named defendants sought to sever their actions against their co-defendants. A.H. Robins opposed severance and instituted an adversary proceeding, seeking injunctive relief restraining the prosecution of the actions against A.H. Robins's various co-defendants.

The Fourth Circuit began its analysis of A.H. Robins's application by noting that the purpose of the automatic stay "is to protect the debtor from an uncontrollable scramble for its assets in a number of uncoordinated proceedings in different courts, to preclude one creditor from pursuing a remedy to the disadvantage of other creditors, and to provide the debtor and its executives with a reasonable respite from protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor." <u>A.H. Robins</u>, 788 F.2d at 998.

Therefore, while the Fourth Circuit was aware of the general rule that the automatic stay only applied to the debtor, it recognized that "there are cases under 362(a)(1) where a bankruptcy court may properly stay the proceedings against non-bankrupt co-defendants," but, "in order for relief for such non-bankrupt defendants to be available [] there must be 'unusual circumstances' and certainly 'something more than the mere fact that one of the parties to the lawsuit has filed [for bankruptcy protection] must be shown in order that proceedings be stayed against non-bankrupt parties." Id. at 999. The Court held that the "unusual situation" arises "when there is such an identity between the debtor and third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." Id.

The Fourth Circuit noted that "an illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case." Id. (emphasis added). In such a scenario, "to refuse application of the statutory stay [] would defeat the very purpose and intent of the statute." Id.[1]

---

[1] Furthermore, the Fourth Circuit in A.H. Robins recognized that "the statutory power of the bankruptcy court to stay action involving the debtor or its property is not [] limited to section 362(a)(1) and (a)(3) [the automatic stay provisions]." Id. at 1002. "It has been repeatedly held that 11 U.S.C. § 105, which provides that the bankruptcy court 'may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title,' 'empowers the bankruptcy court to enjoin parties other than the bankrupt' from commencing or continuing litigation." Id. (quoting, In re: Johns-Manville Corp., 26 B.R. 420, 425 (S.D.N.Y. 1983); 2 Collier on Bankruptcy §§ 362.02 and 362.05 (15th ed. 1982)). Thus, the A.H. Robins court held that section 105 "gives the court the power to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." A.H. Robins, 788 F.2d at 1003. Again quoting Johns-Manville Corp., the Fourth Circuit noted that "in an appropriate case, where the proposed extension of the stay is designed to cover actions against entities that truly are inextricably interwoven with the debtor or which affect the property of the debtor's estate, section 105 may be used" to increase the scope of the automatic stay. Id. at 1004.

6

After expounding on all of the foregoing jurisprudence, the Fourth Circuit in A.H. Robins held that the automatic stay did extend to A.H. Robins's co-defendant executives because "those defendants were entitled to indemnification by the debtor under the corporate by-laws and the statutes of Virginia, the State of the debtor's incorporation." Id. at 1007; see also, In re Family Health Services, Inc., 105 B.R. 937, 942-943 (C.D. Cal. 1989) ("A judgment against a non-debtor defendant will trigger a claim against the debtor for indemnification, thus, the debtor is the "real party defendant.").

The holding of A.H. Robins has been cited and relied upon in a number of District of Massachusetts and cases from within the First Circuit. See e.g., In re Christakis, 291 B.R. 9, 18 (D. Mass. 2003); Bernath v. Potato Services of Michigan, Inc., No. 03-22-B-S, 2003 WL 21524726, *2 (D. Me. Jun. 25, 2003); In re Apollo Molded Products, Inc., 83 B.R. 189, 191 (D. Mass. 1988).

Applying the precedent established in A.H. Robins and its progeny to the facts of this case, it is clear that this Court was correct in its determination that WPS LLC's automatic bankruptcy stay was applicable to WPS Inc. With respect to the threshold "identity of interest" inquiry, the facts of this case are more compelling that those present in A.H. Robins itself. Whereas the relationship between debtor and non-debtors in A.H. Robins was that of employer/indemnified employees, WPS LLC is the direct successor to all of WPS Inc.'s rights and *liabilities*; thus, the interests of the two entities could not be more intimately or inextricably linked. Crawford's claims against WPS Inc. are *de facto* claims against WPS LLC, since the proceeds to satisfy any judgment against WPS Inc. will necessarily be taken from WPS LLC's bankruptcy estate.

7

To allow Crawford to continue to prosecute his claims against WPS Inc. notwithstanding WPS LLC's bankruptcy will frustrate the express congressional intent of the automatic stay and the bankruptcy process, viz., an orderly disposition of WPS LLC's assets with all the creditors placed on an equal footing.  This motion represents an effort by Crawford to circumvent the bankruptcy process so as to avoid competing with WPS LLC's other creditors for a share of the company's remaining assets.  This type of mad dash for a debtor's assets is exactly what the automatic stay was designed to prevent.  In re Soares, 107 F.3d 969, 975 (1st Cir. 1997) ("This respite enable debtors to resolve their debts in a more orderly fashion [], and at the same time safeguards their creditors by preventing 'different creditors from bringing proceedings in different courts, thereby setting in motion a free-for-all in which opposing interests maneuver to capture the lion's share of the debtor's assets.'") (citing, 3 Collier on Bankruptcy, ¶ 362.03 (15th rev. ed. 1996)).

Thus, because all of Crawford's claims against WPS Inc., or any potential judgment which may arise out of those claims, will be satisfied out of the collection of assets which constitute WPS LLC's bankruptcy estate, the automatic stay currently in place with respect to WPS Inc. should be kept in place.

**II.     THE TRUSTEE APPOINTED TO OVERSEE THE BANKRUPT ESTATE OF WPS LLC URGES THIS COURT TO KEEP THE STAY IN PLACE IN THE INSTANT MATTER AS TO WPS INC.**

A copy of a memorandum of law prepared on this issue on behalf of Lynn Riley, trustee in the bankruptcy proceeding as to WPS LLC, is attached hereto as <u>Exhibit 1</u>.

## CONCLUSION

Based on the foregoing, Crawford's motion to lift the automatic stay currently in place as to WPS Inc. should be denied.

Dated: June 2, 2006

                                            Respectfully submitted,

                                            WOLVERINE, PROCTOR & SCHWARTZ, INC.,

                                            By its attorneys,

                                            <u>/s/ Jeffrey D. Kuhn</u>
                                            Mark M. Whitney (BBO #637054)
                                            Jeffrey D. Kuhn (BBO #662326)
                                            MORGAN, BROWN & JOY, LLP
                                            200 State Street
                                            Boston, Massachusetts  02109
                                            (617) 523-6666
                                            jkuhn@morganbrown.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 2, 2006, I filed the foregoing document with the Clerk of the Court using the ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing to the pro se plaintiff, Peter A. Crawford, 23 Newcastle Drive, #11, Nashua, NH  03060, by U.S. mail, on the same date.  I further certify that I sent a courtesy copy of this filing and its ECF confirmation to plaintiff at his email address petercra@ix.netcom.com on the same date.

                              /s/ Jeffrey D. Kuhn
                              Jeffrey D. Kuhn, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**In re:**                          )
                                    )
**Peter A. Crawford**               )
                                    )
    **Plaintiff**               )    Civil Action No.
                                    )    05-cv-10078 (DPW)
    **v.**                      )
                                    )
**Wolverine, Proctor & Schwartz, Inc.,**  )
**Steven F. Chilinski, and**        )
**Deepak S. Kulkarni**              )
                                    )
    **Defendant**               )
_____)

**MEMORANDUM OF LYNNE F. RILEY, CHAPTER 7 TRUSTEE OF
WOLVERINE, PROCTOR & SCHWARTZ, LLC, IN OPPOSITION TO
PLAINTIFF'S MOTION TO LIFT THE STAY APPLYING TO DEFENDANT
WOLVERINE PROCTOR & SCHWARTZ, INC.**

To the Honorable Douglas P. Woodlock, United States District Court Judge:

Lynne F. Riley, the duly appointed Chapter 7 trustee ("Trustee") of Wolverine, Proctor, & Schwartz, LLC ("Debtor"), opposes the motion ("Motion") by the Plaintiff, Peter A. Crawford ("Plaintiff") to seek to lift the stay applying to Defendant, Wolverine Proctor & Schwartz, Inc. ("WPS Inc.")

More particularly, the Motion should be denied on the grounds that

(i) The litigation is stayed under Section 362(a)(6) of the Bankruptcy Code, since it is "an act to collect, assess, or recover a claim against the debtor." By the Plaintiff's own admission, the Debtor assumed all liabilities of WPS Inc., which was then dissolved. Accordingly, this litigation in effect seeks to determine a disputed claim against the Debtor's estate. Such matters should be determined in accordance with the procedures under the Bankruptcy Code for allowance and disallowance of claims.

(ii) Such litigation is also prohibited under Section 362(a)(1), since there is "such identity" between WPS Inc. and the Debtor that the Debtor may be said to be the real party in interest and a judgment against WPS, Inc. will in

        effect be a judgment or finding against the Debtor.  See <u>A.H. Robins Company, Inc. v. Piccinin</u>, 788 F. 2d 994, 999 (4th Cir. 1986 (hereafter referred to as "<u>A.H. Robins</u>").

(iii)    Finally, such litigation is also prohibited under Section 362(a)(3) of the Bankruptcy Code as an act "to exercise control over property of the estate," since the litigation may affect both insurance contracts which are property of the estate as well as potential claims of fraudulent transfer or other actions, which the Trustee has the right and authority to pursue.

The Trustee has prepared this memorandum to assist the Court in its review of the matters and through her counsel will attend any hearing thereon to respond to any questions the Court may have.  The Trustee does not wish to become unnecessarily embroiled in other litigation by formally intervening, at the expense and to the detriment of the estate and its creditors, particularly where she views such litigation as stayed, although she is prepared to do so if the Court so requires.

In support of her opposition, the Trustee states as follows:

On April 1, 2006, Wolverine, Proctor & Schwartz LLC, the Debtor, commenced proceedings under Chapter 7 of the Bankruptcy Code ("Bankruptcy Proceedings") pending in the United States Bankruptcy Court for the District of Massachusetts, as case no. 06-01257.  Lynne F. Riley is the duly appointed, acting and qualified Chapter 7 Trustee of the bankruptcy estate of the Debtor.

Prior to the commencement of the Bankruptcy Proceedings, in February 2005, the Debtor acquired all of the assets of WPS Inc., and assumed all of the liabilities, with certain limited exceptions.  Upon the closing of the transaction, WPS Inc. was dissolved.

The Plaintiff has acknowledged that WPS Inc. was dissolved and that the liabilities were assumed by the Debtor.  In fact, he has appeared in the Bankruptcy Court, asserting that he is a creditor of the Debtor as a result of such assumption of liabilities.  The Plaintiff has appeared at court hearings, filed pleadings, and has sought to conduct Rule 2004

examinations of officers of the Debtor, all the time asserting he is a creditor of the Debtor.

Since the commencement of the Bankruptcy Proceedings, the Trustee has been required to respond to immediate and varied actions to preserve and protect the estate and to maximize the recovery for the creditors of the estate. As reflected by the numerous motions and pleadings reflected in the docket in the Bankruptcy Proceedings, in the last two months, the Trustee has responded quickly and swiftly to ensure protection of all creditors. In particular, the Trustee has been actively involved in: negotiations of the sale of the assets of the Debtor; securing and maintaining the Debtor's three facilities, operated in Merrimac, Massachusetts, Horsham, Pennsylvania, and Lexington, North Carolina; obtaining financial and other information to provide to prospective purchasers of the Debtor; negotiating and obtaining the ability to pay critical expenses, including use and occupancy, by way of use of cash collateral and borrowing; securing the assets, including negotiating regarding insurance coverage; and investigating and obtaining an injunction with respect to certain critical documents of the Debtor.

Under the Bankruptcy Code, the Trustee has the right and authority to collect the assets of the estate, which include all rights and causes of action of the Debtor. 11 U.S.C. §541. In addition, the Trustee has sole standing to pursue bankruptcy causes of action arising under Section 547 (preferences), Section 548 (fraudulent conveyances), and Section 544 (strong arm powers by which the Trustee steps in the shoes of creditor claims) of the Bankruptcy Code. 11 U.S.C. §544, 547, 548.

The automatic stay under Section 362 is intended to protect and preserve the assets of the estate for the benefit of all creditors. 11 U.S.C. §362. It protects the estate from "an uncontrollable scramble for its assets in a number of uncoordinated proceedings in

different courts" as well as "to preclude one creditor from pursuing a remedy to the disadvantage of other creditors." A.H. Robins, 788 F.2d at 998.  Both principles are equally applicable here.

Under Section 362(a)(6), the Bankruptcy Code precludes any act "to collect, assess, or recover a claim against the Debtor."  In this case, by the Plaintiff's own admission, his claims against the Debtor are solely based on his claims against WPS Inc.  His actions against WPS Inc. are intended to collect his claim against the Debtor.  This is not a case where the Plaintiff is seeking an independent claim against WPS Inc., but instead seeking to determine his very claim against the Debtor.  The Trustee and the estate should not be subject to piecemeal litigation.  Indeed, until the Trustee has completed the collection of assets, reviewed the claims, including any priority claims as well as unsecured claims, litigation over unsecured claims would be premature.  The Plaintiff may file his claim and have it determined in the Bankruptcy Court along with other creditors.

In addition, as reflected in the A.H. Robins case, the automatic stay applies where there is "complete identity" as between the defendant and the Debtor.  A.H. Robins, 788 F.2d at 998.  This is not a case of an independent third party seeking to rely on the automatic stay, as suggested by the Plaintiff.  The Debtor assumed substantially all of the liabilities of WPS Inc., which has been dissolved.  In fact, there are several pending other litigations regarding product claims which have been similarly stayed by the filing of the bankruptcy.  Accordingly, since the only true party in interest is the Debtor, the automatic stay applies.

Finally, the action should be stayed as an attempt to control property of the estate. The Debtor assumed all of the assets of WPS Inc., with a limited exclusion not relevant

4

here. Accordingly, the Trustee steps into the shoes of any corporate causes of action, including causes of action on the basis of alter ego or piercing the corporate veil for the Debtor or any other entities. See In re S.I. Acquisition, Inc., 817 F.2d 1142, 1152 (5th Cir. 1987 (corporate alter ego action belonged to estate). In addition, however, the Trustee would assume any rights in any insurance proceeds, including for director and officer liability policies. See A.H. Robins, 788 F. 2d 994, 1001. The Trustee has not completed her review to determine the extent and scope of any such causes of action, nor the extent and scope of the insurance. The Trustee should be permitted to conduct her investigation and proceed on such causes as she determines appropriate. The Plaintiff should not be entitled to an unfair advantage over other creditors by pursuing this action.

The Trustee reserves and does not waive any right to claim damages against the Plaintiff for his pursuit of actions in violation of the automatic stay.

For the foregoing reasons, the Court should find the automatic stay applies with respect to this litigation and deny the Plaintiff's Motion.

**Respectfully submitted,**

**LYNNE F. RILEY**
**CHAPTER 7 TRUSTEE**

By her counsel,

  /s/ Janet E. Bostwick
Janet E. Bostwick (BBO #050460)
Janet E. Bostwick, PC
295 Devonshire Street
Boston, MA 02110
Tel. (617) 956-2670
Fax. (617) 422-1428
Email: jeb@bostwicklaw.com

Dated: June 2, 2006