UNITED STATES DISTRICT COURT
District of Massachusetts

FILED
IN CLERKS OFFICE

2006 JUN 14  P 12: 08

Civil Action
No. 05-10078-DPW

U.S. DISTRICT COURT
DISTRICT OF MASS.

PETER A. CRAWFORD, Plaintiff    )
                                )
        v.                      )
                                )
WOLVERINE, PROCTOR & SCHWARTZ, INC.,    )
    Steven F. Chilinski, Deepak S. Kulkarni,    )
                                )
        Defendants              )

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO STRIKE
EXHIBIT 1 TO DEFENDANTS' MEMORANDUM IN OPPOSITION OF
PLAINTIFF'S MOTION TO LIFT THE STAY**

REQUEST FOR HEARING

All pending motions are scheduled for hearing on June 28, 2006 at 3:30 p.m.

Plaintiff requests that this motion be heard at that time.

ARGUMENT

**I.  THE EXHIBIT VIOLATES LOCAL RULES AND ATTEMPTS TO CIRCUMVENT
FED. R. CIV. P. 24**

Defendant Wolverine, Proctor & Schwartz, Inc. ("WPS, Inc.") has taken the

unusual step of attaching, as Exhibit 1 to its Memorandum, the Memorandum of Law of

Lynne F. Riley, Chapter 7 Trustee of Wolverine, Proctor & Schwartz, LLC, in

Opposition to Plaintiff's Motion to Lift the Stay Applying to Defendant Wolverine

Proctor & Schwartz, Inc. (hereinafter "Trustee's Memorandum") This is an attempt by

1

Ms. Riley (hereinafter the "Trustee") to evade specific rules relating to intervention and the filing of amicus curiae memoranda, and is specifically prohibited by the Local Rules.

Local Rule 7.1(b)(2) states that "[a]ffidavits and other documents setting forth or evidencing facts on which the opposition is based shall be filed with the opposition." Local Rule 7.1(b)(3) provides that "[a]ll other papers... may be submitted only with leave of court." But a review of the Trustee's Memorandum reveals that it advances legal arguments, and although it purports also to set forth some facts, it is not an affidavit or documentary evidence so doing as contemplated by Local Rule 7.1(b)(2). On this basis alone, the Trustee's Memorandum must be stricken.

Furthermore, the Trustee's Memorandum is an attempt to circumvent the requirements of Fed. R. Civ. P. 24(c) which requires that a motion, stating "the grounds therefor," must be filed before intervention may be permitted. Instead, the Trustee seeks the benefits of intervention, but does "not wish to become unnecessarily embroiled" and thus does not seek to formally intervene. Trustee's Memorandum at 2. Furthermore, the Trustee would not meet any of the grounds for intervention, as she does not, and cannot, demonstrate that her rights as Trustee of the debtor, Wolverine, Proctor & Schwartz, LLC (hereinafter the "Debtor") would in any way be affected by this action.

## II. THE TRUSTEE HAS NO INTEREST IN THIS CASE AND ANY RULING IN IT WOULD NOT AFFECT THE DEBTOR OR ITS ESTATE

While she alleges that the plaintiff's "actions against WPS, Inc. are intended to collect his claim against the Debtor," she provides no support for that contention. See Trustee's Memorandum at 4. Nothing in her argument supports that contention, and she submits no legal argument that a judgment against WPS, Inc. would bind the trustee in any way. See Plaintiff's Opposition to Defendant Steven Chilinski's Motion to Apply the

2

Automatic Stay to All Claims Pending Against him in this Action (hereinafter "Plaintiff's Chilinski Opposition") at 12, In re Metal Center, 31 B.R. 458, 463 (Bkrtcy. D. Conn. 1983) (debtor in bankruptcy not bound by res judicata as the automatic stay permits it to decline to join litigation in a non-bankruptcy forum).

While the Trustee makes much of the fact that the plaintiff has participated in the bankruptcy proceedings, and that he takes at face value representations that the Debtor has assumed WPS, Inc.'s liabilities, she ignores the fact that under general principles of contract law the assignor of any contract remains liable. The fact that WPS, Inc. may have been dissolved has no effect upon its ability to be sued, and under Delaware law it continues to exist and may possess assets while it is being wound up. See Del. Code Ann. tit. 8 §278. While it might be true that WPS, Inc. has no assets, the plaintiff has no way of knowing that. The Trustee has specifically refused to provide the plaintiff with documents that might shed light upon the February 2005 transaction in which the assets and liabilities of WPS, Inc. were purportedly transferred to the Debtor. In fact, the Trustee admits that not all of the assets were transferred. Trustee's Memorandum at 4. Furthermore, it appears that the 49% ownership interest in Wolverine, Proctor & Schwartz, Limited (a third entity using the WPS name that has approximately $18 million in annual revenues and is continuing in business in the U.K.) was in fact directly transferred by WPS, Inc. to Phoenix UK, LLC, an entity controlled by defendant Kulkarni. Thus, the plaintiff may have fraudulent transfer claims that in no way relate to the Debtor that could permit him to collect a judgment against WPS, Inc. Furthermore, notwithstanding any alleged lack of assets by WPS, Inc., under Del. Code Ann. tit. 8

§325(b), it might be necessary for the plaintiff to first obtain a judgment against WPS, Inc. before being able to proceed against its officers, directors or stockholders[1].

To be permitted to intervene in the absence of statutory authorization, the Trustee would need both to demonstrate that her interest would be impaired and impeded, and that existing parties are not providing adequate representation. See Fed. R. Civ. P. 24(a), Moore's Federal Practice 3d §24.03[1][a], New York News, Inc. v. Kheel, 972 F.2d 482, 485 (2nd Cir. 1992). Nor has the Trustee argued that there is any question of law or fact in common that might justify intervention pursuant to Fed. R. Civ. P. 24(b). Any discretionary intervention at this late stage would likely delay the proceedings and prejudice the plaintiff.

Nor can the Trustee's Memorandum be permitted on the grounds that she is acting as an amicus curiae, as she seeks to inject into this case factual and legal issues that have not been presented by the parties. See 4 Am. Jur. 2d Amicus Curiae §7. Specifically, the Trustee argues that 11 U.S.C. §362(a)(3) prohibits the plaintiff from asserting an "alter ego action" involving the Debtor, an issue not raised by defendants.

III. THE TRUSTEE LACKS STANDING TO STEP INTO THE PLAINTIFF'S SHOES TO BRING AN ACTION BASED UPON PIERCING THE CORPORATE VEIL

Other than the alter ego issue, Trustee's Memorandum is largely a rehash of the unpersuasive arguments already advanced by defendants, that have been addressed in Plaintiff's Chilinski Opposition and in Plaintiff's Memorandum in Support of his Motion to Lift the Stay Applying to Defendant Wolverine, Proctor & Schwartz, Inc. Specifically, she relies largely upon A.H. Robins Company, Inc. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986), but fails to address at all (as do defendants), the binding precedent of Austin

---

[1] It is unclear whether or not this statute would apply as it appears to relate only to causes of action specifically authorized by Delaware law.

4

v. Unarco Industries, Inc., 705 F. 2d 1, 4-5 (1st Cir. 1983) which clearly provides that the automatic stay does not apply to any entity other than the debtor.

The Trustee's citation of In re S.I. Acquisition, Inc., 817 F.2d 1142 (5th Cir. 1987), in arguing that this action is an attempt to "control property of the estate" is unavailing. In essence, the Trustee is arguing that the plaintiff cannot continue the prosecution of other causes of action against the sole member (similar to shareholder) of the Debtor, Mr. Kulkarni, because she has a right to "step[] into the shoes of any corporate causes of action…" Trustee's Memorandum at 5.

Leaving aside the issue that the expression "step into the shoes" makes sense only in the context of entities, not causes of action, the logic of S.I. Acquisition has been rejected in this circuit, and is directly contrary to Supreme Court precedent. In Caplin v. Marine Midland Grace Trust Co., 406 U.S. 416 (1972), the Supreme Court rejected an attempt by a bankruptcy trustee to assert rights on behalf of a bankrupt corporation's creditors, as opposed to rights that belonged to the corporation itself, making it clear that the shoes into which a bankruptcy trustee may step are only those of the debtor itself, and not those of any creditors. The Trustee's arguments regarding dissipation of the assets of the estate notwithstanding, the Bankruptcy Code simply contains no provision to permit a bankruptcy trustee to step into the shoes of the plaintiff, or indeed, any other creditor, as she indicates that she may attempt to do.

Whether or not "alter ego causes of action" even exist is highly doubtful. See 18 Am. Jur. 2d Corporations §47 ("… an attempt of a third party to pierce the corporate veil does not constitute a cause of action independent of that against the corporation; rather, it is an assertion of facts and circumstances that will persuade the court to impose the

corporate obligations on its owners."). See also 1 Fletcher Cyclopedia of the Law of

Private Corporations (1999) (hereinafter "Fletcher") §41.28 (attempt to pierce corporate

veil is not itself a cause of action, but is a means of imposing liability).

The First Circuit has made clear the distinction between the shoes of a debtor and

those of creditors. See In re Rare Coin Galleries of America, Inc., 862 F.2d 896, 900-901

(1st Cir. 1988) (trustee has no power to assert any claim on behalf of the creditors when

the cause of action belongs solely to them). Furthermore, the First Circuit has

specifically stated that the alter ego doctrine (as opposed to cause of action), can only be

asserted "where equity requires the action to assist a third party." McCarthy v. Azure, 22

F.3d 351, 363 (1st Cir. 1994). See also Liston v. Gottsegen (In Re Mi-Lor Corp.), 348

F.3d 294, 301 (1st Cir. 2003) (bankruptcy trustee may stand in shoes of corporation only

when continuing the corporation's cause of action).

Determining that a Texas corporation could pierce its own veil was a necessary

step in the reasoning in S.I. Acquisition. See S.I. Acquisition at 1152. However, the

Debtor is a Delaware LLC, and there is no indication that Delaware law would permit a

corporation to pierce its own veil. See Pauley Petroleum Inc. v. Continental Oil

Company, 239 A.2d 629, 633 (Del. 1968) (corporate entities may be disregarded upon

proper showing); M.G.L. c. 156C §47 (liability of members of foreign LLC is governed

by the law of the jurisdiction where organized). Nothing in Pauley Petroleum or any of

the other Delaware case law indicates that a corporate entity may itself assert the alter

ego or veil piercing doctrine. See also 18 Am. Jur. 2d Corporations §49 ("[g]enerally, the

corporate veil is never pierced for the benefit of the corporation or its stockholders; the

procedure is only permissible against a purported stockholder who is using the corporate

veil to defraud… a corporation may not bring an alter ego action against its parent shareholder, thereby piercing its own corporate veil.")

In McCarthy at 363, this principle was accepted. The alter ego "doctrine can be invoked 'only where equity requires the action to assist a third party.'" While, McCarthy did not arise in the bankruptcy context, the First Circuit in that case cited with approval In re Rehabilitation of Centaur Ins. Co., 606 N.E.2d 291, 296 (Ill. App. Ct. 1992) for the proposition that a corporation may not pierce its own veil and that the remedy lies solely with third parties. While Centaur was a rehabilitation (similar to receivership) case, rather than one in bankruptcy, the provisions of Illinois law were closely analogous to those of the Bankruptcy Code. The rehabilitator (similar to trustee in bankruptcy) sought to act as a representative of the company and its creditors. Centaur at 294. Like the Bankruptcy Code, nothing in Illinois law permitted the rehabilitator to assert causes of action that belonged to creditors. Centaur at 295. Therefore, the rehabilitator lacked standing to pursue an alter ego claim on behalf of a creditor. Centaur at 296. Compare Ill. Rev. Stat. 1987 c. 73 par. 803 and 11 U.S.C. §541(a)(1).

A similar result was reached in In re Crowe Rope Industries, LLC, 307 B.R. 1, 14 (Bkrtcy. D. Me. 2004), in which a bankruptcy trustee's attempt to pierce the corporate veil was rejected and the claim dismissed. See the well-reasoned and thorough analysis denying bankruptcy trustees the right to bring veil piercing actions in Mixon v. Anderson (In re Ozark Restaurant Equipment,Co.), 816 F.2d 1222 (8th Cir. 1987), cert denied, 484 U.S. 848 (1987). See also Spartan Tube and Steel, Inc. v. Himmelspach (In re RCS Engineered Prods. Co.), 102 F.3d 223 (6th Cir. 1996) (alter ego cause of action against parent corporation does not exist under Michigan law and cannot be brought by

bankruptcy trustee).  See also Rodolakis v. Shadduck (In re Shadduck), 208 B.R. 1, 12

(Bkrtcy. D. Mass. 1997)  (rejecting bankruptcy trustee's attempt to step into the shoes of

creditors to pursue claims against the debtor's IRA); Murphy v. Robinson (In re Ipswich

Bituminous Concrete Products, Inc.), 79 B.R. 511, 520 (Bkrtcy. D. Mass. 1987) (denying

judgment for bankruptcy trustee on veil piercing theory in part because no Massachusetts

cases supported piercing of the corporate veil by the corporation itself).

The Trustee, in her memorandum, has ignored the universal rejection of the

doctrine that she advances by courts within the First Circuit, instead suggesting that this

Court look to another circuit's opinion for precedent.  But, even the other circuits are split

on the issue (if indeed it is a split, as opposed to the application of laws varying by state),

and none of the cases addressed at the Court of Appeals level have specifically dealt with

the key issue of whether Delaware law permits a corporation to pierce its own corporate

veil.  Indeed, the Trustee has ignored a case, decided less than a year ago, in which she

was the plaintiff, that highlighted the varying results on this issue obtained by different

Circuit Courts of Appeal applying varying state laws.  See Riley v. Decoulos (In re

American Bridge Products, Inc.), 328 B.R. 274, 230 n. 324 (Bkrtcy. D. Mass. 2005).

Veil piercing actions belong to creditors in part because they depend upon facts

that are specific to each individual creditor's case.  The plaintiff's potential claim against

defendant Kulkarni applying the veil piercing doctrine relies upon facts that are specific

to the plaintiff and which do not apply to the vast majority of the creditors of the Debtor.

The plaintiff's claim arose in 2002, before the Debtor was even formed, and suit on it was

filed in January 2005, before the assets of WPS, Inc. were transferred to the Debtor.  The

plaintiff, unlike the majority of other creditors, had no opportunity to evaluate the

8

Debtor's creditworthiness before having his contract apparently assigned to it. Rather, the Debtor has allegedly assumed the liability of WPS, Inc. under a contract entered into by the plaintiff in 2000. He is being forced to rely upon a bankrupt Debtor for payment solely because a recapitalization in February 2005 purportedly stripped WPS, Inc. of its assets and, he plaintiff alleges, left its successor, the Debtor, with unreasonably small capital. See 18 Am. Jur. 2d Corporations §53 (veil piercing determination is heavily fact specific).

Simply put, the Trustee seeks to place herself in the shoes not only of the Debtor, but also of any creditor of the Debtor that might seek to assert a claim against an entity or person that she might also at some point also seek to sue. Furthermore, she seeks to stay any action by such creditors. She relies upon 11 U.S.C. §544 to support her position, but nothing in that statute provides that the Trustee shall have the exclusive right to bring the causes of action that it permits. Furthermore, the Trustee's position is directly contrary to the Supreme Court's binding precedent in Caplin. When given the opportunity in 1977 and 1978 to overrule Caplin and provide trustees with the power that the Trustee now seeks to assert, Congress rejected that attempt. See Rodolakis at 7-10, Mixon at 1227-1228 (discussing the rejected 11 U.S.C. §544(c) that would have given the Trustee the power that she attempts to assert).

Respectfully submitted,

Peter A. Crawford, pro se
23 Newcastle Dr. #11
Nashua, NH 03060
(603)888-4574

Date: 13 June 2006

## Affidavit of Service

I, Peter A. Crawford, plaintiff, hereby say and depose, under pains and penalties of perjury, that I this day served the within papers upon defendants' attorney, by causing copies thereof to be mailed, first class postage prepaid, to Mark Whitney, Morgan Brown & Joy, 200 State St., Boston, MA 02109.

Date: 13 June 2006