UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

───────────────────────────────────────────────

PETER A. CRAWFORD,

        Plaintiff,

v.

WOLVERINE, PROCTOR & SCHWARTZ, INC.,
STEVEN F. CHILINSKI, and
DEEPAK S. KULKARNI,

        Defendants.

───────────────────────────────────────────────

Civil Action No.
05-cv-10078 (DPW)

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE BANKRUPTCY TRUSTEE'S MEMORANDUM SUBMITTED IN OPPOSITION TO PLAINTIFF'S MOTION TO LIFT THE AUTOMATIC BANKRUPTCY STAY

Defendants Wolverine, Proctor & Schwartz, Inc. ("WPS Inc."), Steven F. Chilinski and Deepak S. Kulkarni ("Kulkarni") (collectively, the "defendants") hereby submit the following memorandum of law in opposition to plaintiff *pro se* Peter A. Crawford's ("Crawford") motion to strike the memorandum of law submitted by Lynn F. Riley in opposition to plaintiff's earlier motion to lift the automatic bankruptcy stay applicable to defendant WPS Inc. Ms. Riley is the court-appointed trustee for the Chapter 7 bankruptcy estate of Wolverine, Proctor & Schwartz, LLC ("WPS LLC"), successor in interest to defendant WPS Inc.

For the reasons fully articulated below, defendants request that this Court deny Crawford's Motion to Strike the memorandum of the Chapter 7 bankruptcy trustee submitted in opposition to Crawford's motion to vacate the automatic stay.

**ARGUMENT**

**THERE IS NO BASIS TO STRIKE THE BANKRUPTCY TRUSTEE'S MEMORANDUM SUBMITTED IN OPPOSITION TO CRAWFORD'S MOTION TO LIFT THE AUTOMATIC BANKRUPTCY STAY AS APPLIED TO DEFENDANT WPS.**

Following WPS LLC's Chapter 7 bankruptcy filing in early April 2006, this Court ordered on April 13 that WPS LLC's automatic bankruptcy stay was applicable in this action to defendant WPS Inc. The bankrupt WPS LLC is the successor in interest to WPS Inc. with respect to any liability that could result against WPS Inc. in the instant action. Following the Court's order, on May 8, 2006, Crawford filed a motion (docket # 107) to lift the automatic bankruptcy stay currently in place with respect to WPS Inc. WPS Inc. filed its opposition to Crawford's motion to lift the bankruptcy stay on June 2, 2006 (docket # 120). Included as an exhibit to WPS Inc.'s opposition was a memorandum from Lynne F. Riley, the court-appointed Chapter 7 trustee of WPS LLC's bankruptcy estate (the "Trustee"). Crawford now moves to strike the Trustee's memorandum.

As a basis for his motion to strike, Crawford cites the language in Local Rule 7.1(b)(2). 7.1(b)(2) reads as follows:

> A party opposing a motion, shall file an opposition to the motion… and in the same (rather than a separate), document a memorandum of reasons, including citation of supporting authorities, why the motion should not be granted.

It is unclear from Crawford's memorandum in what manner he believes the Trustee's memorandum runs afoul of 7.1(b)(2).

Clearly, the Trustee of WPS LLC's bankrupt estate has a significant interest in this litigation inasmuch as it represents a dispute between WPS LLC's predecessor-in-

interest and a potential creditor, which may have a considerable effect on the assets of the bankrupt estate. Where motion practice threatens to vacate the automatic stay so as to give one potential creditor (Crawford) an improper priority in the distribution of WPS LLC's assets, the Trustee's interest in informing this Court as to her position becomes even more compelling.

Even if this Court credits Crawford's strained interpretation of the Local Rules, this Court has made it clear in scheduling further hearings in this matter and requesting that the Trustee attend with her counsel that it is interested in hearing what the Trustee has to say with regard to the application of the automatic stay in the instant case. Crawford's attempts to use this Court's own Local Rules to dictate who may or may not be heard from on that issue should be rejected. See, NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 6 (1st Cir. 2002) ("We have recognized that 'district courts enjoy broad latitude' in adopting and administering such local rules."); Ramsdell v. Bowles, 64 F.3d 5, 7 (1st Cir. 1995) (acknowledging the district court's "great leeway in the application and enforcement of its local rules.")

## CONCLUSION

Based on the foregoing, Crawford's motion to strike the Trustee's memorandum submitted in opposition to Crawford's motion to vacate the automatic stay should be rejected.

Dated: June 27, 2006

        Respectfully submitted,

        WOLVERINE, PROCTOR &
        SCHWARTZ, INC.,
        STEVEN F. CHILINSKI, and
        DEEPAK S. KULKARNI

        By their attorneys,

        /s/ Jeffrey D. Kuhn_____
        Mark Whitney (BBO #637054)
        Jeffrey D. Kuhn (BBO #662326)
        MORGAN, BROWN & JOY, LLP
        200 State Street
        Boston, Massachusetts   02109
        (617) 523-6666

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 27, 2006, I filed the foregoing document with the Clerk of the Court by using the ECF system. I further certify that I mailed the foregoing document to plaintiff *pro se* Peter A. Crawford, 23 Newcastle Drive #11, Nashua, New Hampshire 03060 by U.S. mail, on this 27th day of June 2006.

        /s/ Jeffrey D. Kuhn

4