```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS


PETER A. CRAWFORD,                  )
          Plaintiff,                )
                                    )    CIVIL ACTION NO.
     v.                             )    05-10078-DPW
                                    )
WOLVERINE, PROCTOR & SCHWARTZ,      )
INC., STEVEN F. CHILINSKI, AND      )
DEEPAK S. KULKARNI,                 )
          Defendants.               )
```

MEMORANDUM AND ORDER
July 21, 2006

Certain essential elements of plaintiff's various claims against the defendants in this litigation are now before the Bankruptcy Court considering a Chapter 7 proceeding regarding the corporate defendant's successor. The bankrupt successor entity appears to have assumed the liabilities of the corporate defendant before me. Thus, a judgment in this case would arguably become an obligation of the bankrupt. Moreover, it appears that an indemnification agreement between defendant Chilinski and the corporate defendant would make any separate judgment against Chilinski an obligation of the bankrupt. Finally, the claims against defendant Kulkarni turn upon his

authority to take action on behalf of the corporate defendant. The question of that authority is a matter that can be affected by decisions of the Trustee to ratify--or at least not to challenge--actions by defendant Kulkarni. In short, matters at the core of the administration of the bankrupt estate are also being presented in this litigation for resolution.

Whether or not the bankrupt and the corporate defendant are, for purposes of the bankruptcy proceeding, virtually identical, it is apparent that the proceedings in this court and the bankruptcy court overlap, creating the potential for duplicative and potentially inconsistent judgments. Given the animating concerns of the automatic stay imposed in bankruptcy cases and the interests of judicial economy, I have determined to stay these proceedings regarding related parties to permit orderly resolution of issues in the Bankruptcy Court. My purpose is to permit the Bankruptcy Court full and unfettered authority in the first instance to address all issues necessary to a resolution of the bankruptcy case. In this connection, the Bankruptcy Court should feel free to fashion discovery as it considers appropriate

without regard for prior orders such as the protective order issued by me in this litigation.  By the same token, the Bankruptcy Court should feel free to lift the automatic stay if that seems appropriate to permit the litigation to proceed in this court.  Throughout, the Bankruptcy Court's determinations should be governed solely by its view of what path is best for the fair and expeditious resolution of the bankruptcy proceeding, which I anticipate will resolve the matters at issue in this case.  To the degree further proceedings may become necessary in this court, they can await the time considered most propitious by the Bankruptcy Court.  To conserve judicial resources, I direct that any appeals from the Bankruptcy Court to this court be assigned to this session as related cases.

    Consequently, I hereby DENY, without prejudice, all outstanding motions, except the motion (No. 109) to Amend the Amended Complaint Further which, as I indicated at the June 28, 2006 status conference in this matter, is DENIED on the merits.  And in accordance with my standing procedural order when a pertinent suggestion of bankruptcy has been filed with this Court,

It is hereby ORDERED that the above-entitled action be, and it hereby is, administratively closed without prejudice to any party moving to restore it to the docket if any further action is required as a result of action in the bankruptcy proceedings.


```
                         /s/ Douglas P. Woodlock
                         DOUGLAS P. WOODLOCK
                         UNITED STATES DISTRICT JUDGE
```